**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| **GAYL WEINMANN, Individually and for Others Similarly Situated,**<br>Plaintiff<br><br>v.<br><br>**CONTRACT LAND STAFF, LLC,**<br>Defendant | Case No. 2:22-CV-1140<br><br>**Jury Trial Demanded**<br><br>**Collective Action (29 U.S.C. § 216(b))**<br><br>**Class Action (Fed. R. Civ. P. 23)** |

**ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT**

### I. SUMMARY

1. Plaintiff Gayl Weinmann (Weinmann) brings this hybrid class and collective action under Fed. R. Civ. P 23 and 216(b) of the FLSA to recover unpaid overtime wages and other damages from Defendant Contract Land Staff, LLC (CLS) individually and on behalf of all others similarly situated under the under the Fair Labor Standards Act (FLSA), the Pennsylvania Minimum Wage Act (PMWA), and the Illinois Minimum Wage Law (IMWL). *See* 29 U.S.C. § 201 *et seq.*; 43 Pa. Stat. Ann. § 333.104; and 820 ILCS 105/1 *et seq*.

2. Weinmann worked for Defendant under a variety of job titles, including Right of Way Agent.

3. Weinmann and the Class Members (as defined below) regularly worked more than 40 hours a week.

4. But the Class Members never received overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of receiving overtime as required by the FLSA, PMWA, and the IMWL, these workers received a flat amount for each day worked (a "day rate") without overtime compensation.

6. Weinmann and the Class Members never received a guaranteed salary while receiving

a day rate.

7. This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II.     JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b). Additionally, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Empyrean operates in this District and Division and because a substantial portion of the events giving rise to this action occurred in this District.

## III.    THE PARTIES

10. Weinmann was employed by Defendant from July 2010 until October 2019.

11. Throughout their employment with Defendant, Weinmann was paid a day rate with no overtime compensation.

12. Weinmann brings this action individually and on behalf of all other similarly situated Right of Way Agents who were paid through Defendant's day rate system in violation of the FLSA, PMWA, and the IMWL (collectively referred to as the Class Members).

13. Each of these workers received a flat amount for each day worked and did not receive overtime for hours worked in excess of 40 in a workweek in accordance with the FLSA, PMWA, and the IMWL.

14. The collective of similarly situated workers—or FLSA Class Members sought to be certified is defined as follows:

> **All Right of Way Agents who worked for, or on behalf of, CLS who were paid a day rate with no overtime in the past three years. (FLSA Class Members).**

15. Weinmann also seeks class certification of a class under Fed. R. Civ. P. 23 under the

PMWA, defined as follows:

> **All Right of Way Agents who worked for, or on behalf of, CLS who were paid a day rate with no overtime in the past three years in Pennsylvania (PA Class Members).[1]**

16. Weinmann also seeks class certification of a class under Fed. R. Civ. P. 23 under the IMWL, defined as follows:

> **All Right of Way Agents who worked for, or on behalf of, CLS who were paid a day rate with no overtime in the past ten years in Illinois (IL Class Members).**

17. The Class Members are easily ascertainable from Defendant's business and personnel records.

18. Contract Land Staff, LLC is a Delaware corporation and may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

### IV.    COVERAGE UNDER THE FLSA, PMWA, AND IMWL

19. At all times hereinafter mentioned, CLS has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all times hereinafter mentioned, CLS has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all times hereinafter mentioned, CLS has been an employer within the meaning of the PMWA and the IMWL.

---

[1] The PMWA applies to Pennsylvania workers, regardless of the state in which the work is performed. *Truman v. DeWolff, Boberg & Assocs., Inc.*, No. 07-01702, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009) ("In light of the FLSA's explicit rec
ognition that states may offer greater protections to its employees than the FLSA, we are reluctant to find an unstated foreign-work exemption in the PMWA based solely on the fact that the FLSA contains such an exemption."). Courts apply a five-factor test for purposes of the PMWA and WPCL to determine whether workers are based in Pennsylvania, which include (1) Employer's headquarters; (2) Employee's physical presence working in Pennsylvania; (3) Extent of employee's contact with Pennsylvania Employer, *i.e.* reporting, direction, supervision, hiring, assignment, and termination; (4) employee's residence; and (5) Employee's ability to bring their claim in another forum. *See Matthews v. BioTelemtry, Inc.,* No. CV 18-561, 2018 WL 3648228, at *3 (E.D. Pa. July 31, 2018).

