| | |
|---|---|
| GAYL WEINMANN, Individually and for Others Similarly Situated | CASE NO. 2:22-CV-1140 |
| *Plaintiff,* | Collective Action (29 U.S.C. § 216(b)) |
| vs. | |
| CONTRACT LAND STAFF, LLC | Class Action (Fed. R. Civ. P. 23) |
| *Defendant.* | |

**DEFENDANT CONTRACT LAND STAFF, LLC'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**
**AND, IN THE ALTERNATIVE, MOTION TO STRIKE**

Defendant Contract Land Staff, LLC ("CLS" or "Defendant"), by and through its attorneys, submits this Memorandum in Support of its (1) Motion to Dismiss Plaintiff Gayl Weinmann's ("Plaintiff") collective and class action claims alleged in Plaintiff's Original Collective & Class Action Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and (2) in the alternative, Motion to Strike Plaintiff's proposed class definition for putative class action claims under the Illinois Minimum Wage Law.

## I.      STATEMENT OF THE ISSUES

1.      Whether Plaintiff's collective action claims brought pursuant to 29 U.S.C. § 216(b) fail as a matter of law because they are barred by the doctrine of issue preclusion.

2.      Whether Plaintiff's class action claims brought pursuant to Rule 23 fail as a matter of law because they are barred by the doctrine of issue preclusion.

3.      Whether Plaintiff's proposed class definition for putative class action claims under the Illinois Minimum Wage Law is untimely and overbroad.

## II.    INTRODUCTION

Plaintiff seeks to have this Court do what another federal district court has already refused to do: certify a nationwide collective action of CLS's Right-of-Way Agents ("ROW Agents"). Plaintiff's theory of liability in this class and collective action is identical to the theory alleged in the defective collective action, previously filed in federal court in the Southern District of Texas— that Plaintiff was misclassified as exempt by CLS and is owed unpaid overtime under the Fair Labor Standards Act ("FLSA") and certain state wage and hour laws. As discussed more fully below, Plaintiff should be precluded from pursuing her collective and class action claims in this case because a federal court has already decided that such a class is not viable.

Specifically, in *Cosmo Clark, et al. v. Contract Land Staff, LLC*, Civil Action No. 4:20-cv-02620, filed in the United States District Court for the Southern District of Texas, Houston Division (the "Texas Case" or "*Clark*"), Plaintiff Cosmo Clark ("Clark") and Opt-In Plaintiff Frank Brown ("Brown") sought certification of a nationwide FLSA collective action consisting of CLS's ROW Agents who, plaintiffs alleged, were owed unpaid overtime based on their alleged misclassification as exempt. (CLS Request to Take Judicial Notice ("RJN") Ex. A; Ex. C, Ex. G.) In the Texas Case, Clark filed a Motion for Conditional Certification. (RJN, Ex. D.) The District Judge Alfred H. Bennett referred Clark's Motion to United States Magistrate Judge Frances Stacy. (RJN, Ex. H.) On August 2, 2021, Magistrate Judge Stacy issued her Memorandum and Recommendation, recommending that Judge Bennett deny Plaintiff's Motion. (RJN, Ex. I.) In her Memorandum, Magistrate Judge Stacy's findings included, but were not limited to, the following:

1.    The "'threshold' issue" of whether CLS paid its ROW Agents a day rate or salary was not shown by Clark "to be susceptible to a common resolution on a class-wide basis." (RJN, Ex. I at p. 6.)

2.    The administrative exemption defense asserted by CLS would require "individualized inquiry and assessment to determine whether the administrative

exemption applied to the other CLS workers to whom Clark seeks to send notice." (RJN, Ex. I at p. 7.)

3.   CLS "has several classifications of Right of Way Agents, who have different roles and perform different job duties depending upon the client and project to which they are assigned." (RJN, Ex. I at p. 9.)

Judge Bennett later adopted Magistrate Judge Stacy's Memorandum in full upon a *de novo* review. (RJN, Ex. J.)

Here, Plaintiff asserts the same FLSA claim for unpaid overtime as was asserted in *Clark* on behalf of the same nationwide putative collective action. Plaintiff also now asserts state law claims on behalf of a putative Rule 23 class. In doing so, Plaintiff apparently believes she is free to ignore Judge Bennett's explicit ruling that her claims cannot be sustained on a class-wide basis. But, Plaintiff is wrong. Because the propriety of class treatment for Plaintiff's claims has already been conclusively adjudicated in *Clark*, the doctrine of issue preclusion disallows Plaintiff from relitigating the issue of collective and class certification. Accordingly, CLS requests that this Court dismiss Plaintiff's collective action and class action claims with prejudice and require Plaintiff to pursue her claims individually.

Alternatively, and subject to CLS's Motion to Dismiss, CLS moves to strike Plaintiff's proposed class definition for putative class action claims under the Illinois Minimum Wage Law ("IMWL") on behalf of putative class members based in Illinois (the "IL Class Members"). Although motions to strike class allegations are disfavored in the Third Circuit, this is one of those "rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met," thus justifying striking such allegations at the pleadings stage. No discovery is needed for this Court to rule that the proposed class definition for the IL Class is facially overbroad because it extends far beyond the three-year statute of limitations applicable for IMWL claims. Even at the pleadings stage, the Court can and should rule that, as a matter of law, Plaintiff

cannot seek to represent putative class members who only have untimely claims under the IMWL. As such, to the extent the Court does not grant CLS's Motion to Dismiss, the Court should grant CLS's Motion to Strike the proposed class definition for the IL Class.

