UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| GAYL WEINMANN, Individually and for Others Similarly Situated,<br><br>v.<br><br>CONTRACT LAND STAFF, LLC | Case No. 2:22-CV-1140<br><br>Collective Action (29 U.S.C. § 216(b))<br><br>Class Action (Fed. R. Civ. P. 23) |

**MEMORANDUM OF LAW IN SUPPORT OF WEINMANN'S
MOTION FOR CONDITIONAL CERTIFICATION**

**Michael A. Josephson**
Texas State Bar No. 24014780
**Andrew Dunlap**
Texas Bar No. 24078444
**Richard M. Schreiber**
Texas State Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**Richard J. (Rex) Burch**
Texas State Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**Joshua P. Geist**
PA Bar No. 85745
**GOODRICH & GEIST, P.C.**
3634 California Avenue
Pittsburgh, PA 15212
Tel: (412) 766-1455
Fax: (412) 766-0300
josh@goodrichandgeist.com

**ATTORNEYS FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**

# Table of Contents

Table of Contents ..................................................................................................................i

Table of Authorities..............................................................................................................ii

Table of Exhibits..................................................................................................................iv

A.     Introduction. ...............................................................................................................1

B.     Weinmann and the Day-Rate ROW Agents Were Subject to the Same Pay Practice.................1

C.     Conditional Certification is Appropriate. ...................................................................2

        1.     Conditional Certification in This Case is Different Than *Clark v. CLS*. .......................2

        2.     The Third Circuit Standard for Conditional Certification is Lenient. ...........................3

        3.     The Third Circuit Uses a Two-Step Approach in Issuing Notice to Potential Class Members. ..................................................................................................................3

        4.     Day Rate Compensation Schemes are Well-Suited for Conditional Certification. ........5

        5.     Notice is Appropriate Because Weinmann Meets the Lenient Standard. .....................5

D.     The Court Should Approve Weinmann's Notice Packet and Notice Methods..........................7

        1.     Notice via U.S. First Class Mail, email, and text message is appropriate. .....................8

        2.     Weinmann Should be Allowed to Send Reminder Notice in the Same Form as the Initial Notice and Follow-up with Select Class Members by Phone..............................10

E.     Conclusion................................................................................................................10

CERTIFICATE OF CONFERENCE ..................................................................................11

CERTIFICATE OF SERVICE .............................................................................................12

# TABLE OF AUTHORITIES

Page(s)

Cases

*Bellaspica v. PJPA, LLC*,
 3 F. Supp. 3d 257 (E.D. Pa 2014) ...................................................................................8

*Bhumithanarn v 22 Noodle Mkt. Corp.*,
 No. 14-C-2625, 2015 WL 4240985 (S.D.N.Y. July 13, 2015) ........................................9

*Bland v. Calfrac Well Servs. Corp.*,
 2013 WL 4054594 (W.D. Pa. Aug. 12, 2013) .................................................................8

*Bland v. Pnc Bank, N.A.*,
 2015 WL 7587365 (W.D. Pa. Nov. 25, 2015) .................................................................8

*Brashier v. Quincy Prop., LLC*,
 No. 17-C-3022, 2018 WL 1934069 (C.D. Ill. April 24, 2018).........................................9

*Burns v. Chesapeake Energy, Inc.*,
 No. SA-15-cv-1016-RP, 2017 WL 1842937 (W.D. Tex. Mar. 14, 2017).........................8

*Campo v. Granite Servs. Int'l, Inc.*,
 584 F. Supp. 3d 1337 (N.D. Ga. 2022) ............................................................................9

*Desio v. Russell Road Food & Beverage, LLC*,
 No. 15-C-1440, 2017 WL 4349220 (D. Nev. Sept. 29, 2017) .........................................9

*Diabate v. MV Transp., Inc.*,
 2015 WL 4496616 (E.D. Pa. July 20, 2015) ................................................................3, 6

*Dunkel v. Warrior Energy Servs., Inc.*,
 304 F.R.D. 193 (W.D. Pa. Dec. 23, 2014) .......................................................................6

*Dyson v. Stuart Petroleum Testers, Inc.*,
 308 F.R.D. 510 (W.D. Tex. 2015) .................................................................................10

*Gagliastrate v. Capt. George's Seafood Restaurant, LP*,
 2018 WL 9848232 (E.D. Va. Mar. 13, 2018) ..................................................................9

