UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| GAYL WEINMANN, Individually and for Others Similarly Situated<br><br>*Plaintiff,*<br><br>vs.<br><br>CONTRACT LAND STAFF, LLC<br><br>*Defendant.* | CASE NO. 2:22-CV-1140-CCW<br><br>Collective Action (29 U.S.C. § 216(b))<br><br>Class Action (Fed. R. Civ. P. 23) |

**DEFENDANT CONTRACT LAND STAFF, LLC'S**
**MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Defendant Contract Land Staff, LLC ("CLS" or "Defendant"), by and through its attorneys, submits this Memorandum in Support of its Partial Motion to Dismiss Plaintiff Gayl Weinmann's ("Plaintiff") claim under the Illinois Wage Payment and Collection Act ("IWPCA") as alleged in Plaintiff's First Amended Collective & Class Action Complaint ("FAC").

**I.     STATEMENT OF THE ISSUES**

1.    Whether Plaintiff's claim under the IWPCA fails as a matter of law because the FAC fails to allege that CLS breached an employment contract or agreement to pay certain wages to Plaintiff.

**II.     INTRODUCTION**

In this wage-and-hour misclassification lawsuit, Plaintiff seeks to represent a group of putative class members who worked for CLS in Illinois in the last ten years (the "IL Class Members") but initially failed to assert in her Original Collective & Class Action Complaint ("Original Complaint") any claim with a ten-year statute of limitations to sustain the putative class.

After this Court struck her overbroad class definition, Plaintiff has now filed her FAC to add a claim under the IWPCA[1] based on the same factual allegations in her Original Complaint. It is well-established, however, that the IWPCA is not the proper statutory vehicle for Plaintiff to pursue claims predicated on alleged violations of ***statutory*** obligations to pay overtime as required by the Fair Labor Standards Act ("FLSA") and its state law equivalents like the Illinois Minimum Wage Law ("IMWL"). In order to sustain an IWPCA claim, Plaintiff must allege that CLS breached a ***contractual*** obligation to pay her certain wages pursuant to an employment contract or agreement between the two parties, which she fails to do so in either her Original Complaint or the FAC.

Here, Plaintiff's wage-and-hour claims are **not** based on any alleged failure by CLS to honor a contractual obligation to pay certain wages. Rather, the essence of Plaintiff's theory of liability in this case is that there was an "agreement" to pay her a "day rate," which CLS honored, but the alleged "day rate" pay system failed to meet the salary basis test under the FLSA and the IMWL; consequently, Plaintiff claims she was entitled to, but never received, overtime pay during workweeks in which she allegedly worked over 40 hours. Nowhere in the FAC does Plaintiff argue CLS failed to comply with any contract or agreement to pay wages between Plaintiff or any IL Class Members and CLS. Indeed, both iterations of Plaintiff's complaint make clear that this is a wage-and-hour *misclassification* lawsuit based on purported violations of statutory (and not contractual) obligations. Accordingly, Plaintiff's IWPCA claim fails as a matter of law and should be dismissed with prejudice, and the IL Class should be struck as overbroad in temporal scope consistent with this Court's prior ruling.

---

[1] IWPCA claims are subject to a ten-year statute of limitations. *See House v. Illinois Bell Tel. Co.*, 148 F. Supp. 3d 701, 705 (N.D. Ill. 2015).

### III. STATEMENT OF FACTUAL ALLEGATIONS[2]

In her FAC, Plaintiff asserts various wage and hour claims under four different statutes—the FLSA, the IMWL, the IWPCA, and the Pennsylvania Minimum Wage Act ("PMWA"). *See* Dkt. 26 ("FAC"), ¶ 1. The factual basis underlying all four of Plaintiff's statutory claims is that she and other Right of Way Agents ("ROW Agents") employed by CLS were allegedly paid a "day rate" without overtime compensation, including during workweeks when they allegedly worked more than 40 hours in a week. *Id.* at ¶¶ 2–8.