22. At all times hereinafter mentioned, CLS has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all times hereinafter mentioned, CLS has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

24. At all times hereinafter mentioned, Plaintiff and the Class Members were engaged in commerce or in the production of goods for commerce.

25. At all times hereinafter mentioned, CLS has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. At all times hereinafter mentioned, CLS has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

27. At all times hereinafter mentioned, CLS has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

28. At all times hereinafter mentioned, Plaintiff and the Class Members were engaged in commerce or in the production of goods for commerce.

## V.     FACTS

29. CLS is an independent right of way and land management consulting company that provides Right of Way project management, title, permitting & acquisition, employee training, staffing, and regulatory consultation regarding FERC.[2]

30. CLS operates throughout the United States, including Pennsylvania and Illinois. To complete its business objectives, CLS hires workers, such as Weinmann, to perform right of way services.

31. These workers make up the proposed collective of the Class Members. While exact job titles and job duties may differ,[3] these employees are subjected to the same or similar illegal pay practices for similar work.

32. Weinmann is one of these employees who performed right of way services.

33. Weinmann worked for Defendant from July 2010 until October 2019.

34. Throughout their employment with CLS, CLS paid Weinmann on a day rate basis.

35. Weinmann and the Class Members work for CLS under its day rate pay scheme.

36. Weinmann and the Class Members do not receive a salary.

37. If Weinmann and the Class Members did not work, they did not get paid.

38. Weinmann and the Class Members receive a day rate.

39. Weinmann and the Class Members do not receive overtime pay.

40. This is despite the fact Weinmann and the Class Members often worked ten or more hours a day, for 5 days a week, for weeks at a time.

41. For example, Weinmann received a day rate for each day he worked for CLS.

42. Although he typically worked five days a week, for ten or more hours a day, he did not

---

[2] *See* http://www.contractlandstaff.com/ (last visited July 25, 2022).
[3] Other related job titles include: Landman, Acquisition Agent, Title Abstracter, and Land Agent.

receive any overtime pay.

43. Weinmann and the Class Members received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

44. Weinmann and the Class Members do not, and never have, received guaranteed weekly compensation from CLS irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

45. Weinmann and the Class Members work in accordance with the schedule set by CLS and/or its clients.

46. Weinmann's work schedule is typical of the Class Members.

47. CLS controls Weinmann and the Class Members' pay.

48. Likewise, CLS and/or their clients control Weinmann and the Class Members' work.

49. CLS requires Weinmann and the Class Members to follow CLS and/or its clients' policies and procedures.

50. Weinmann and the Class Members' work must adhere to the quality standards put in place by CLS and/or its clients.

51. Weinmann and the Class Members are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

52. As a Right of Way Agent, Weinmann was responsible for reviewing public records to determine property ownership, adhering to safety standards and procedures, documenting communication with landowners, and reviewing easements.

53. All of CLS's Class Members perform similar duties, including reviewing easement agreements and proof of title, ensuring work is done according to established safety guidelines, specifications, and restrictions.

54. Weinmann and the Class Members provide documents related to land acquisition and easement agreements to CLS (and/or its clients') personnel.

55. At all relevant times, CLS and/or their clients maintained control over Weinmann and the Class Members via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

56. Weinmann and the Class Members do not have the power to hire or fire any employees.

57. Weinmann's working relationship with CLS is similar CLS's relationship with its other Class Members.

58. CLS knew Weinmann and the Class Members worked more than 40 hours in a week.

59. Defendant's failure to pay overtime to Weinmann and the Class Members was, and is, a willful violation of the FLSA, PMWA, and the IMWL.