### III.    STATEMENT OF FACTS

Clark and Brown were both employed by CLS as Senior ROW Acquisition Agents. (RJN, Ex. A; Ex. C.) On July 24, 2020, Clark initiated the *Clark* lawsuit, filing his Original Class Action and Collective Action Complaint. (RJN, Ex. A.) Therein, Clark asserted claims under the FLSA, Iowa Wage Payment Collection Law, and Wisconsin wage and hour laws, hoping to recover allegedly unpaid overtime wages and other damages on behalf of himself and others "similarly situated." CLS filed its Original Answer and Affirmative Defenses on August 18, 2020. (RJN, Ex. B.)

Thereafter, Clark filed Plaintiff's Motion for Conditional Certification ("Motion"), asking that the court certify a proposed nationwide FLSA collective action of "All Right of Way Agents who worked for, or on behalf of, CLS who were paid a day rate with no overtime in the past three years." (RJN, Ex. D at p. 1.) CLS challenged certification, arguing that: (1) CLS pays its Senior ROW Acquisition Agents on a salary basis, and thus they are not due overtime under the FLSA; (2) CLS properly classifies its ROW Agents as exempt under the FLSA; (3) Clark failed to show sufficient interest in the suit to justify class certification; and (4) Clark's proposed class of "All Right of Way Agents" was overly broad, given the demonstrable differences in the various ROW Agents' roles and duties. (RJN, Ex. E at p. 4 – 15.)

Following Plaintiff's Reply, and both parties' supplementation of their original briefing following the Fifth Circuit's decision in *Swales v. KLLM Transport Services, LLC,* 985 F.3d 430

(5th Cir. 2021),[1] Judge Bennett referred Plaintiff's Motion to United States Magistrate Judge Frances Stacy. (RJN, Ex. H.) On August 2, 2021, the magistrate judge issued her Memorandum and Recommendation, recommending that the district court deny Plaintiff's Motion. (RJN, Ex. H; Ex. I.) On September 7, 2021, Judge Bennett adopted the Magistrate's Memorandum in its entirety (the "Order"). (RJN, Ex. J.)

The Order is clear: Clark failed to demonstrate that "[a]ll Right of Way Agents who worked for, or on behalf of, CLS [Contract Land Staff, LLC] who were paid a day rate with no overtime in the past three years" are "similarly situated" for purposes of § 216(b) notice. First and foremost, the term "Right of Way Agent" is broad, and employees who are titled as such can perform wholly unique functions. For example, the Order found that the "ROW Agent" job category for CLS "encompasses both title agents, who 'perform land title research and ownership reports for the client,' and acquisition agents, who 'serve as intermediaries between the client and the landowners and are tasked with negotiating and interfacing with landowners to, for example, obtain certain property rights on behalf of the client.'" (RJN, Ex. I at p. 5 – 6.) Additionally, the Order held that the term "day rate" was a vague term that was not "susceptible to a common resolution on a class-wide basis." (RJN, Ex. I at p. 8.) The Order concluded that the *Clark* plaintiffs could not meet the necessary "individualized inquiry" required to analyze CLS's administrative exemption defense on a class-wide basis. (*Id*.)

Less than a year after the court issued the Order in the Texas Case, Plaintiff, represented by the same counsel as the *Clark* plaintiffs, filed this lawsuit, alleging the *same* allegations in pursuit of certifying the *exact same* nationwide FLSA collective action sought by the plaintiffs in

---

[1] RJN, Ex. F.

*Clark*, namely: "All Right of Way Agents who worked for, or on behalf of, CLS who were paid a day rate with no overtime in the past three years."

## IV.    STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. "The plausibility standard is not akin to a 'probability requirement' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). The Court must accept as true the allegations in the complaint and construe them in favor of the plaintiff, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

A Rule 12(b)(6) motion to dismiss is an appropriate vehicle for raising and asserting defenses based on the doctrine of collateral estoppel. *See M&M Stone Co. v. Pennsylvania,* 388 F. App'x 156, 162 (3d Cir. 2010) ("although issue preclusion is an affirmative defense, it may be raised in a motion to dismiss under Federal Civil Procedure Rule 12(b)(6)"); *see also West v. CUNA Mut. Ins. Soc'y*, No. 11–1259, 2012 WL 1658468, at *2 (W.D. Pa. 2012) ("This Court's decision was based on a finding that collateral estoppel bars their class action claims. Specifically, this Court determined that the issue of whether class certification is appropriate already was litigated and determined in previous litigation."). In the class certification context, a court may grant a party's motion to dismiss where it is found that a prior court's denial of certification has a preclusive effect, though the claims of the individual plaintiffs may be pursued individually. *See, e.g, Belle v. Univ. of Pittsburgh Med. Ctr.*, No. 2:13–cv-01448, 2014 WL 4828899 (W.D. Pa. Sept.

29, 2014) ("For all of the reasons stated above, Defendant's Motion to Dismiss is well taken, and Plaintiffs' collective action allegations will be stricken. Furthermore, the claims of all of the opt-ins . . . are denied without prejudice to the refiling of individual actions.").

In reviewing a Rule 12(b)(6) motion, it is well-established that a court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir.2004). In the context of deciding a Rule 12(b)(6) motion that raises issue preclusion concerns, and where a plaintiff has not included the existence or substance of the prior adjudications in the body of, or attachments to, its complaint, it is axiomatic that a court must still consider the prior adjudication in order to determine whether issue preclusion bars that plaintiff's claims. Thus, courts have held that a prior judicial opinion constitutes a public record of which a court may take judicial notice. *Id.*

With respect to CLS's Motion to Strike, Rule 23(d)(1)(D) allows the court to "issue orders that . . . require the pleadings to be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." FED. R. CIV. P. 23(d)(1)(D). Rule 12(f) provides that a court may strike from a pleading "any redundant, immaterial, or impertinent and scandalous matter." FED. R. CIV. P. 12(f). Consistent with these Rules, it is well settled that courts can grant motions to strike based on the pleadings before class certification discovery and briefing take place. *See McClendon v. Sch. Dist. of Philadelphia*, 2005 WL 549532, at *2 (E.D. Pa. Mar. 7, 2005); *Brennan v. Rite Aid Corp.*, 263 F.R.D. 176, 177 (E.D. Pa. 2009) (striking class action allegations before discovery for lack of typicality and commonality).