*Hively v. Allis-Chalmers Energy, Inc.*,
 No. 13-106, 2013 WL 5936418 (W.D. Pa. Nov. 5, 2013) ............................................3, 5

*Hoffman-La Roche, Inc. v. Sperling*,
 493 U.S. 165 (1989) ................................................................................................ 3, 4, 9

*In re Enterprise Rent-A-Car Employment Pracs. Litig.*,
 No. 2056, 2010 WL 3447783 (W.D. Pa. Aug. 13, 2010) ................................................6

*Irvine v. Destination Wild Dunes Mgmt., Inc.*,
 132 F.Supp.3d 707 (D.S.C. 2015) ...................................................................................9

*Jaso v. Bulldog Connection Specialists LLC*,
 No. 2:15-CV-269, 2015 WL 11144603 (S.D. Tex. Oct. 15, 2015) ..................................8

*Jones v. JGC Dallas LLC*,
 No. 3:11-CV-2743-O, 2012 WL 6928101 n.9 (N.D. Tex. Nov. 29, 2012) ......................8

*Kolasa v. BOS Sols., Inc.*,
 No. CV 17-1087, 2018 WL 3370675 (W.D. Pa. May 10, 2018) ..............................passim

*Landry v. Swire Oilfield Services, L.L.C.*,
 252 F. Supp. 3d 1079 (D.N.M. 2017) ..............................................................................9

*Meals v. Keane Frac GP LLC*,
    2017 WL 2445199 (W.D. Pa. June 6, 2017) .................................................................. 4, 5, 7

*Myers v. Hertz Corp.*,
    624 F.3d 537 (2d Cir. 2010) ..................................................................................................4

*Outlaw v. Secure Health, L.P.*,
    No. 3:11-cv-602, 2012 WL 3150582 (M.D. Pa. Aug. 2, 2012) ...........................................5

*Pearsall-Dineen v. Freedom Mortg. Corp.*,
    27 F. Supp 3d. 567 (D.N.J. 2014) ........................................................................................8

*Pecora v. Big M. Casino, Inc.*,
    2019 WL 302592 (D.S.C. Jan. 23, 2019) .............................................................................7

*Pereira v. Foot Locker, Inc.*,
    261 F.R.D. 60 (E.D. Pa. 2009) .............................................................................................6

*Talarico v. Public P'ships, LLC*,
    No. 5:17-cv-02165, 2018 WL 3972332, at *6 (E.D. Pa. Aug. 20, 2018) ............................5

*Prejean v. O'Brien's Response Management, Inc.*,
    2013 WL 5960674 (E.D. La. Nov. 6, 2013) ........................................................................5

*Regan v. City of Hanahan*,
    2:16-cv-1077, 2017 WL 1386334, at *3 (D.S.C. Apr. 17, 2017) ........................................9

*Rosebar v. CSWS, LLC*,
    No. 18-C-7081, 2020 WL 43015 (N.D. Ill. Jan. 3, 2020) ....................................................9

*Russell v. Grubb & Assoc., Inc.*,
    2019 WL 5872476 (E.D. Tenn. Aug. 15, 2019) ...................................................................8

*Sperling v. Hoffmann-La Roche, Inc.*,
    118 F.R.D. 392 (D.N.J. Jan. 5, 1988) ..................................................................................4

*Swales [v. KLLM Transport Services, LLC*,
    985 F.3d 430 (5th Cir. 2021) ............................................................................................2, 3

*Sylvester v. Wintrust Fin. Corp.,* No. 12 C,
    01899, 2013 WL 5433593 (N.D. Ill. Sept. 30, 2013) ..........................................................7

*Symczyk v. Genesis HealthCare Corp.*,
    656 F.3d 189 (3d Cir. 2011) ........................................................................................ 1, 3, 4

*Tamez v. BHP Billiton Petroleum (Americas), Inc.*,
    No. 5:15-cv-330-RP, 2015 WL 7075971 (W.D. Tex. Oct. 5, 2015) ....................................5

*Thompson v. Peak Energy Servs. USA, Inc.*,
    2013 WL 5511319 (W.D. Pa. Oct. 4, 2013) ........................................................................9

*Vargas v. Gen. Nutrition Ctr., Inc.*,
    No. 2:10-cv-867, 2012 WL 3544733 (W.D. Pa. Aug. 16, 2012) .........................................6