Specifically, Plaintiff alleges that CLS utilized a "day rate pay scheme" instead of a "salary" to compensate its ROW Agents. *Id.* at ¶¶ 32–34. Under this alleged compensation system, Plaintiff "received a day rate for *each day* she worked for CLS" but "did not receive any overtime pay" despite working more than 40 hours during an unspecified number of workweeks. *Id.* at ¶¶ 40–41 (emph. added). Plaintiff further alleges that she should have been classified as "non-exempt" and "should have received overtime compensation" for those workweeks in which she worked over 40 hours. *Id.* at ¶ 35. This alleged failure to pay overtime forms the basis for Plaintiff's IWPCA claim. *Id.* at ¶ 121 ("The IMWL and IWPCA require employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 in any one week.").

### IV. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A claim has facial plausibility when the plaintiff pleads factual content

---

[2] For purposes of this Motion to Dismiss only, CLS does not dispute the allegations asserted in the FAC but reserves the right to challenge such allegations after the pleadings stage.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The Court must accept as true the allegations in the complaint and construe them in favor of the plaintiff, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* In reviewing a Rule 12(b)(6) motion, it is well-established that a court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).

### V.     ARGUMENTS AND AUTHORITIES

**A.     Plaintiff's IWPCA Claim Should Be Dismissed Because There Is No Allegation that CLS Breached an Employment Contract or Agreement to Pay Certain Wages to Plaintiff.**

Under the IWPCA, an employee is entitled to compensation only where it is owed "pursuant to an employment contract or agreement":

> For all employees, other than separated employees, "wages" shall be defined as any compensation owed an employee by an employer ***pursuant to an employment contract or agreement between the 2 parties***, whether the amount is determined on a time, task, piece, or any other basis of calculation.

820 ILCS § 115/2 (emph. added). Importantly, the IWPCA does **not** provide an independent right to payment of wages or benefits; instead, it only enforces the terms of an existing contract or agreement. *See Brown v Lululemon Athletica, Inc.*, No. 10-cv-5672, 2011 WL 741254, at *3 (N.D. Ill. Feb. 24, 2011) ("It is well established that an employee can have no claim under the IWPCA unless the employer and employee agreed that the former would compensate the latter for the particular work allegedly performed"). To survive a motion to dismiss an IWPCA claim, an employee must affirmatively establish that a "contract or agreement" exists and that the employee failed to receive the agreed-upon compensation pursuant to that "contract or agreement." *See*

4

*DeMarco v. Nw. Mem'l Healthcare*, No. 10-cv-397, 2011 WL 3510896, at *6 (N.D. Ill. Aug. 10, 2011) (dismissing IWPCA claim where plaintiff cited insufficient evidence of an "agreement"). Indeed, courts have readily dismissed IWPCA claims where the complaint fails to allege that the employee was owed compensation pursuant to a specific employment contract or agreement. *See, e.g., Brand v. Comcast Corp.*, No. 12-cv-1122, 2012 WL 5845639, at *2-5 (N.D. Ill. Nov. 19, 2012); *Smith v. C.H. James Restaurant Holdings, LLC*, No. 11-cv-5545, 2012 WL 255806, at * 2 (N.D. Ill. Jan. 26, 2012); *Palmer v. Great Dane Trailers*, No. 05-cv-1410, 2005 WL 1528255, at *4 (N.D. Ill. Jun. 28, 2005).

Construing the FAC liberally, Plaintiff has alleged the existence of an employment contract or agreement, specifically an agreed-upon "day rate pay scheme" that CLS allegedly used to compensate Plaintiff and other ROW Agents. FAC, ¶ 33. But critically, the FAC is devoid of any allegation that CLS failed to adhere to this "day rate pay scheme" or otherwise breached this alleged "contract or agreement." In fact, Plaintiff affirmatively alleges that CLS paid her the agreed-upon "day rate for *each day* she worked for CLS." *Id.* at ¶ 40; *see also id.* at ¶ 72 ("All the Class Members were paid a day rate without overtime."). There is also no allegation in the FAC that CLS ever paid Plaintiff or any other ROW Agent in an amount less than the agreed-upon day rate. Accordingly, Plaintiff's IWPCA claim fails as a matter of law because the FAC is devoid of any allegation that Plaintiff is "owed" certain compensation "*pursuant to* an employment contract or agreement." 820 ILCS § 115/2 (emph. added).