### VI. COLLECTIVE & CLASS ACTION ALLEGATIONS

60. Weinmann brings their claim under the FLSA as a collective action, as well as the PMWA and IMWL as a class action. The Class Members are similarly situated to Weinmann in all relevant respects.

61. The Class Members were victimized by Defendant uniform day rate pay policy which is in violation of the FLSA, PMWA, and the IMWL.

62. Other Class Members worked with Weinmann and indicated they were paid in the same manner (day rate without overtime).

63. Other Class Members worked with Weinmann, and they performed similar right of way services for Defendant.

64. Indeed, other Class Members worked with Weinmann, and, regardless of their precise job title, their job duties were to perform right of way services in accordance with Defendant's policies, procedures, plans, and regulations.

65. Based on their experiences with Defendant, Weinmann is aware that Defendant's illegal day rate pay plan was imposed on the Class Members.

66. The Class Members are similarly situated in all relevant respects.

67. Even if their precise job duties varied somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

68. All the Class Members were paid a day rate without overtime.

69. All of the Class Members worked for Defendant in Pennsylvania and/or Illinois amd were based out of Pennsylvania and/or Illinois while they worked for Defendant.

70. The illegal day rate pay plan that Defendant imposed on Weinmann was likewise imposed on all Class Members.

71. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA, PMWA, and the IMWL.

72. The Class Members were similarly denied overtime when they worked more than 40 hours per week.

73. The overtime owed to Weinmann and the Class Members will be calculated using the same records.

74. The overtime owed to Weinmann and the Class Members will be calculated using the same formula.

75. Weinmann's experiences are therefore typical of the experiences of the Class Members.

76. The specific job titles or precise job locations of the various members of the class do not prevent a class action.

77. Weinmann has no interest contrary to, or in conflict with, the Class Members that would prevent a class action.

78. Like each Class Member, Weinmann has an interest in obtaining the unpaid overtime wages owed under the FLSA, PMWA, and the IMWL.

79. A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

80. Absent a class action, many Class Members will not obtain redress of their injuries.

81. Absent a class action, Defendant will reap the unjust benefits of violating the PMWA & IMWL.

82. Further, even if some of the Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

83. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Class Members, as well as provide judicial consistency.

84. The questions of law and fact that are common to each Class Member predominate over any questions affecting solely the individual members.

85. Among the common questions of law and fact are:

   a. Whether Defendant's decision to pay a day rate with no overtime compensation violated the FLSA;

   b. Whether Defendant's decision to pay a day rate with no overtime compensation violated the PMWA;

   c. Whether Defendant's decision to pay a day rate with no overtime compensation violated the IMWL;

   d. Whether Defendant's decision to pay a day rate with no overtime compensation to these workers was made in good faith; and

   e. Whether Defendant's illegal pay practice applied to all Class Members.

86. Weinmann and the Class Members sustained damages arising out of Defendant's illegal and uniform compensation policy.

87. Weinmann knows of no difficulty that will be encountered in the management of this

litigation that would preclude its ability to go forward as a class action.

88. Defendant is liable under the PMWA & IMWL for failing to pay overtime to Weinmann and the Class Members.

89. Consistent with Defendant's illegal day rate pay plan, Weinmann and the Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

90. As part of their regular business practices, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the PMWA & IMWL with respect to Weinmann and the Class Members.

91. Defendant's illegal day rate pay plan deprived Weinmann and the Class Members of the premium overtime wages they are owed under Pennsylvania law.

92. Defendant was aware, or should have been aware, that the PMWA & IMWL required them to pay Weinmann and the Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

93. There are at least 100 similarly situated Class Members who have been denied overtime pay during the relevant time period in violation of the FLSA, PMWA, and IMWL who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

94. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

### VII. VIOLATIONS OF THE FLSA

95. Weinmann brings this claim under the FLSA as a collective action.

96. By failing to pay Clark and those similarly situated to him overtime at one-and-one-half times their regular rates, CLS violated the FLSA's overtime provisions.