## V. ARGUMENTS AND AUTHORITIES – MOTION TO DISMISS

### A. Plaintiff's collective and class action claims are barred by the doctrine of issue preclusion and should be dismissed without leave to amend.

The doctrine of issue preclusion bars Plaintiff's collective action and class action claims. The court's Order in the Texas Case to refuse to certify the collective action in *Clark* clearly decided the issue of collective action certification in favor of CLS and that court's ruling has preclusive effect in this case. CLS, therefore, requests that this Court apply the doctrine of issue preclusion to dismiss Plaintiff's FLSA collective action claims and Rule 23 class action claims with prejudice.

The preclusive effect of a federal court judgment in a case arising under a federal statute is governed by the federal common law as it pertains to issue preclusion. *Bobby v. Bies*, 556 U.S. 825, 829 n.1 (2009); *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507 (2001). The Supreme Court has explained issue preclusion as follows:

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim.*

*Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citations omitted) (emphasis added).

Relying on collateral estoppel and preclusion grounds, federal courts have consistently barred class-wide claims where another court has previously denied certification—even in cases brought by different named plaintiffs. *See, e.g, Belle*, 2014 WL 4828899, at *1 (W.D. Pa. Sept. 29, 2014) ("In any event, whatever modest distinctions may be drawn between the two cases, they are insufficient to justify permitting counsel to make an 'end-run' around the unfavorable decertification ruling . . ."); *Frosini v. Bridgestone Firestone N. Am. Tire, LLC*, No. 05-cv-0578

CAS (RZx), 2007 WL 2781656 (C.D. Cal. Aug. 24, 2007) ("Based on the foregoing, the Court finds that the class certification issues presented in the instant case are identical to the issues regarding predominancy decided by the *Littell I* court and that those issues were necessary to that court's order denying class certification."); *In re Dalkin Shield Punitive Damages Litig.*, 613 F. Supp. 1112 (E.D. Va. 1985) (For the reasons discussed above, collateral estoppel precludes this Court from reconsidering the issue of whether a nationwide punitive damages class action . . . can be maintained."); *see also Breakstone v. Caterpillar, Inc.*, No. 09-23324, 2010 WL 2164440 (S.D. Fl. May 26, 2010); *Mauro v. Fed. Express Corp.*, No. 08-cv-8526, 2009 WL 1905036 (C.D. Cal. June 18, 2009). As the Second Circuit stated in *Ferris v. Cuevas*, "plaintiffs who fail to obtain a class action certification, but nevertheless assert the authority to represent other similarly situated persons and who are demonstrated to be in privity with those other persons, are not immune from application of *res judicata*." 118 F.3d 122, 130 (2d Cir. 1997); *accord Johnson v. GlaxoSmithKline, Inc.*, 166 Cal. App. 4th 1497, 1510 (2008) ("If all . . . elements required for application of collateral estoppel are present, the doctrine is fully applicable to preclude relitigation of issues finally resolved as part of a class certification determination in a prior proceeding.").

The Court of Appeals for the Third Circuit has set out the following four elements for issue preclusion under federal common law:

> Dismissal under the doctrine of collateral estoppel is appropriate where: (1) the issue sought to be precluded [is] the same as that involved in the prior action, (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.

*National R.R. Passenger Corp. v. Pa. Pub. Util Comm'n*, 288 F.3d 519, 525 (3d Cir. 2002) (citations omitted). Here, every element required for application of issue preclusion exists: (1) Plaintiff seeks adjudication of issues that were actually litigated and already decided by the court in *Clark*; and (2) the order disallowing the *Clark* class is an essential and final judgment for

purposes of issue preclusion. Further, privity exists between Plaintiff here and plaintiffs who sought and were denied certification in *Clark*. As Plaintiff here would have enjoyed the rewards of a favorable outcome in *Clark*, fairness and judicial economy dictate that she, as well as her requested class, should be bound by the effect of the certification decision against her. Importantly, application of the doctrine of collateral estoppel does not lead to an unfair result—as Plaintiff remains free to litigate the merits of her personal claims on an individual basis.

**B.      The issues actually litigated and decided in *Clark* are the same as the issues Plaintiff seeks to relitigate in this lawsuit.**

**1.      The issue of whether "similarly situated" ROW Agents exist, such that notice should be issued under § 216(b) of the FLSA, has already been litigated and decided by the court in *Clark*.**

Issue preclusion bars Plaintiff's FLSA collective action claims because the issue of collective action certification—and, more specifically, whether "similarly situated" workers exist such that notice should be sent to a nationwide class of ROW Agents under 29 U.S.C. § 216(b) — has already been litigated and decided in the *Clark* case. In *Clark*, plaintiff sought collective action certification under § 216(b) of a nationwide class of "[a]ll Right of Way Agents who worked for, or on behalf of, CLS who were paid a day rate with no overtime in the past three years." (RJN, Ex. A at ¶ 13.) To maintain a collective action under the FLSA and for a court to authorize notice to be sent to putative class members, a plaintiff must show that the putative collective action members are "similarly situated." *Zavala v. Wal-Mart Stores, Inc.*, 691 F. 3d 527 (3d Cir. 2012). Inversely, an employee cannot bring an action for and on behalf of employees under the FLSA who are not "similarly situated." *Id.*

The *Clark* court utilized the Fifth Circuit's then recent decision in *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430, 443 (5th Cir. 2021), to determine "whether there are 'similarly situated' workers who deserve to receive notice of the pending action." (RJN, Ex. I at

p. 4.) Up until early 2021, when the Fifth Circuit decided *Swales*, the Fifth Circuit had not directly considered or addressed how lower courts were to determine whether a § 216(b) action could proceed upon notice to those similarly situated. In *Swales*, the Fifth Circuit did so, and explicitly rejected the two-stage certification process that the majority of courts had utilized up until then. Now, based on the Fifth Circuit's decision in *Swales*, there is no "certification" of a FLSA case as a collective action. Instead, according to the *Clark* court, all the court is to determine is whether there are "similarly situated" workers who deserve to receive notice of the pending action. So, where there are "motions for conditional certification" that were filed before *Swales* was decided, such motions are, post-*Swales*, generally considered to be, and construed as, motions for § 216(b) notice, with their being no "certification" at all. (RJN, Ex. I at p. 4.) *See also Young v. Energy Drilling Co.*, No. 4:20-cv-1716, 2021 WL 1550343, at *1 (construing motion for conditional certification as a motion for notice).