*Whitlow v. Crescent Consulting, LLC*,
    322 F.R.D. 417 (W.D. Okla. Aug. 14, 2017) .......................................................................5

*Zavala v. Wal Mart Stores Inc.*,
    691 F.3d 527 (3d Cir. 2012) .............................................................................................3, 4

Statutes

29 U.S.C. § 216(b) ........................................................................................................................3

# TABLE OF EXHIBITS

| Exhibit No. | Description |
|:---:|---|
| 1 | Proposed Notice and Consent Forms and Scripts |
| 2 | Proposed Notice Methods and Timeline |
| 3 | Employee Placement Form (Jennifer Crager) |
| 4 | Employee Placement Form (Christian Hollenkamp) |
| 5 | Employee Placement Form (M. Larid Scheer) |
| 6 | Declaration of Gayl Weinmann |
| 7 | Declaration of Jennifer Crager |
| 8 | Declaration of Brittney Minogue |

A.   **INTRODUCTION.**

Weinmann requests the Court conditionally certify and authorize notice to be sent to:

> **All Right of Way Agents who worked for, or on behalf of, CLS who were paid a day rate with no overtime in the past three years. (Day-Rate ROW Agents).**

To facilitate notice, Weinmann requests the Court (1) approve her proposed notice and consent forms (*see* Ex. 1); and (2) approve and authorize her proposed notice methods and timeline (*see* Ex. 2). Weinmann's burden is low. She only needs to "produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the [CLS's] alleged policy affected her and the manner in which it affected other employees." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192-93 (3d Cir. 2011), *rev'd on other grounds* 569 U.S. 66, 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013). Weinmann's evidence meets and surpasses the Third Circuit's lenient standard for conditional certification by showing Weinmann and the Day-Rate ROW Agents were subject to the same pay practice and policy—they were paid a day-rate without overtime compensation. Therefore, the Court should grant Weinmann's Motion and authorize her to send notice to the Day-Rate ROW Agents.

B.   **WEINMANN AND THE DAY-RATE ROW AGENTS WERE SUBJECT TO THE SAME PAY PRACTICE.**

CLS operates is "[o]ne of the largest independent right of way and land services companies in the nation." *See* https://contractlandstaff.com/about-us/cls-companies (last visited November 17, 2022). It has "provide[d] a combination of service solutions for electric transmission and distribution, utility, public infrastructure, wind and solar, rail, pipeline, and telecommunications clients since 1985." *Id.* "CLS has been involved in planning, managing, and executing the acquisition and negotiation of thousands of fee purchase and leaseholds, all through the successful interaction with countless landowners on regional and interstate projects across North America." To achieve its business objectives, CLS employs right of way agents, like Weinmann. Exhibit 2; *see also* https://contractlandstaff.com/careers/job-openings (last visited November 17, 2022).

Weinmann and the current opt-in plaintiffs (*see* Doc. 5) are just a few of the Day-Rate ROW Agents employed by CLS. They worked as right of way agents throughout the limitations period. *See* Ex. 6, Weinmann Decl. ¶ 2; Ex. 7, Crager Decl. ¶ 2; Ex. 8, Minogue Decl. ¶ 2. CLS required Weinmann and the Day-Rate ROW Agents to work well more than 40 hours per week. Ex. 6 ¶¶ 4, 5; Ex. 7 ¶¶ 4, 5; Ex. 8 ¶¶ 4, 5. So Weinmann and the Day-Rate ROW Agents customarily worked more than 40 hours a week. Ex. 6, at ¶¶ 4, 5, 14; Ex. 7 ¶¶ 4, 5, 14; Ex. 8 ¶¶ 4, 5, 14. CLS paid Weinmann and the Day-Rate ROW Agents the same day rate for each day worked, regardless of whether they worked over or under 40 hours that week. Ex. 6, at ¶ 6; Ex. 7 ¶ 6; Ex. 8 ¶ 6; *see also* Ex. 3; Ex. 4; Ex. 5. Despite regularly working over 70 hours in a week, Weinmann and the Day-Rate ROW Agents did not receive overtime compensation under CLS's day-rate policy. Ex. 6, at ¶ 5-6; Ex. 7 ¶¶ 5-6; Ex. 8 ¶¶ 5-6; Ex. 3. Moreover, CLS did not pay Weinmann and the Day-Rate ROW Agents any guaranteed compensation for the weeks or days they did not work. Ex. 6, at ¶¶ 8, 9; Ex. 7 ¶¶ 8, 9; Ex. 8 ¶¶ 8, 9. And this pay practice applied to Weinmann and the Day-Rate ROW Agents "regardless of actual job title or rate of pay, or any other individualized factor." Ex. 6, at ¶ 14; Ex. 7 ¶ 14; Ex. 8 ¶ 14. Without a doubt, Weinmann and the Day-Rate ROW Agents were all subject to the same pay practice.