**B.     Plaintiff's Allegations of Unpaid Overtime Fail to Sustain an IWPCA Claim as a Matter of Law.**

The essence of Plaintiff's wage-and-hour claims in this action is an alleged failure by CLS to comply with certain *statutory* obligations to pay overtime required by federal and state laws. Because Plaintiff fails to allege that her "contract or agreement" with CLS entitled her to overtime,

5

such claims for unpaid overtime can only be brought under the FLSA and IMWL, **not** the IWPCA. *See Jaramillo v. Garda, Inc.*, No. 12-cv-662, 2012 WL 1378667, at *2 (N.D. Ill. Apr. 20, 2012) ("There is no indication that . . . the Illinois legislature or courts have considered the IWPCA an appropriate mechanism for enforcing the overtime wage laws."); *Palmer*, 2005 WL 1528255, at *4 (where plaintiff had suggested no agreement that itself required the employer to pay overtime, the correct vehicle for the overtime claim was the FLSA or IMWL); *DeMarco*, 2011 WL 3510896, at *6 ("Unlike FLSA and IMWL, IWPCA does not establish a substantive right to overtime pay.") (citing *Hall v. Sterling Park Dist.*, No. 08-cv-50116, 2011 WL 1748710, at *6 (N.D. Ill. May 4, 2011)). Even the Illinois Department of Labor has taken the position that claims for unpaid overtime should not be brought under the IWPCA. *See Jaramillo*, 2012 WL 1378667, at *3 (citing Illinois DOL's interpretative regulations).

Here, it is evident that Plaintiff's primary motivation in adding an IWPCA claim is to avail herself of the IWPCA's ten-year statute of limitations in an effort to avoid this Court's prior ruling that the IL Class is overbroad in temporal scope. Plaintiff is far from the only party to have tried this maneuver, and courts have consistently rejected such attempts by plaintiffs to extend the FLSA and IMWL's maximum three-year statute of limitations to ten years merely by tacking on an additional claim under the IWPCA. *See, e.g., Brand v. Comcast Corp.*, No. 12-cv-1122, 2013 WL 1499008, at *3 (N.D. Ill. Apr. 11, 2013) (granting motion to dismiss plaintiff's IWPCA claim and noting that plaintiff "tacked the claim onto the complaint in order to take advantage of the IWPCA's statute of limitations—10 years compared to the IMWL's and FLSA's 3 years"); *Palmer*, 2005 WL 1528255, at *3 ("In support of its motion to dismiss Palmer's IWPCA claim, . . . GDLP argues that Palmer cannot use the IWPCA to extend the statute of limitations for any claims under the FLSA or IMWL which are time barred. The Court agrees with GDLP.").

6

Consistent with this well-established body of case law, this Court should dismiss Plaintiff's IWPCA claim with prejudice and reinforce its November 29, 2022 Order striking the IL Class as overbroad in temporal scope.

## VI.   CONCLUSION

Based on the foregoing, CLS respectfully requests that this Court grant its Partial Motion to Dismiss and enter an order dismissing Plaintiff's IWPCA claim with prejudice and without further leave to amend. Upon dismissal of the IWPCA claim, the Court should reinforce its November 29, 2022 Order striking the IL Class as overbroad in temporal scope, thereby limiting the proposed class definition for Plaintiff's remaining IMWL claim to a three-year period. CLS further requests that the Court award it any other relief that this Court deems fair and just.

Date: December 27, 2022

Respectfully submitted,

/s/ Meghaan C. Madriz
Meghaan C. Madriz (*pro hac vice*)
mmadriz@mcguirewoods.com
Texas Bar No. 24070241
S.D. Tex. No. 1062431
MCGUIREWOODS LLP
600 Travis Street, Suite 7500
Houston, Texas 77002
(832) 255-6365 Telephone
(832) 214-9935 Facsimile

Adam T. Simons
Pa. Id. No. 322256
MCGUIREWOODS LLP
500 East Pratt Street, Suite 1000
Baltimore, Maryland 21202
410-659-4417
asimons@mcguirewoods.com

**ATTORNEYS FOR DEFENDANT CONTRACT LAND STAFF, LLC**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing instrument has served on all counsel of record in accordance with the Federal Rules of Civil Procedure using the ECF system on this 27th day of December 2022.

                                           */s/ Meghaan C. Madriz*

                                           Meghaan C. Madriz