97. As set forth herein, CLS has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

98. CLS knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Weinmann and the Class Members overtime compensation. CLS' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

99. Accordingly, Weinmann and the Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorneys' fees and costs.

100. Weinmann and the Class Members are entitled to recover their unpaid overtime compensation, liquidated damages, reasonable attorney's fees, costs, and expenses of this action from CLS.

### VIII. Violations of the PMWA

101. Weinmann brings this claim under the PMWA as a class action.

102. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

103. At all relevant times, Defendant was subject to the requirements of the PMWA.

104. At all relevant times, Defendant employed Weinmann and each Class Member with Pennsylvania state law claims as an "employee" within the meaning of the PMWA.

105. The PMWA covers and applies to all Class Members working in and based out of Pennsylvania, including Weinmann, even if those Class Members worked in states others than

Pennsylvania. *See Truman v. DeWolff, Boberg & Assocs., Inc.*, No. CIV. 07-01702, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009).

106. Weinmann and the Class Members all worked for Defendant in Pennsylvania and/or were based out of Pennsylvania while working for Defendant.

107. The PMWA requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 in any one week. Weinmann and the Class Members are entitled to overtime pay under the PMWA.

108. Defendant had a policy and practice of not paying a guaranteed salary to Weinmann and each Class Member.

109. Weinmann and each Class Member seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

110. Weinmann and each Class Member also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the PMWA.

## IX. VIOLATIONS OF THE IMWL

111. Weinmann brings this claim under the IMWL as a class action.

112. The conduct alleged violates the IMWL (820 ILCS 105/1 et seq.).

113. At all relevant times, Defendant was subject to the requirements of the IMWL.

114. At all relevant times, Defendant employed Weinmann and each Class Member with Pennsylvania state law claims as an "employee" within the meaning of the IMWL.

115. The IMWL covers and applies to all Class Members working in and based out of Pennsylvania, including Weinmann, even if those Class Members worked in states others than Pennsylvania. *See Truman v. DeWolff, Boberg & Assocs., Inc.*, No. CIV. 07-01702, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009).

116. Weinmann and the Class Members all worked for Defendant in Illinois while working for Defendant.

117. The IMWL requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 in any one week. Weinmann and the Class Members are entitled to overtime pay under the IMWL.

118. Defendant had a policy and practice of not paying a guaranteed salary to Weinmann and each Class Member.

119. Weinmann and each Class Member seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

120. Weinmann and each Class Member also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the IMWL.

## X.   JURY DEMAND

121. Plaintiff demands a trial by jury.

## XI.   RELIEF SOUGHT

122. WHEREFORE, Plaintiff Gayl Weinmann prays for judgment against Defendant CLS as follows:

   a. For An Order designating the FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Weinmann and the FLSA Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order certifying the PA Class pursuant to Fed. R. Civ. P. 23.

   d. For an Order pursuant to PMWA finding Defendant liable for unpaid back wages due to Weinmann and all the Class Members, attorney fees, costs, penalties, and pre- and post-judgment at the highest rates allowed by law; and

e. For an Order certifying the IL Class pursuant to Fed. R. Civ. P. 23.

f. For an Order pursuant to IMWL finding Defendant liable for unpaid back wages due to Weinmann and all the Class Members, attorney fees, costs, penalties, and pre- and post-judgment at the highest rates allowed by law; and

g. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
PA Bar No. 308410
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Taylor S. Montgomery**
Texas Bar No. 24106326
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tmontgomery@mybackwages.com
*\* Pro Hac Vice application forthcoming*

**Richard J. (Rex) Burch**\*
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
*\* Pro Hac Vice application forthcoming*

**Joshua P. Geist**
PA Bar No. 85745
**GOODRICH & GEIST, P.C.**
3634 California Avenue
Pittsburgh, PA 15212
412-766-1455 – Telephone
412-766-0300 – Facsimile
josh@goodrichandgeist.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**