In light of the *Swales* precedence, the court in *Clark* denied plaintiffs' request for certification (which it construed as a motion for notice under § 216(b)), finding that the plaintiffs' (then Clark and Brown) and putative opt-in plaintiffs' FLSA overtime claims were not amenable to collective treatment. (RJN, Ex. I at p. 4.) In its Order, the Texas court in *Clark* clearly laid out its findings that the FLSA claims of the named and putative plaintiffs would require individual determinations and that the proposed collective action class of ROW Agents were not similarly situated:

- "Here, applying the three broad propositions from *Swales*, the undersigned concludes, from a review of all the evidence, that Clark has not demonstrated that '[a]ll Right of Way Agents who worked for, or on behalf of, CLS [Contract Land Staff, LLC] who were paid a day rate with no overtime in the past three years' are 'similarly situated' for purposes of § 216(b) notice. Clark presumes, and fails to provide any evidence, that there is a cohesive group of CLS workers known merely as 'Right of Way Agents'. Nowhere is there any definition in Clark's submissions of what a 'Right of Way Agent is, or does.'" (RJN, Ex. I at p. 5.)

- "Moreover, while it is true that Clark is seeking notice for a class of CLS workers who were paid a 'day rate,' and 'day rate' compensation schemes have, at least prior to *Swales*, been found to create a 'similarly situated' group of employees, CLS maintains that Clark, and those he seeks to provide notice to, were paid a minimum guaranteed salary, and therefore were not paid a 'day rate.' This is a 'threshold' issue, which appears to be common to all those to whom Clark seeks to send notice. But, that threshold issue, has not been shown by Clark to be susceptible to a common resolution on a class-wide basis." (RJN, Ex. I at p. 6.)

- "Here, Clark's submissions and evidence do not show that the Court could determine, on a class-wide basis, whether all members of the class were, or were not, paid on a salary basis within the meaning of §§ 541.602, 541.604." (RJN, Ex. I at p. 7.)

- "Furthermore, if that threshold salary versus 'day rate' issue could not be decided in Clark's favor on a class-wide basis, there are additional and potentially divergent issues of fact on the claimed administrative exemption, and which members of the of proposed notice class to whom it can, or does apply. . . . Here, CLS maintains that Clark falls within the administrative exemption, and that it would take an individualized inquiry and assessment to determine whether the administrative exemption applied to the other CLS workers to whom Clark seeks to send notice. Given that a key issue on an administrative exemption is the amount of judgment and discretion that is needed and utilized, the undersigned agrees with CLS." (RJN, Ex. I at p. 7.)

- "[T]here would be individualized factual inquires on the amount of judgment and discretion exercised by those to whom Clark seeks to send § 216(b) notice." (RJN, Ex. I at p. 8.)

Here, exactly like in *Clark*, Plaintiff seeks to recover overtime wages under the FLSA on behalf of herself and those similarly situated (*i.e.*, on behalf of CLS ROW Agents allegedly paid a day rate). Aside from state-specific laws asserted in this lawsuit, the collective action allegations and class definitions in *Clark* and the Complaint here are identical. In particular, as it relates to the FLSA nationwide collective action, Plaintiff seeks certification of the **exact** **same** nationwide putative collective action class sought in *Clark*: "All Right of Way Agents who worked for, or on behalf of, CLS who were paid a day rate with no overtime in the past three years." (Pl.'s Compl. at ¶ 14 (Doc. 1) *compare with* RJN, Ex. A at ¶ 13.) The court in *Clark* has already made the factual and legal determination that Plaintiff and the putative class members in this action are not similarly situated. In fact, the court in *Clark* was clear that, based on plaintiffs' varied testimony, it would

be impossible for a jury to determine this case on a collective basis. Accordingly, based on the prior ruling in *Clark*, Plaintiff is estopped from proceeding here.

*Belle v. University of Pittsburgh Medical Center*, No. 2:13–cv 01448, 2014 WL 4828899 (W.D. Pa. Sept. 29, 2014), is instructive. *Belle* is litigation that followed *Camesi v. University of Pittsburgh Medical Center*, 729 F.3d 239 (3d Cir. 2013). In *Camesi*, plaintiffs alleged that hospital defendants violated the FLSA by failing to properly pay their employees for work performed during scheduled meal breaks. After granting conditional certification, the *Camesi* court later decertified the class, concluding that "the plaintiffs' job duties varied significantly from one individual to the next, and that those job duties were 'highly relevant in terms of how, why and whether the employees were compensated properly for missed or interrupted meal breaks.'" *Id.* Soon after the *Camesi* opinion, the same law firm that represented the *Camesi* plaintiffs filed *Belle*, raising substantially the same FLSA claims concerning work during unpaid meal breaks. The new complaints proposed slightly different definitions of the FLSA collective actions than had been proposed in *Camesi.*