**C.  CONDITIONAL CERTIFICATION IS APPROPRIATE.**

    **1.  Conditional Certification in This Case is Different Than *Clark v. CLS*.**

Almost certainly, CLS will argue this Court should follow the lead of the Southern District of Texas in *Clark v. Contract Land Staff, LLC,* No. 4:20-cv-02620, Doc. 32 (Aug. 2, 2021) and Doc. 35 (Sept. 7, 2021). *See generally,* Doc. 8. But that court "utilized the Fifth Circuit's then recent decision in *Swales* [*v. KLLM Transport Services, LLC,* 985 F.3d 430 (5th Cir. 2021)]…, to determine 'whether there [were] 'similarly situated' workers who deserve to receive notice of the pending action.'" Doc. 8 at 10-11 (citing *Clark*, Doc. 32 at 4). Conversely, this Court must utilize the two-stage process—described in *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 535 (3d Cir. 2012). *Id.* The Fifth Circuit expressly

2

"reject[ed] [this] two-step certification rubric." *Swales,* 985 F.3d at 434. It instead required the *Clark* court to "**rigorously scrutinize** the realm of 'similarly situated' workers… from the outset of the case, not after a lenient, step-one 'conditional certification.'" *Id.* (emphasis added). Unlike *Clark*, this Court must utilize the two-stage process, with the lenient standard for conditional certification.

        2.        **The Third Circuit Standard for Conditional Certification is Lenient.**

An employee may bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Similarly situated employees may be found where "the class members share common terms and conditions of employment, which may be shown through the existence of a common policy, plan, or practice." *Diabate v. MV Transp., Inc.*, 2015 WL 4496616, at *5 (E.D. Pa. July 20, 2015). District courts have broad discretion to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs that they may choose to "opt-in" or bring a claim on their own behalf. *See Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989). Conditional certification only requires a "modest factual showing," which means "some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected [the named plaintiff] and the manner in which it affected other employees." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192-93 (3d Cir. 2011), *rev'd on other grounds* 569 U.S. 66, 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013) (internal citations omitted); *see also Kolasa v. BOS Sols., Inc.,* No. CV 17-1087, 2018 WL 3370675, at *3 (W.D. Pa. May 10, 2018), *adopted*, No. CV 17-1087, 2018 WL 3361269 (W.D. Pa. July 10, 2018); *Hively v. Allis-Chalmers Energy, Inc.*, No. 13-106, 2013 WL 5936418, at *3 (W.D. Pa. Nov. 5, 2013) (the "standard is not particularly high").

        3.        **The Third Circuit Uses a Two-Step Approach in Issuing Notice to Potential Class Members.**

District courts have a "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffmann-LaRoche*, 493 U.S. at 170. That responsibility extends to conditional certification in collective actions. *Id.* The benefits of

collective actions "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.* Allowing early notice and full participation by the opt-ins "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 406 (D.N.J. Jan. 5, 1988). To that end, "conditional certification" is focused on the employee notification process and has nothing to do with "class certification" in the traditional sense: "'the certification' we refer to here is only the district court's exercise of [its] discretionary power, upheld in *Hoffman*, to facilitate notice to potential class members," and "is neither necessary nor sufficient for the existence of a representative action under FLSA." *Symczyk*, 656 F.3d at 194 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010)).