In *Belle*, the defendants moved to dismiss the collective action allegations on grounds of issue preclusion, arguing that the issue of certification of the collective action had been fully litigated in *Camesi* and should not be relitigated in *Belle*. Presiding Judge Bissoon agreed. By an order dated September 29, 2014, she concluded that, despite minor "tweak[s]," *Belle* was a "redux" of *Camesi* in which the "theories of liability remain[ed] materially unchanged." *Belle*, 2014 WL 4828899, at *1 (W.D. Pa. Sept. 29, 2014). In determining whether it would be proper to allow the *Camesi* opt-ins to re-litigate the unfavorable decertification ruling in *Camesi* through a new lawsuit, she concluded, invoking the doctrine of issue preclusion, that "[t]he answer to this question is, resoundingly, 'no.'" *Id*. Specifically, Judge Bissoon determined that issue preclusion

applied because (1) decertification already had been litigated in *Camesi*; and (2) the decision in *Camesi* was sufficiently final for purposes of issue preclusion. *Id.* at *2. Accordingly, she granted the defendants' motion to dismiss, struck the collective action allegations from the complaint, and dismissed the claims of the opt-in plaintiffs without prejudice to re-filing individual complaints. *Id.*

Here, as in *Belle*, this case is merely a "redux" of *Clark*. For example, in *Clark*, plaintiffs sought to certify a class of "All Right of Way Agents who worked for, or on behalf of, CLS who were paid a day rate with no overtime in the past three years." (RJN, Ex. A at ¶ 13.) Plaintiff seeks to certify an identical class here: "All Right of Way Agents who worked for, or on behalf of, CLS who were paid a day rate with no overtime in the past three years." (Pl.'s Compl. at ¶ 14.) Also, in support of their FLSA claims, the named plaintiff in *Clark* asserted the following verbatim allegations that Plaintiff alleges in her Complaint (changing only the plaintiff's name and the defined term of "Day Rate Workers" with "Class Members"):

- The nature and scope of CLS's business are identical (*compare* Pl.'s Compl. at ¶ 29 *with* RJN, Ex. A at ¶ 23);

- Plaintiffs and class members being paid on a day rate basis, working under a day rate pay scheme, not receiving a salary, not being paid if they did not work, and not receiving overtime pay (*compare* Pl.'s Compl. at ¶¶ 34-39 *with* RJN, Ex. A at ¶¶ 28-33);

- Plaintiffs working 10 or more hours a day (*compare* Pl.'s Compl. at ¶ 42 *with* RJN, Ex. A at ¶ 36);

- Neither plaintiffs nor the class members have ever received guaranteed weekly compensation from CLS irrespective of the day worked (*compare* Pl.'s Compl. at ¶ 44 *with* RJN, Ex. A at ¶ 39);

- Plaintiffs and class members work in accordance with the schedule set by CLS and/or its clients, that CLS and/or its clients control the work performed, and plaintiffs and class members must adhere to the quality standards of CLS and/or its clients (*compare* Pl.'s Compl. at ¶¶ 45-50 *with* RJN, Ex. A at ¶¶ 40-45);

- Clark and Plaintiff were both responsible for the same exact job duties—reviewing public records to determine property ownership, adhering to safety standards and procedures,

documenting communications with landowners, and reviewing easements (*compare* Pl.'s Compl. at ¶ 52 *with* RJN, Ex. A at ¶ 47); and

- All class members perform similar duties of reviewing easement agreements and proof of title and ensuring work is done according to established safety guidelines, specifications, and restrictions (*compare* Pl.'s Compl. at ¶ 53 *with* RJN, Ex. A at ¶ 48).

The above are only a handful of examples of how Plaintiff's Complaint is, essentially, identical to the Complaint in *Clark*. There is a myriad of other instances.

In short, Plaintiff improperly seeks to litigate an issue already decided by another court: whether the claims of CLS ROW Agents seeking unpaid overtime wages can be determined on a class-wide basis. The *Clark* case involved the same positions (all ROW Agents), the same alleged pay scheme (a day rate versus salary), the same geographic scope (nationwide), and the same claim of alleged failure to pay overtime. The court in *Clark* found that the issue of whether CLS properly classified its ROW Agents as exempt, including whether CLS paid them on a salary basis, must be determined on an individual basis because plaintiffs and other ROW Agents are not similarly situated for purposes of § 216(b) notice. Because the propriety of collective action treatment for Plaintiff's overtime claims has had its day in court, issue preclusion prevents Plaintiff's attempt to re-adjudicate the issue of certification in this copy-cat lawsuit.

## 2. The Order in *Clark* also precludes Plaintiff's Rule 23 state law class action claims.

Plaintiff also seeks to certify a class action under Rule 23 to recover unpaid overtime wages under the Pennsylvania Minimum Wage Act and Illinois Minimum Wage Law. Even though the court in *Clark* did not explicitly rule on the propriety of a Rule 23 class, as a matter of law it would have been improper for the court to do so.

First, the Rule 23 standard for class certification is more demanding than the FLSA standard for collective action certification. Courts sitting in the Third Circuit agree that the requisite showing of similarity of claims under the FLSA is considerably less stringent than the

requisite showing under Rule 23. *See, e.g. Reed v. Empire Auto Parts, Inc.*, No. 13-5220, 2015 WL 761894, at *7 (D.N.J. Feb. 23, 2015) ("For reasons similar to those discussed above, this Court finds that Reed's request to certify a class pursuant to the more stringent Rule 23(b)(3) analysis similarly fails."); *Fein v. Ditech Fin., LLC*, No. 5:16-cv-00660, 2017 WL 4284116, at *11 (E.D. Pa. Sept. 27, 2017) ("When an employer fails to comply with the FLSA's requirements, employees can pursue an action against the employer on 'behalf of himself' and in a representative capacity for 'other employees similarly situated.' 29 U.S.C. § 216(b). This lenient standard is considerably 'less stringent' than the proof required pursuant to Rule 20(a) for joinder or Rule 23 for class certification."). Simply put, because Rule 23 class certification is more difficult than obtaining collective action certification under the FLSA's "similarly-situated" test, Plaintiff is likewise barred from obtaining class certification under Rule 23.[2]