Again, courts in this circuit use a two-step approach to determine whether to certify an FLSA collective action. *Zavala*, 691 F.3d at 536; *Kolasa*, 2018 WL 3370675, at *3 (citing *Meals v. Keane Frac GP LLC*, 2017 WL 2445199, at *2-3 (W.D. Pa. June 6, 2017)). Weinmann's burden at the first stage is light, requiring only that the she make a "modest factual showing" by "produc[ing] some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Symczyk*, 656 F.3d at 197. If she makes this modest factual showing, "the court [should] conditionally certify the collective action for the purposes of notice and pretrial discovery." *Id.* at 192. Only at stage two—after the parties have completed discovery and scrutinized the specific employees who choose to opt in—should "the District Court determine 'whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs.'" *Zavala*, 691 F.3d at 536. (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)). The Court has the benefit of a "much thicker record" at the second stage to enable it to make a final decision about certification. *Symczyk*, 656 F.3d at 193. Consistent with the above principles, courts deciding conditional certification motions are "careful not to delve into the merits of the case

4

or determine issues of credibility." *Outlaw v. Secure Health, L.P.*, No. 3:11-cv-602, 2012 WL 3150582, at *3 (M.D. Pa. Aug. 2, 2012).

### 4. Day Rate Compensation Schemes are Well-Suited for Conditional Certification.

Courts routinely certify cases based on a uniform pay practice alone, such as a day rate. *See, e.g.*, *Kolasa*, 2018 WL 3370675, at *7 (certifying a class of solids control technicians paid a day rate); *see also Tamez v. BHP Billiton Petroleum (Americas), Inc.*, No. 5:15-cv-330-RP, 2015 WL 7075971, at *6 (W.D. Tex. Oct. 5, 2015) (certifying class of day rate workers regardless of job position); *Prejean v. O'Brien's Response Management, Inc.*, 2013 WL 5960674 (E.D. La. Nov. 6, 2013) (certifying class of day rate workers working in over 50 different positions); *Whitlow v. Crescent Consulting, LLC,* 322 F.R.D. 417 (W.D. Okla. Aug. 14, 2017) (certifying a nationwide class of drilling consultants paid a day rate). That's because conditional certification is appropriate where the plaintiff properly alleged that the putative class members were together the victims of a single decision, policy, or plan that violated the law. *Kolasa*, 2018 WL 3370675, at *3 (citing *Meals*, 2017 WL 2445199, at *2-3).

### 5. Notice is Appropriate Because Weinmann Meets the Lenient Standard.

Again, Weinmann only needs to present "some evidence, beyond mere speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected the other employees." *Hively*, 2013 WL 5936418, at *3 (internal quotation omitted); *see also Kolasa*, 2018 WL 3370675, at *3 (citing *Meals*, 2017 WL 2445199, at *2-3). "Generally, plaintiffs meet the [lenient] standard by producing some evidence indicating common facts among the parties' claims, and/or a common policy affecting all the collective members." *Id.*

Importantly, at this first stage, the "merits of Plaintiff's claims do not need to be evaluated at this stage in order for notice to be approved and sent out to proposed conditional collective action members; this Court evaluates only whether the Plaintiffs are similarly situated." *Talarico v. Public P'ships, LLC,* No. 5:17-cv-02165, 2018 WL 3972332, at *6 (E.D. Pa. Aug. 20, 2018) (quoting *Pereira v. Foot*

*Locker, Inc.*, 261 F.R.D. 60, 63-64 (E.D. Pa. 2009)); *see also In re Enterprise Rent-A-Car Employment Pracs. Litig.*, No. 2056, 2010 WL 3447783, at *21 (W.D. Pa. Aug. 13, 2010) ("the court does not resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations"). "Although Defendant [may] argue that dissimilarities between potential opt-in plaintiffs are relevant to the issue of whether they are similarly situated, 'at this preliminary stage of the case, these differences among proposed class members and the potential impact of FLSA exemptions do not undermine Plaintiff's modest factual showing.'" *Vargas v. Gen. Nutrition Ctr., Inc.*, No. 2:10-cv-867, 2012 WL 3544733, at *8 (W.D. Pa. Aug. 16, 2012).

At the outset of a collective action, the Court does not consider the merits, only whether the plaintiff and putative class members are similarly situated. *Dunkel v. Warrior Energy Servs., Inc.,* 304 F.R.D. 193, 199 (W.D. Pa. Dec. 23, 2014). This "may be shown through the existence of a common policy, plan, or practice." *Diabate*, 2015 WL 4496616, at *5. Courts in this Circuit have repeatedly held, that uniformity of a pay practice justifies certification. *See*, *e.g.*, *Kolasa*, 2018 WL 3370675, at *3. Any variations, exceptions, or other factual dissimilarities are more appropriately evaluated in the second stage of class certification, after discovery is complete"); *Vargas*, 2012 WL 3544733, at *8 *order clarified*, 2012 WL 5336166.