Plaintiff here cannot evade issue preclusion merely by pinning state law claims onto her FLSA claim. Each of Plaintiff's causes of action for alleged state law violations merely parallel her claim for unpaid overtime under the FLSA. Under similar circumstances, in *Mauro v. Federal Express Corporation*, FedEx argued that the putative class of FedEx swing drivers improperly sought to certify the same claims and putative class at issue in a previous case where a court denied class certification of a putative class of FedEx drivers and couriers. *Mauro*, 2009 WL 1905036, at *1–2. A California federal district court applied collateral estoppel to bar plaintiffs' attempt to

---

[2] A party seeking class certification under Rule 23 must first meet "'the prerequisites of numerosity, commonality, typicality, and adequacy of representation' specified in Rule 23(a)." *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 156 (1982). "[A]ctual, not presumed, conformance with Rule 23(a) [is] indispensable"—a "class action[] may only be certified if the trial court is satisfied, after a *rigorous* analysis, that the prerequisites of Rule 23(a) have been satisfied." *Id.* at 160–61 (emphasis added); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with [Rule 23(a)]."). Next, the putative class must satisfy at least one of the three requirements listed in Rule 23(b). *Dukes*, 131 S. Ct. at 2548.

certify a class action for meal and rest claims, even though the putative class tacked on wage and hour violations. *Id*. at *4. Despite the additional claims, the court found that both actions evolved "from the same nucleus of facts" and were "entirely based on a determination of whether [defendant] failed to provide meal and rest breaks or to pay [its] drivers and couriers." *Id*. at *4, *8. The court precluded the putative class's meal and rest claims, as well as its wage and hour claims, on grounds of collateral estoppel. This Court should likewise preclude Plaintiff's tacked-on state law claims.

Importantly, "[t]o apply issue preclusion, a court need not find that the claims in two separate actions were identical; rather, identical factual or legal issues may be material to both actions, even if the claims they support are somewhat different." *Alevras v. Tacopina*, 226 F. App'x. 222, 228 (3d Cir. Apr. 6, 2007) (citations omitted). In this case, Plaintiff's state law claims for unpaid overtime stem from the same operative facts litigated in *Clark*—purported denial of overtime wages based on an alleged day rate scheme, failure to pay on a salary basis, and misclassification as exempt. Further, Plaintiff's class claims under state law are derivative of her federal FLSA claims. Each of these causes of action are rooted in Plaintiff's primary allegation that CLS failed to compensate Plaintiff and putative class members for overtime hours worked.[3]

## C. The *Clark* Order is a final judgment on the merits, and the decision that the plaintiffs' claims could not proceed on a class-wide basis was essential to this Order.

The order denying certification/§ 216(b) notice in *Clark* is a final judgment on the merits to support application of issue preclusion. A "final judgment" for purposes of collateral estoppel

---

[3] Importantly, Plaintiff alleges in her Complaint that she performed the same exact job duties as Clark, even though she worked in Pennsylvania and Illinois and he worked in Iowa and Wisconsin. (*Compare* Pl.'s Compl. at ¶ 53 *with* RJN, Ex. A at ¶ 48.) This further demonstrates that, according to plaintiffs, there are no state-specific differences in the alleged job duties of ROW Agents such that a statewide class would eliminate the requisite individualized inquiries held by the Texas court to exist.

or issue preclusion can be any prior adjudication of an issue in another action that is determined to be "sufficiently firm" to be accorded conclusive effect. *See, e.g., In re Brown*, 951 F.2d 564 (3d Cir. 1991); *Luben Indus., Inc. v. United States*, 707 F.2d 1037, 1040 (9th Cir. 1983) (citing *Miller Brewing Co. v. Jos. Schlitz Brewing Co.*, 605 F.2d 990, 996 (7th Cir. 1979) and Restatement (Second) of Judgments § 13 (1982)). Issue preclusion typically applies where "the parties were fully heard, . . . the court supported its decision with a reasoned opinion, . . . [and] the decision was subject to appeal or was in fact reviewed on appeal." *Id.* (citing Restatement (Second) of Judgments § 13, cmt. g).

Despite class certification being procedural, "the denial of class certification stands as an adjudication of one of the issues litigated." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 336 (1980); *see also Belle*, 2014 WL 4828899, at *1 (W.D. Pa. Sept. 29, 2014) ("Having exhaustively adjudicated the collective action issues in *Camesi*, the Court has no doubt that identical factual and legal issues would incur."); *Mauro*, 2009 WL 1905036, at *9 (giving preclusive effect to a decertification order in a previous action); *Faison v. Tex. EXPawn, L.P.*, No. G-07-067, 2007 WL 1428639, at *1 (S.D. Tex. May 11, 2007) (applying estoppel to Rule 20 joinder where a previous § 216(b) decertification order "undeniably considered and ruled on the same factors considered under Rule 20"). Further, the court's conclusions in *Clark* that supported its holding that the plaintiffs' claims could not proceed on a class-wide basis were central and necessary components of the court's decision not to certify the class and allow notice to be sent to other ROW Agents. *Peloro v. United States*, 488 F.3d 163, 176 (3d Cir. 2007) (finding that an issue satisfies the "essential" test if it is the necessary ingredient to the court's ultimate decision). The court's decision in *Clark* that the ultimate issue of whether CLS's ROW Agents were properly classified and paid on a salary basis would require "individualized factual inquiries" is "sufficiently firm"

for purposes of issue preclusion, as the magistrate judge and the district court both thoroughly analyzed the issue. *See Mauro*, 2009 WL 1905036, at *9; *see also Belle*, 2014 WL 4828899, at *1 (W.D. Pa. Sept. 29, 2014).