Weinmann seeks collective treatment for a specific type of worker (Day-Rate ROW Agents) who were all subjected to a particular pay policy (day rate with no overtime). CLS's day rate pay scheme failed to compensate its Day-Rate ROW Agents for overtime worked, making Weinmann and all Day-Rate ROW Agents paid under this plan similarly situated. Weinmann presents ample evidence to meet the modest factual showing required demonstrating she and the Day-Rate ROW Agents together were victims of a common policy or plan alleged to violate the law. *Kolasa*, 2018 WL 3370675, at *3 (citing *Meals*, 2017 WL 2445199, at *2-3). Indeed, the record contains substantial allegations showing Weinmann and the Day-Rate ROW Agents are similarly situated because they all:

6

- Were all paid a day rate with no overtime by CLS (*see* Ex. 6 ¶¶ 3-7, 14-15; Ex. 7 ¶¶ 3-7, 14-15; Ex. 8 ¶¶ 3-7, 14-15);

- Were only paid for the days they actually worked (*Id.*);

- Were never guaranteed a salary as required for exemption from the FLSA (*see* Ex. 6 ¶¶ 8-9; Ex. 7 ¶¶ 8-9; Ex. 8 ¶¶ 8-9);

- Regularly worked in excess of 40 hours a week (*see* Ex. 6 ¶¶ 4-5; Ex. 7 ¶¶ 4-5; Ex. 8 ¶¶ 4-5); and

- Were not paid overtime for hours worked in excess of 40 hours in any given week (*see* Ex. 6 ¶¶ 7, 15; Ex. 7 ¶¶ 7, 15; Ex. 8 ¶¶ 7, 15).

The pleadings and attached declarations demonstrate CLS uniformly paid the Day-Rate ROW Agents a day rate with no overtime despite them regularly working more than 40 hours a week. This evidence is more than sufficient to meet Weinmann's modest factual burden at the initial stage of conditional certification. Thus, the Court should authorize notice be sent to the Day-Rate ROW Agents.

**D.     THE COURT SHOULD APPROVE WEINMANN'S NOTICE PACKET AND NOTICE METHODS**

"Absent reasonable objections, a plaintiff should be allowed to use the language they choose in drafting … a notice." *Pecora v. Big M. Casino, Inc.*, 2019 WL 302592, at *6 (D.S.C. Jan. 23, 2019); *see also Sylvester v. Wintrust Fin. Corp.,* No. 12 C 01899, 2013 WL 5433593, at *1 (N.D. Ill. Sept. 30, 2013). "The only thing that matters to the Court is that the notice of lawsuit and consent form convey accurately and fairly all the necessary information at this stage." *Sylvester*, 2013 WL 5433593, at *1. To facilitate the Notice process and preserve the rights of those who have not yet opted-in, Weinmann proposes the attached Notice and Consent Form (*see* Ex. 1) and Notice and Consent timeline (*see* Ex. 2) for approval by the Court. Variations of the proposed form and timeline have been adopted by courts throughout the United States. Specifically, Weinman proposes notice be sent via U.S. First Class Mail, email, and text message. And that CLS be required to produce names, addresses, email addresses, and phone numbers of the Day-Rate ROW Agents to facilitate notice.

### 1. Notice via U.S. First Class Mail, email, and text message is appropriate.

The Supreme Court acknowledged that, for employees to take advantage of the benefits of an FLSA collective action, they need to receive "accurate and timely notice" regarding the pending collective action. U.S. First Class Mail has long been an accepted method of providing notice. But with the development of technology and workers becoming more mobile, Courts now widely recognize email and text messaging as an appropriate (and necessary) method of providing timely notice. Indeed, Courts in this District and Circuit have come to recognize the importance of email notice.[1] Moreover, email notice has become an accepted—and even embraced—form of notice in FLSA collective actions nationwide. *See Rodriguez v. Stage 3 Separation, LLC*, No. 5:14-cv-603-RP, Doc. 57, at *2 (W.D. Tex. Mar. 16, 2015) (citing *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-O, 2012 WL 6928101, at *5 n.9 (N.D. Tex. Nov. 29, 2012)). Arguably, email notice should be the rule in providing class notice instead of the exception.[2] Accordingly, the Court should authorize notice via email.