**D.  Plaintiff in this case is in privity with the *Clark* plaintiffs.**

Privity exists between the plaintiffs in *Clark* and Plaintiff in this suit. Federal courts have made clear that privity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases. *See, e.g., Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.,* 571 F.3d 299, 312–13 (3d Cir. 2009) (for purposes of issue preclusion, traditional notions of privity may extend to bar nonparty who was "adequately represented by someone with the same interests who [was] a party," or where "the nonparty attempts to bring suit as the designated representative of someone who was a party in the prior litigation"); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (citing *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997)).

Even for non-identical parties, "privity may exist if there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." *Id*. (citing *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)); *see also Alpert's Newspaper Delivery Inc. v. N.Y. Times Co*., 876 F.2d 266, 270 (2d Cir. 1989) ("The issue is one of substance rather than the names in the caption of the case; the inquiry is not limited to a traditional privity analysis."). That is, federal courts will bind a non-party and party where their interests are "so closely aligned as to be virtually representative." *Schimmels*, 127 F.3d at 881 (citation omitted).

In a class action, unnamed putative class members may be bound by a final judgment in an earlier action if they were adequately represented by a named plaintiff. *Taylor v. Sturgell*, 128 S. Ct. 2161, 2167, 2172–73 (2008). Courts have found that privity exists between named plaintiffs in

class actions and putative class members, even if the class is ultimately decertified. Here, there is sufficient commonality of interest between the *Clark* plaintiffs and Plaintiff. That Plaintiff was not a named plaintiff, witness, or deponent in *Clark* carries no significance "because such is the case with virtually every member in every class action." *Murray*, 2010 WL 2898291, at *14 ("That Plaintiff was not a named plaintiff, class representative, witness or deponent in the [previous decertified class action] is not significant because such is the case with virtually every member in every class action"); *see also Bridgestone*, 333 F.3d 763, 769 (7th Cir. 2003) ("Absent class members are bound provided that the named representative and their lawyers furnished adequate representation."); *Nationwide*, 571 F.3d at 312–13.

Second, Plaintiff is represented by the same lead counsel that represented the named plaintiff and putative class members in *Clark*. *See Belle*, 2014 WL 4828899, at *1 (W.D. Pa. Sept. 29, 2014); *see also Murray*, 2010 WL 2898291 at *14 ("Further, it is important to note that Plaintiff is represented by the same lead counsel who represented the class of which he was a member in [the previous class action.] This makes Plaintiff's conduct appear to be an example of "deliberate maneuvering to avoid the effects of [the previous class decertification.]"). This further illustrates the privity between the *Clark* plaintiffs and Plaintiff.

Third, there is substantial identity between the putative classes in *Clark* and the instant action. Both classes are comprised of the same job category: ROW Agents. Plaintiff here is praying for the same relief as the plaintiffs in *Clark*—unpaid overtime wages—during a nearly identical time period. The putative classes also share the same interest of seeking to recover unpaid wages and other damages allegedly owed. As held by the court in *Belle*:

> The Court does not believe that Plaintiffs' counsel can "plead around" issue preclusion by culling other named-plaintiffs from the scant number of *Belle* opt-ins who did not also participate in *Camesi*. It would be a perversion of the collective-action process to entertain a "class" definition that expressly excludes *Camesi* opt-

ins (*e.g.,* "all current or former employees, ... who did not 'opt in' to *Camesi,* and who were not fully compensated for time worked during unpaid meal breaks"). This Circuit's standards regarding "privity" would avoid such an absurd result.

2014 WL 4828899 at *n. 2; *see also Shaw v. Hahn*, 56 F.3d 1128, 1131–32 (9th Cir. 1995) (finding privity when the interests of the party in the subsequent action were shared with and adequately represented by the party in the former action). Lead counsel for Plaintiff here thoroughly litigated and briefed the issue of collective action certification in *Clark*; counsel should not be allowed a second bite at the apple. For these reasons, privity exists between the *Clark* plaintiffs and Plaintiff.

Because the requirements of claim preclusion—adjudication of identical issues, a final judgment on the merits, and privity—have all been met, this Court should grant CLS's Motion to dismiss and dismiss Plaintiffs' FLSA collective action and Rule 23 class action claims with prejudice.

**E.  Public policy considerations weigh in favor of giving the *Clark* decision preclusive effect.**

Important public policy concerns favor the application of collateral estoppel in this case. "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States,* 440 U.S. 147, 153–54 (1979). The court in *Clark*, after considering the allegations, facts, and evidence related to putative class members in numerous states, decided that (1) the threshold issue of whether CLS paid Clark and putative class members on a salary basis could not be determined on a class-wide basis; and (2) an individualized inquiry and assessment would be required to determine whether the administrative exemption applied to all ROW Agents (to whom Clark sought to send notice). (RJN, Ex. I at p. 6 – 8.) Plaintiff's attempt to avoid the consequences of the *Clark* order by filing this lawsuit will result in

CLS having to relitigate issues previously ruled upon in its favor and against Plaintiff. Condoning such strategic evasion would thwart the policies underlying collateral estoppel and the purpose of the FLSA's notice process.[4] Ultimately, applying issue preclusion is fair because Plaintiff and any putative class members are free to litigate their claims individually.

## VI.     ARGUMENTS AND AUTHORITIES – MOTION TO STRIKE

To the extent this Court denies CLS's motion to dismiss the class and collective action claims, in the alternative, this Court should strike Plaintiff's proposed class definition for the IL Class. With respect to the IMWL claim, Plaintiff proposed the following class definition for the IL Class:

> All Right of Way Agents who worked for, or on behalf of, CLS who were paid a day rate with no overtime in the past ten years in Illinois (IL Class Members).

(*See* Pl.'s Compl. at ¶ 16.) This proposed class is overbroad and includes untimely claims.