Text notice should be authorized for similar reasons. The transitory nature of the Day-Rate ROW Agents' work necessitates the Court authorize both email and text notice. Ex. 6 ¶ 15, Ex. 7 ¶

---

[1] *See Kolasa*, 2018 WL 3370675, at *7 (approving notice via mail and email because "the transient nature of work performed by the putative class members and the reality that they may be away from their homes for extended periods of time"); *Bellaspica v. PJPA, LLC*, 3 F. Supp. 3d 257, 261 (E.D. Pa 2014); *Herrera v. Rolling Green Landscape and Design, Inc.*, No 2:17-cv-03176-NIQA, Doc. 27 (E.D. Pa. Jan. 30, 2018); *Bland v. Pnc Bank, N.A.*, 2015 WL 7587365, at *3 (W.D. Pa. Nov. 25, 2015); *Bland v. Calfrac Well Servs. Corp.*, 2013 WL 4054594, at *3 (W.D. Pa. Aug. 12, 2013); *Serrette v. Patriot Drilling Fluids*, No. 2:17-cv-00914-AJS, Doc. 36 (W.D. Pa. Oct. 5, 2017); *Matte v. Greene's Energy Grp., LLC.*, No. 2:16-cv-01258-DSC, Doc. 17 (W.D. Pa. Mar. 3, 2017); *Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F. Supp 3d. 567, 574 (D.N.J. 2014); *Ornelas v. Hooper Holmes, Inc.*, 2014 WL 70518682014 (D.N.J. Dec. 12, 2014).

[2] *See Stage 3 Separation*, No. 5:14-cv-603-RP, Doc. 57, at *2 ("Many people use their email address as their primary point of contact, and in almost every situation, more opt-in plaintiffs will be on notice of a pending collective action if the potential class members are also notified via email."); *Jaso v. Bulldog Connection Specialists LLC*, No. 2:15-CV-269, 2015 WL 11144603, at *5 (S.D. Tex. Oct. 15, 2015) ("notice by e-mail will more likely reach potential class members than regular mail sent to the home address …."); *Burns v. Chesapeake Energy, Inc.*, No. SA-15-cv-1016-RP, 2017 WL 1842937, at *9 (W.D. Tex. Mar. 14, 2017) (there is no "valid reason why the parties should not agree to e-mail notice in the year 2017"); *Russell v. Grubb & Assoc., Inc.*, 2019 WL 5872476, at *8 (E.D. Tenn. Aug. 15, 2019) (""In addition, email has been described as 'an inexpensive, non-invasive, effective way to ensure that notice is received in a timely manner.'").

15, Ex. 8 ¶ 16. Courts across the country have recognized that "[c]ommon sense dictates that the transitory nature of [potential plaintiffs] jobs makes notice via text message entirely appropriate." *Rosebar v. CSWS, LLC*, No. 18-C-7081, 2020 WL 43015, at *3 (N.D. Ill. Jan. 3, 2020) (citing *Brashier v. Quincy Prop., LLC*, No. 17-C-3022, 2018 WL 1934069, at *6-7 (C.D. Ill. April 24, 2018) (text-message notice is appropriate if workforce is transitory).[3] This Court should do the same.

FLSA plaintiffs are "entitled to specific discovery to determine the names and addresses of the putative class members" to facilitate notice. *Hoffmann-LaRoche*, 493 U.S. 165, at 169. In addition, to facilitate email and text notice, it is equally important to discover the email addresses and phone numbers for potential class members. Again, many of these workers are no longer employed by CLS, and they typically work in remote locations for long periods of time, making it difficult for them to receive regular mail. *Kolasa*, 2018 WL 3370675, at *7 (ordering the production of names, mailing addresses, and email addresses); *Thompson v. Peak Energy Servs. USA, Inc.*, 2013 WL 5511319, at *3 (W.D. Pa. Oct. 4, 2013) (same). Accordingly, the Court should authorize notice by U.S. First Class Mail, email, and text message and order CLS to produce the information necessary to effectuate such notice.