**A.     IMWL claims are subject to a three-year statute of limitations.**

It is well-settled that the "limitations period for IMWL claims is three years." *Young Chul Kim v. Capital Dental Tech. Lab., Inc.*, 279 F. Supp. 3d 765, 769, n.2 (N.D. Ill. 2017); *see also* 820 ILCS § 105/12(a) ("Every such action shall be brought within 3 years from the date of the underpayment."); *Ko v. K Stones, Inc.*, 2022 WL 2390938, at *5 (N.D. Ill. July 1, 2022) ("The IMWL, by contrast, has a three-year statute of limitations for all claims.").

With respect to putative class members, "the timely filing of a class action tolls the applicable statute of limitations for putative class members until the propriety of maintaining the class is determined." *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 607 (3d Cir. 2018). This action

---

[4] Moreover, the *Clark* decision should be given preclusive effect to prevent Plaintiff from forum shopping. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n.20 (1983) (to avoid forum shopping, courts may consider "the vexatious or reactive nature of either the federal or the state litigation.").

was commenced on August 4, 2022. (*See* Pl.'s Compl.) The three-year statute of limitations period for IMWL claims asserted on behalf of the IL Class is deemed tolled as of August 4, 2022. As such, any IMWL claims that accrued on or after August 4, 2019 would be considered timely, and any IMWL claims that accrued prior to August 4, 2019 would be untimely.

**B.    The Court should strike Plaintiff's proposed class definition for the IMWL class because it is facially overbroad and includes untimely claims.**

While "[d]istrict courts within the Third Circuit typically conclude that motions to strike class action allegations filed before plaintiffs move for class certification are premature," class allegations can and should be stricken "in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Doiron v. Cenergy Int'l Services, LLC*, No. 2:17-cv-01203, 2018 WL 928238, at *2 (W.D. Pa. Feb. 15, 2018) (quoting *Reed v. Friendly's Ice Cream, LLC*, 2016 U.S. Dist. LEXIS 62197, at *10 (M.D. Pa. May 11, 2016); *Strzakowlski v. GMC*, 2005 WL 2001912, at *8 (D.N.J. Aug. 16, 2005)); *see also Enoh v. Hewlett Packard Enter. Co.*, No. 17-cv-04212-BLF, 2018 WL 3377547, at *14 (N.D. Cal. July 11, 2018) ("A defendant may move to strike class actions prior to discovery where the complaint demonstrates a class action cannot be maintained on the facts alleged therein.").

*Enoh* is particularly instructive. In that case, the court granted a motion to strike class allegations where the class definition did not include any time limitation "to comport with the statute of limitations applicable to race discrimination claims under . . . Section 1981." *Id.* at *14. The court reasoned that the class definition "was overbroad" and should not include individuals "who suffered injuries outside of the four year statute of limitations period under Section 1981." *Id.* at *15. The court also rejected the plaintiffs' argument that it was premature to strike the allegations at the pleading stage, explaining that "imposing time limitations on the class definition at the outset of the litigation is necessary to protect Defendants from burdensome and unnecessary

class discovery on barred claims and individuals." *Id*.

Here, Plaintiff's proposed class definition for the IL Class should be stricken as facially overbroad because it includes putative class members in Illinois with untimely claims under the IMWL. As alleged in the Complaint, Plaintiff seeks to certify a class under the IMWL consisting of: "All Right of Way Agents who worked for, or on behalf of, CLS who were paid a day rate with no overtime in the past ten years in Illinois (IL Class Members)." (Pl.'s Compl. at ¶ 16.) This proposed class definition, however, would encompass a significant number of ROW Agents who worked for CLS in Illinois outside the three-year statute of limitations applicable to IMWL claims. For example, any Illinois-based ROW Agent who worked for CLS in Illinois only within the seven-year time period from August 4, 2012 (ten years before this action was commenced) to August 3, 2019 (three years before this action was commenced) would be, by definition, included in the proposed IL Class, but they would have no viable claims under the IMWL because they did not work for, nor earn wages from, CLS in Illinois within the three-year limitations period.

Accordingly, to the extent this Court denies CLS's motion to dismiss the class and collective action claims, in the alternative, this Court should strike Plaintiff's proposed class definition for the IL Class because it encompasses putative class members with untimely claims for which no relief under the IMWL is available as a matter of law. Doing so at the pleadings stage will save CLS from "burdensome and unnecessary class discovery on barred claims." *Enoh*, 2018 WL 3377547, at *15

## VII. CONCLUSION

Based on the foregoing, CLS respectfully requests that this Court apply the doctrine of collateral estoppel to dismiss Plaintiff's FLSA collective action claims and Rule 23 class action claims with prejudice, as asserted in the Complaint. Alternatively, CLS respectfully requests that

this Court grant its Motion to Strike Plaintiff's proposed class definition for putative class action claims under the IMWL. CLS further requests that the Court award it any other relief that this Court deems fair and just.

Date: September 12, 2022

Respectfully submitted,

/s/ Adam T. Simons

Adam T. Simons
Pa. Id. No. 322256
McGuireWoods LLP
500 East Pratt Street, Suite 1000
Baltimore, Maryland 21202
410-659-4417
asimons@mcguirewoods.com

Meghaan C. Madriz (*pro hac vice forthcoming*)
mmadriz@mcguirewoods.com
Texas Bar No. 24070241
S.D. Tex. No. 1062431
McGuireWoods LLP
600 Travis Street, Suite 7500
Houston, Texas 77002
(832) 255-6365 Telephone
(832) 214-9935 Facsimile

**ATTORNEYS FOR DEFENDANT CONTRACT LAND STAFF, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has served on all counsel of record in accordance with the Federal Rules of Civil Procedure using the ECF system on this 12th day of September 2022.

*/s/ Adam T. Simons*

*Adam T. Simons*