---

[3] *See also Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F.Supp.3d 707, 711 (D.S.C. 2015) ("The request that notice be distributed via direct mail, email and text messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication."); *Self, Jr. v. Quinn's Rental Services (USA), LLC*, No. 4:15-cv-01569, Min. Entry dated Feb. 29, 2016 (S.D. Tex. Feb. 29, 2016) (approving text message notice and noting that text message notice "[s]eems … to be the natural extension of the cases that say you can certainly do this by email"); *Regan v. City of Hanahan*, 2:16-cv-1077, 2017 WL 1386334, at *3 (D.S.C. Apr. 17, 2017) ("Mail, email and text message notice is reasonable because, in today's mobile society, individuals are likely to retain their mobile numbers and email addresses even when they move."); *Gagliastrate v. Capt. George's Seafood Restaurant, LP*, 2018 WL 9848232, at *5 (E.D. Va. Mar. 13, 2018) (authorizing notice via mail, email, and text message); *Campo v. Granite Servs. Int'l, Inc.*, 584 F. Supp. 3d 1337, 1350 (N.D. Ga. 2022); *Landry v. Swire Oilfield Services, L.L.C.*, 252 F. Supp. 3d 1079 (D.N.M. 2017); *Desio v. Russell Road Food & Beverage, LLC*, No. 15-C-1440, 2017 WL 4349220, at *5 (D. Nev. Sept. 29, 2017); *Sziber v. Dominion Energy, Inc.*, No. 3:20-cv-00117, Doc. 51 (E.D. Va., Jan. 7, 2021); *Bhumithanarn v 22 Noodle Mkt. Corp.*, No. 14-C-2625, 2015 WL 4240985, at *5 (S.D.N.Y. July 13, 2015).

### 2. Weinmann Should be Allowed to Send Reminder Notice in the Same Form as the Initial Notice and Follow-up with Select Class Members by Phone.

Weinmann requests the certification schedule in this matter allow him to send an identical reminder notice by mail and email half-way through the 60-day opt-in period. Courts in this District have found reminder notices beneficial for putative class members who work away from home and ensures that they are made aware of their rights. *See*, *e.g.*, *Kolasa*, 2018 WL 3370675, at *7 (authorizing remainder notice).

Weinmann also requests that the certification schedule in this matter accommodate the follow-up of Day-Rate ROW Agents by telephone if their mailed or emailed Notice and Consent Forms are undeliverable. *See, McDonald v. Encompass Services, LLC.*, No. 2:16-cv-01203-LPL, Doc. 29 (W.D. Pa. Dec. 20, 2016) (granting follow-up by telephone contact, posting of notices, email and mail delivery, and reminders). As courts have noted, "telephone numbers … provide a more stable means of contacting a person who has moved than a mailing address." *Jaso*, No. 2:15-cv-269, Doc. 17 (citing *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 516-517 (W.D. Tex. 2015)). For this reason, Weinmann requests that the certification schedule accommodates follow-up telephone calls by Class Counsel to those Day-Rate ROW Agents whose contact information, during the course of the class certification schedule, is shown to be incorrect or no longer valid.

### E. CONCLUSION.

For these reasons, Weinmann satisfied her modest factual burden to show the Day-Rate ROW Agents were the victims of a common policy or plan (CLS's day rate with no overtime plan) alleged to violate the FLSA. Thus, the Court should grant Weinmann's Motion and authorize Notice to the Day-Rate ROW Agents.

Respectfully submitted,

By: */s/ Richard M. Schreiber*
    **Michael A. Josephson**
    Texas State Bar No. 24014780
    **Andrew Dunlap**
    Texas Bar No. 24078444
    **Richard M. Schreiber**
    Texas State Bar No. 24056278
    **JOSEPHSON DUNLAP, LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    Tel: (713) 751-0025
    Fax: (713) 751-0030
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    rschreiber@mybackwages.com

    **Joshua P. Geist**
    PA. I.D. No. 85745
    **GOODRICH & GEIST, P.C.**
    3634 California Ave.
    Pittsburgh, PA 15212
    Tel: (412) 766-1455
    Fax: (412)766-0300
    josh@goodrichandgeist.com

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

This motion is necessary because Plaintiffs and Defendant cannot agree to the conditional certification of this matter.

*/s/ Richard M. Schreiber*
**Richard M. Schreiber**

## CERTIFICATE OF SERVICE

On November 22, 2022, I served a copy of this document on all registered parties and/or their counsel of record, via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

*/s/ Richard M. Schreiber*
**Richard M. Schreiber**
