**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | | |
|---|---|---|
| GAYL WEINMANN, Individually and for Others Similarly Situated, | § § § | |
| *Plaintiff*, | § § | CASE NO. 2:22-cv-01140-CCW |
| v. | § § | |
| CONTRACT LAND STAFF, LLC, | § § | |
| *Defendant*. | § § | |

**DEFENDANT CONTRACT LAND STAFF, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**FIRST AMENDED COLLECTIVE & CLASS ACTION COMPLAINT**

Defendant Contract Land Staff, LLC ("CLS") files this Answer and Affirmative Defenses ("Answer")[1] in response to Plaintiff Gayl Weinmann's ("Plaintiff") First Amended Collective & Class Action Complaint ("Amended Complaint"), denies that it has violated the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), the Illinois Minimum Wage Law ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"), or is otherwise subject to liability to Plaintiff for the claims asserted in the Amended Complaint, and denies that there is an appropriate class of similarly situated individuals for this action to proceed as a class or collective action.

## I. SUMMARY

1.      As Amended Complaint paragraph 1 merely summarizes Plaintiff's claims, no response is necessary.  To the extent a response is necessary, CLS admits that Plaintiff purports to bring this action on behalf of herself and other purportedly "similarly situated" individuals to

---

[1] CLS files this Answer subject to its contemporaneously-filed Partial Motion to Dismiss Plaintiff's claim under the Illinois Wage Payment and Collection Act.

recover alleged unpaid overtime wages and other damages under the FLSA, PMWA, IMWL, and IWPCA. However, CLS denies that it has engaged in unlawful conduct, denies that Plaintiff is entitled to any relief, and denies that this action is appropriate as either a class or collective action.

2.      As Amended Complaint paragraph 2 merely summarizes Plaintiff's claims, no response is necessary.  To the extent a response is necessary, CLS admits it employed Plaintiff in different job roles including Right of Way Agent.  However, Plaintiff did not hold the position of Right of Way Agent during the statute of limitations period applicable to her FLSA, PMWA, and IMWL claims.

3.      As Amended Complaint paragraph 3 merely summarizes Plaintiff's claims, no response is necessary.  To the extent a response is necessary, CLS denies the allegations in Amended Complaint paragraph 3.

4.      As Amended Complaint paragraph 4 merely summarizes Plaintiff's claims, no response is necessary.  To the extent a response is necessary, CLS admits that Plaintiff and other Right of Way Supervisors and Right of Way Agents did not receive overtime in these exempt positions.

5.      As Amended Complaint paragraph 5 merely summarizes Plaintiff's claims, no response is necessary.  To the extent a response is necessary, CLS denies the allegations in Amended Complaint paragraph 5.

6.      As Amended Complaint paragraph 6 merely summarizes Plaintiff's claims, no response is necessary.  To the extent a response is necessary, CLS denies the allegations in Amended Complaint paragraph 6.

7.      As Amended Complaint paragraph 7 merely summarizes Plaintiff's claims, no response is necessary.  To the extent a response is necessary, CLS denies the allegations in

Amended Complaint paragraph 7.

8.    As Amended Complaint paragraph 8 merely summarizes Plaintiff's claims, no response is necessary.  To the extent a response is necessary, CLS admits that Plaintiff purports to bring this lawsuit as a class and collective action and seeks to recover alleged unpaid overtime wages and other damages on behalf of an alleged class and collective. However, CLS denies that it has engaged in unlawful conduct, denies that Plaintiff is entitled to any relief, and denies that this action is appropriate as either a class or collective action.

## II.    JURISDICTION AND VENUE

9.    Amended Complaint paragraph 9 contains conclusions of law to which no response is necessary.  To the extent a response is necessary, CLS admits this Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1331 based on Plaintiff's FLSA claims and 28 U.S.C. § 1367 based on Plaintiff's state law claims, if Plaintiff's allegations are true, but CLS denies that it has violated the FLSA, PMWA, IMWL, or IWPCA, committed any wrongdoing, or that a class or collective action is appropriate.

10.    Amended Complaint paragraph 10 contains conclusions of law to which no response is necessary. To the extent a response is necessary, CLS denies that venue is proper in this judicial district, denies that a substantial portion of the events giving rise to this action occurred in this judicial district, and denies that it has violated the FLSA, PMWA,  IMWL, or IWPCA, or committed any wrongdoing.

## III.    THE PARTIES

11.    CLS denies the allegations in Amended Complaint paragraph 11.

12.    CLS denies the allegations in Amended Complaint paragraph 12.

13.    CLS admits that Plaintiff purports to bring an FLSA collective action and class action under Federal Rule of Civil Procedure 23 ("Rule 23") on behalf of herself and "all other similarly situated Right of Way Agents who were paid through Defendant's day rate system." CLS denies that it has violated the FLSA, PMWA, IMWL, or IWPCA, denies that this action should proceed as a collective action, denies that Plaintiff has asserted an appropriate class, and denies that such a class should be certified. Therefore, CLS denies the allegations in Amended Complaint paragraph 13, except as expressly admitted.

14.    CLS denies the allegations in Amended Complaint paragraph 14.

15.    CLS admits that Plaintiff purports to bring an FLSA collective action on behalf of herself and the FLSA Class Members (as defined in Amended Complaint paragraph 15). CLS denies that it has violated the FLSA, denies that this action should proceed as a collective action, denies that Plaintiff has asserted an appropriate class, denies that Plaintiff could represent the class, and denies that such a class should be certified. Therefore, CLS denies the allegations in Amended Complaint paragraph 15, except as expressly admitted.

16.    CLS admits that Plaintiff purports to bring a class action claim under Rule 23 and the PMWA for "[a]ll Right of Way Agents who worked for, or on behalf of, CLS who were paid a day rate with no overtime in the past three years in Pennsylvania." CLS denies that it has violated the PMWA, denies that this action should proceed as a class action, denies that Plaintiff has asserted an appropriate class, denies that Plaintiff could represent the class, and denies that such a class should be certified. Therefore, CLS denies the allegations in Amended Complaint paragraph 16, except as expressly admitted.

17.    CLS admits that Plaintiff purports to bring a class action claim under Rule 23, the IMWL, and the IWPCA for "[a]ll Right of Way Agents who worked for, or on behalf of, CLS who

were paid a day rate with no overtime in the past ten years in Illinois." CLS denies that it has violated the IMWL or the IWPCA, denies that this action should proceed as a class action, denies that Plaintiff has asserted an appropriate class, denies that Plaintiff could represent the class, and denies that such a class should be certified. Therefore, CLS denies the allegations in Amended Complaint paragraph 17, except as expressly admitted.

18.    Amended Complaint paragraph 18 sets forth the definition of the term "Class Members" as used by Plaintiff in the Amended Complaint and thus no response is necessary.  To the extent a response is necessary, CLS denies the allegations in Amended Complaint paragraph 18, except as expressly admitted.

19.    CLS denies the allegations in Amended Complaint paragraph 19.

20.    CLS denies that it is a Delaware corporation, as CLS is a Delaware limited liability company.  CLS admits the remainder of the allegations in Amended Complaint paragraph 20.

## IV.    COVERAGE UNDER THE FLSA, PMWA, AND IMWL

21.    Amended Complaint paragraph 21 states conclusions of law to which no response is necessary.  To the extent a response is necessary, CLS admits the allegations in Amended Complaint paragraph 21.

22.    Amended Complaint paragraph 22 states conclusions of law to which no response is necessary.  To the extent a response is necessary, CLS admits the allegations in Amended Complaint paragraph 22.

23.    Amended Complaint paragraph 23 states conclusions of law to which no response is necessary.  To the extent a response is necessary, CLS admits the allegations in Amended Complaint paragraph 23.

24.     Amended Complaint paragraph 24 states conclusions of law to which no response is necessary.  To the extent a response is necessary, CLS admits the allegations in Amended Complaint paragraph 24.

25.     Amended Complaint paragraph 25 states conclusions of law to which no response is necessary.  To the extent a response is necessary, CLS admits the allegations in Amended Complaint paragraph 25.

26.     Amended Complaint paragraph 26 states conclusions of law to which no response is necessary.  To the extent a response is necessary, CLS denies the allegations in Amended Complaint paragraph 26.

## V.     FACTS

27.     CLS admits the allegations in Amended Complaint paragraph 27, but clarifies that CLS provides consulting on FERC-related projects as opposed to "regulatory consultation regarding FERC."

28.     CLS admits the allegations in Amended Complaint paragraph 28 regarding the specific states in which it operates and its provision of right of way services. Except as expressly admitted, CLS denies the allegations in Amended Complaint paragraph 28.

29.     CLS denies the allegations in Amended Complaint paragraph 29.

30.     CLS admits that it employed Plaintiff in various roles including Right of Way Agent, but not during the statute of limitations applicable to her FLSA, PMWA, and IMWL claims. CLS denies any remaining allegations in Amended Complaint paragraph 30.

31.     CLS denies the allegations in Amended Complaint paragraph 31.

32.     CLS denies the allegations in Amended Complaint paragraph 32.

33.     CLS denies the allegations in Amended Complaint paragraph 33.

34.     CLS denies the allegations in Amended Complaint paragraph 34.

35.     CLS denies the allegations in Amended Complaint paragraph 35.

36.     CLS denies the allegations in Amended Complaint paragraph 36.

37.     CLS denies the allegations in Amended Complaint paragraph 37.

38.     CLS admits the allegations in Amended Complaint paragraph 38.

39.     CLS denies the allegations in Amended Complaint paragraph 39.

40.     CLS denies the allegations in Amended Complaint paragraph 40.

41.     CLS admits that Plaintiff did not receive overtime in her exempt position.  Except as expressly admitted, CLS denies the allegations in Amended Complaint paragraph 41.

42.     CLS denies the allegations in Amended Complaint paragraph 42.

43.     CLS denies the allegations in Amended Complaint paragraph 43.

44.     CLS admits that Plaintiff worked in accordance with the schedule set by CLS and/or its clients, but denies the remainder of the allegations in Amended Complaint paragraph 44.

45.     CLS denies the allegations in Amended Complaint paragraph 45.

46.     CLS denies the allegations in Amended Complaint paragraph 46.

47.     CLS denies the allegations in Amended Complaint paragraph 47.

48.     CLS admits that it required Plaintiff to follow certain of CLS' policies and procedures, but denies the remainder of the allegations in Amended Complaint paragraph 48.

49.     CLS admits that Plaintiff was required to adhere to certain of the quality standards put in place by CLS, but denies the remainder of the allegations in Amended Complaint paragraph 49.

50.     CLS denies the allegations in Amended Complaint paragraph 50.

51.     CLS denies the allegations in Amended Complaint paragraph 51.

52.    CLS denies the allegations in Amended Complaint paragraph 52.

53.    CLS denies the allegations in Amended Complaint paragraph 53 to the extent they do not accurately reflect or fully describe the various roles and responsibilities of Plaintiff.  Except as expressly admitted, CLS denies the allegations in Amended Complaint paragraph 53.

54.    CLS admits the allegations in Amended Complaint paragraph 54 as it relates to Plaintiff and CLS only.  Except as expressly admitted, CLS denies the allegations in Amended Complaint paragraph 54.

55.    CLS admits that Right of Way Agents do not have the power to hire or fire any employees.  Except as expressly admitted, CLS denies the allegations in Amended Complaint paragraph 55.

56.    CLS denies the allegations in Amended Complaint paragraph 56.

57.    CLS denies the allegations in Amended Complaint paragraph 57.

58.    CLS admits that Plaintiff did not receive overtime in her exempt position.  Except as expressly admitted, CLS denies the allegations in Amended Complaint paragraph 58.

59.    CLS denies the allegations in Amended Complaint paragraph 59.

60.    CLS admits that counsel for Plaintiff previously filed suit against CLS in the United States District Court for the Southern District of Texas asserting substantially identical allegations and claims.  Except as expressly admitted, CLS denies the allegations in Amended Complaint paragraph 60.

61.    CLS denies the allegations in Amended Complaint paragraph 61.

62.    CLS denies the allegations in Amended Complaint paragraph 62.

63.    CLS denies the allegations in Amended Complaint paragraph 63.

## VI.    COLLECTIVE AND CLASS ACTION ALLEGATIONS

64.    CLS admits that Plaintiff purports to bring this lawsuit as a collective action under the FLSA and as a class action under the PMWA, IMWL, and IWPCA. However, CLS denies that it has engaged in unlawful conduct, denies that Plaintiff is entitled to any relief, denies that Plaintiff is a representative plaintiff, and denies that this action is appropriate as either a class or collective action.    Except as expressly admitted, CLS denies the allegations in Amended Complaint paragraph 64.

65.    CLS denies the allegations in Amended Complaint paragraph 65.

66.    CLS denies the allegations in Amended Complaint paragraph 66.

67.    CLS denies the allegations in Amended Complaint paragraph 67.

68.    CLS denies the allegations in Amended Complaint paragraph 68.

69.    CLS denies the allegations in Amended Complaint paragraph 69.

70.    Amended Complaint paragraph 70 states conclusions of law to which no response is necessary.  To the extent a response is required, CLS denies that this action should proceed as a class or collective action and, therefore, denies the allegations in Amended Complaint paragraph 70.

71.    Amended Complaint paragraph 71 states conclusions of law to which no response is necessary. To the extent a response is required, CLS denies that this action should proceed as a class or collective action and, therefore, denies the allegations in Amended Complaint paragraph 71.

72.    CLS denies the allegations in Amended Complaint paragraph 72.

73.    CLS denies the allegations in Amended Complaint paragraph 73.

74.    CLS denies the allegations in Amended Complaint paragraph 74.

75.     CLS denies the allegations in Amended Complaint paragraph 75.

76.     CLS denies the allegations in Amended Complaint paragraph 76.

77.     CLS denies the allegations in Amended Complaint paragraph 77.

78.     CLS denies the allegations in Amended Complaint paragraph 78.

79.     CLS denies the allegations in Amended Complaint paragraph 79.

80.     CLS denies the allegations in Amended Complaint paragraph 80.

81.     CLS denies the allegations in Amended Complaint paragraph 81.

82.     CLS denies the allegations in Amended Complaint paragraph 82.

83.     CLS denies the allegations in Amended Complaint paragraph 83.

84.     CLS denies the allegations in Amended Complaint paragraph 84.

85.     CLS denies the allegations in Amended Complaint paragraph 85.

86.     CLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Amended Complaint paragraph 86 and, therefore, denies the allegations.

87.     CLS denies the allegations in Amended Complaint paragraph 87 and further denies that this action may properly be maintained as a class or collective action, let alone promote judicial economy or provide for judicial consistency to certify it as such.

88.     CLS denies that there are common questions of law and fact and denies the remaining allegations contained in Amended Complaint paragraph 88.

89.     CLS denies that there are common questions of law and fact and denies the remaining allegations contained in Amended Complaint paragraph 89 and any subparts. CLS further denies that it engaged in any unlawful conduct, that Plaintiff or any other alleged class member is entitled to any relief, and that this action is appropriate as a class or collective action.

90.     CLS denies the allegations in Amended Complaint paragraph 90.

91.    CLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Amended Complaint paragraph 91 and, therefore, denies the allegations.

92.    CLS denies the allegations in Amended Complaint paragraph 92.

93.    CLS admits that Plaintiff and other Right of Way Supervisors  and Right of Way Agents did not receive overtime in these exempt positions.  Except as expressly admitted, CLS denies the allegations in Amended Complaint paragraph 93.

94.    CLS denies the allegations in Amended Complaint paragraph 94.

95.    CLS denies the allegations in Amended Complaint paragraph 95.

96.    CLS denies the allegations in Amended Complaint paragraph 96.

97.    CLS denies the allegations in Amended Complaint paragraph 97 and further denies that this action may properly be maintained as a class or collective action.

98.    CLS denies the allegations in Amended Complaint paragraph 98.

## VII.    VIOLATIONS OF THE FLSA

99.    CLS admits that Plaintiff purports to bring this lawsuit as a collective action under the FLSA. However, CLS denies that it has engaged in unlawful conduct, denies that Plaintiff is entitled to any relief, and denies that this action is appropriate as either a class or collective action. Except as expressly admitted, CLS denies the allegations in Amended Complaint paragraph 99.

100.    CLS denies the allegations in Amended Complaint paragraph 100.

101.    CLS denies the allegations in Amended Complaint paragraph 101.

102.    CLS admits that counsel for Plaintiff previously filed suit against CLS in the United States District Court for the Southern District of Texas asserting substantially identical allegations and claims.  Except as expressly admitted, CLS denies the allegations in Amended Complaint paragraph 102.

103.    CLS denies the allegations in Amended Complaint paragraph 103.

104.    Amended Complaint paragraph 104 contains allegations of the amount of damages to which no response is necessary. To the extent a response is necessary, CLS denies that Plaintiff or anyone else is entitled to any damages or relief, including specifically the damages and relief requested in Amended Complaint paragraph 104.

105.    Amended Complaint paragraph 105 contains allegations of the amount of damages to which no response is necessary. To the extent a response is necessary, CLS denies that Plaintiff or anyone else is entitled to any damages or relief, including specifically the damages and relief requested in Amended Complaint paragraph 105.

### VIII.   VIOLATIONS OF THE PMWA

106.    CLS admits that Plaintiff purports to bring this lawsuit as a Rule 23 class action under the PMWA. However, CLS denies that it has engaged in unlawful conduct, denies that Plaintiff is entitled to any relief, and denies that this action is appropriate as either a class or collective action.  Except as expressly admitted, CLS denies the allegations in Amended Complaint paragraph 106.

107.    CLS denies the allegations in Amended Complaint paragraph 107.

108.    Amended Complaint paragraph 108 states conclusions of law to which no response is necessary. To the extent a response is necessary, CLS denies that it is subject to the requirements of the PMWA with respect to all alleged class members. Except as expressly denied, CLS admits the allegations in Amended Complaint paragraph 108.

109.    Amended Complaint paragraph 109 states conclusions of law to which no response is necessary. To the extent a response is necessary, CLS denies that all alleged class members have state law claims under the PMWA and further denies that this action should be maintained as a

class action. Except as expressly denied, CLS admits the allegations in Amended Complaint paragraph 109.

110.    Amended Complaint paragraph 110 states conclusions of law to which no response is necessary. To the extent a response is necessary, CLS denies that all alleged class members who have performed work in Pennsylvania have state law claims under the PMWA and further denies that this action should be maintained as a class action. Except as expressly denied, CLS admits the allegations in Amended Complaint paragraph 110.

111.    CLS denies the allegations in Amended Complaint paragraph 111.

112.    Amended Complaint paragraph 112 states conclusions of law to which no response is necessary. To the extent a response is necessary, CLS admits that the PMWA generally requires employers to pay non-exempt employees at one and one-half (1.5) times their regular rate of pay for hours worked in excess of 40 in a workweek.  Except as expressly admitted, CLS denies the allegations in Amended Complaint paragraph 112.

113.    CLS denies the allegations in Amended Complaint paragraph 113.

114.    Amended Complaint paragraph 114 contains allegations of the amount of damages to which no response is necessary. To the extent a response is necessary, CLS denies that Plaintiff or anyone else is entitled to any damages or relief, including specifically the damages and relief requested in Amended Complaint paragraph 114.

115.    Amended Complaint paragraph 115 contains allegations of the amount of damages to which no response is necessary. To the extent a response is necessary, CLS denies that Plaintiff or anyone else is entitled to any damages or relief, including specifically the damages and relief requested in Amended Complaint paragraph 115.

## IX.    VIOLATIONS OF THE IMWL AND IWPCA

116.    CLS admits that Plaintiff purports to bring a Rule 23 class action under the IMWL and IWPCA, but CLS denies that it has violated the IMWL or IWPCA, or that any purported class member is entitled to any relief under the IMWL or IWPCA, and further denies that this action should be maintained as a Rule 23 class action. Thus, except as expressly admitted, CLS denies the allegations in Amended Complaint paragraph 116.

117.    CLS denies the allegations in Amended Complaint paragraph 117.

118.    Amended Complaint paragraph 118 states conclusions of law to which no response is necessary. To the extent a response is necessary, CLS denies that it is subject to the requirements of the IMWL and IWPCA with respect to Plaintiff or all class members during the relevant statutory period. Except as expressly denied, CLS admits the allegations in Amended Complaint paragraph 118.

119.    CLS denies the allegations in Amended Complaint paragraph 119.

120.    CLS admits that Plaintiff has at times performed work for CLS within the State of Illinois.   Except as expressly admitted, CLS denies the allegations in Amended Complaint paragraph 120.

121.    Amended Complaint paragraph 121 states conclusions of law to which no response is necessary. To the extent a response is necessary, CLS admits that the IMWL generally requires employers to pay non-exempt employees at one and one-half (1.5) times their regular rate of pay for hours worked in excess of 40 in a workweek.   Except as expressly admitted, CLS denies the allegations in Amended Complaint paragraph 121.

122.    CLS denies the allegations in Amended Complaint paragraph 122.

123.    Amended Complaint paragraph 123 contains allegations of the amount of damages to which no response is necessary. To the extent a response is necessary, CLS denies that Plaintiff or anyone else is entitled to any damages or relief, including specifically the damages and relief requested in Amended Complaint paragraph 123.

124.    Amended Complaint paragraph 124 contains allegations of the amount of damages to which no response is necessary. To the extent a response is necessary, CLS denies that Plaintiff or anyone else is entitled to any damages or relief, including specifically the damages and relief requested in Amended Complaint paragraph 124.

## X.    JURY DEMAND

125.    Plaintiff has demanded a trial by jury for all issues of fact to which no response is necessary.

## XI.    RELIEF SOUGHT

126.    CLS denies that Plaintiff or anyone else is entitled to any damages or relief, including specifically the damages and relief requested in Amended Complaint paragraph 126, subparts a-g.

## XII.    GENERAL DENIAL

127.    CLS denies all Amended Complaint allegations that it does not specifically admit.

## XIII.    AFFIRMATIVE AND OTHER DEFENSES

CLS alleges on information and belief and asserts the following distinct and separate defenses in response to the allegations in the Amended Complaint, as well as against members of the purported collective and class actions, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

128.    Plaintiff's Amended Complaint, in whole or in part, fails to state a claim against CLS upon which relief can be granted and should therefore be dismissed.

129.    Plaintiff's claims, or the claims she seeks to assert on behalf of others, must fail to the extent that they are barred by the applicable statute of limitations. The statute of limitations under the FLSA is two years, unless Plaintiff can prove a willful violation (in which case the statute of limitations is three years). Plaintiff's claims do not arise out of a willful violation.

130.    CLS did not willfully refuse or fail to pay Plaintiff or any putative class or collective action member in violation of any applicable provision of the FLSA or state wage and hour law. To the contrary, CLS paid Plaintiff and any putative class or collective action member in compliance with any applicable provision of the FLSA and/or state law, and at no time did CLS act to circumvent any obligations under the FLSA and/or state law. However, if CLS is found to have violated the FLSA and/or state law, which allegation CLS denies, CLS neither knew that its conduct violated the FLSA and/or state law, nor showed reckless disregard for whether its actions complied with the FLSA and/or state law. Consequently, CLS' actions were not "willful" and a two-year statute of limitations should apply pursuant to 29 U.S.C. § 255(a), thus barring Plaintiff's claims.

131.    Any cause of action or claim for damages stated in Plaintiff's Amended Complaint under the PMWA and IMWL are barred by the applicable statute of limitations. The statute of limitations under both the PMWA and IMWL is three years.

132.    To the extent Plaintiff's claims or the claims of any putative class or collective action member are otherwise barred in whole or in part by the applicable statute of limitations, estoppel, waiver, unclean hands, laches, or by any other defense or affirmative defense, CLS asserts those defenses (including, without limitation, estoppel, waiver, and any other applicable

defense for failure to disclose the claim in bankruptcy).

133.    Plaintiff's IWPCA claim and the IWPCA claims of members of the IL Class fail because the Amended Complaint contains no allegation that Plaintiff or any IL Class member breached an employment contract or agreement to pay certain wages.

134.    Plaintiff's claims and the claims of any class member under either the PMWA, IMWL, or IWPCA are preempted in whole or in part by federal law (including the FLSA).

135.    Plaintiff's pay and the pay of any putative class or collective action member were at all times in compliance with applicable provisions of the FLSA, PMWA, IMWL, and IWPCA.

136.    If any overtime is owed, an allegation which CLS denies, such amounts are limited to half-time (one-half of Plaintiff's or the putative collective action member's regular rate of pay) because Plaintiff and the putative collective action members received their compensation for all hours worked.

137.    Plaintiff's claims and the claims of each putative class or collective action member are barred because Plaintiff and the putative class or collective action members were exempt from the overtime requirements pursuant to one or more exemptions.

138.    Plaintiff and each putative class or collective action member did not work in excess of 40 hours during some or all of the workweeks relevant to this lawsuit.

139.    Any time for which Plaintiff or any putative class or collective action member allegedly was not compensated, if any, was *de minimis* and not compensable time worked as a matter of law.

140.    Any deductions to Plaintiff's or a putative class or collective action member's salary was in accordance with the permissible deductions under the FLSA, PMWA, IMWL, and/or IWPCA.

141.    To the extent Plaintiff or any putative class or collective action member was paid for time for which he or she was not performing work for CLS or was on call, these amounts should not be included in the regular rate if any overtime is owed (which CLS denies).

142.    The FLSA, PMWA, IMWL, and IWPCA claims of Plaintiff and any putative class or collective action member fail to the extent they lack sufficient evidence to prove, as a matter of just and reasonable inference, the amount and extent of the work they allegedly performed during their purported employment with CLS for which CLS did not properly compensate them.

143.    If CLS is found to have failed to pay Plaintiff or any putative class or collective action member, which allegation CLS denies, any such amounts were based on hours worked without the knowledge or constructive knowledge of CLS.

144.    Any of Plaintiff's or each putative class or collective action member's preliminary or postliminary activities are not compensable time worked as a matter of law.

145.    If CLS is found to have failed to pay Plaintiff or any putative class or collective action member any amount due, which allegation CLS denies, any act or omission giving rise to such failure was in good faith, and CLS had reasonable grounds for believing that its act or omission did not violate the FLSA, PMWA, IMWL, or IWPCA. Consequently, CLS is not liable for liquidated damages pursuant to 29 U.S.C. § 260.

146.    Plaintiff's claims and the claims of any putative class or collective action member may be barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent that actions in connection with the compensation of Plaintiff or any putative class or collective action member were taken in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, opinion letters, and written and unwritten administrative practices or enforcement policies of the Administrator of

the Wage and Hour Division of the United States Department of Labor.

147.    This action cannot be maintained as a collective action because the requirements for such an action cannot be met with respect to the purported collective class definition pled.

148.    This action cannot be maintained as a collective action because the allegations, facts, and defenses relating to Plaintiff individually will not support a collective action.

149.    This action cannot be maintained as a collective action or class action because Plaintiff's collective and class action claims are barred by the doctrine of collateral estoppel; thus, Plaintiff and any putative class or collective action member are prohibited from relitigating issues relating to collective or class action certification that had previously been litigated in *Cosmo Clark v. Contract Land Staff, LLC*, Case No. 4:20-cv-02620 (filed in the United States District Court for the Southern District of Texas).

150.    This action cannot be maintained as a nationwide collective action because this Court lacks personal jurisdiction with respect to putative collective action members who are not based in Pennsylvania and/or whose FLSA claims do not arise out of or relate to CLS' minimum contacts with Pennsylvania.

151.    This action cannot be maintained in this judicial district because CLS does not reside within this judicial district and a substantial portion of the events giving rise to this action did not occur within this judicial district; thus, venue is not proper in this judicial district.

152.    There is no class of persons similarly situated to Plaintiff with respect to the application of the FLSA and, therefore, this action may not be maintained as a collective action, nor is Court-facilitated notice proper pursuant to 29 U.S.C. § 216(b).

153.    Plaintiff's claims cannot be maintained as a collective action because Plaintiff is not an adequate collective action representative and issues pertaining to Plaintiff are not

sufficiently particular to all putative collective action members.

154.    Plaintiff's claims and the claims of each putative collective action member are matters in which individual questions predominate and, accordingly, are not appropriate for collective treatment pursuant to 29 U.S.C. § 216(b).

155.    Plaintiff's claims and the claims of any alleged class members against CLS are barred, in whole or in part, because this action may not be maintained as a class action pursuant to Rule 23.

156.    Plaintiff's claims on behalf of any alleged class members against CLS are barred, in whole or in part, because Plaintiff is not a proper class representative pursuant to Rule 23.

157.    Plaintiff has not satisfied and cannot satisfy the requirements for certification of any type of class under the Federal Rules of Civil Procedure or state law, whichever may be applicable, and this action may not be properly maintained as any type of class action, collective action, or representative action because:

      a.  Plaintiff has failed to plead and cannot establish the necessary procedural elements and requirements for treatment as such an action and such treatment is neither appropriate nor constitutional;

      b.  Such an action is not an appropriate method for the fair and efficient adjudication of the claims described in Plaintiff's Amended Complaint;

      c.  Common issues of fact or law which are of legal significance do not predominate and any common facts or law are insignificant compared to the individual facts and issues particular to Plaintiff and any putative class members she purports to represent;

      d.  Plaintiff is not similarly situated to any of the putative class members she

purports to represent and her claims and defenses are not representative or typical of the claims and defenses of such alleged putative class members and the putative class members as described in the Amended Complaint are not similarly situated to each other;

e. Plaintiff is not a proper class representative and lacks standing to assert the legal rights or interests of the putative class members she purports to represent;

f. Plaintiff is not an adequate representatives for any alleged putative classes because she is not able to fairly and adequately represent and protect the interests of all of the putative class members she purports to represent;

g. There is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the putative class members she purports to represent;

h. The number of putative class members is too small to meet the numerosity requirement or is not so large that joinder of the individual members would not be impractical; and

i. Plaintiff's claims and the claims of putative class members are not proper for class or collective certification because neither a class nor collective action is superior to other available methods for fair and efficient adjudication of this matter.

158.    Thus, Plaintiff fails to satisfy the prerequisites for a class action under Rule 23.

159.    The adjudication of the claims of any putative class or collective action in this case through generalized classwide proof violates CLS' right to due process and right to trial by jury guaranteed by the United States and Pennsylvania Constitutions.

160.    Plaintiff cannot recover any damages or duplicative relief under state law to the

extent that such damages or relief are duplicative of damages or relief realized through an FLSA claim.

161.    CLS reserves the right to rely upon such other defenses and affirmative defenses as may become available or apparent during discovery proceedings in this case.

## XIV.   CONCLUSION

Therefore, CLS respectfully requests that this Court issue such orders and judgment as required to establish and provide that:

a.    No collective action or class action certification be issued in this case;

b.    Plaintiff's claims and, if a class or collective action is certified, the claims of all other collective action members who opt in to this case and class action members who do not opt out of this case be dismissed with prejudice;

c.    0Plaintiff and, if a class or collective action is certified, all other collective action members who opt in to and class action members who do not opt out of this case take nothing by this action; and

d.    CLS be granted all other relief to which it is entitled or for which this Court may deem just and proper.

Date: December 27, 2022                    Respectfully submitted,

                                           _/s/ Meghaan C. Madriz_____

                                           Meghaan C. Madriz (*pro hac vice*)
                                           mmadriz@mcguirewoods.com
                                           Texas Bar No. 24070241
                                           S.D. Tex. No. 1062431
                                           MCGUIREWOODS LLP
                                           600 Travis Street, Suite 7500
                                           Houston, Texas 77002

(832) 255-6365 Telephone
(832) 214-9935 Facsimile

Adam T. Simons
Pa. Id. No. 322256
MCGUIREWOODS LLP
500 East Pratt Street, Suite 1000
Baltimore, Maryland 21202
410-659-4417
asimons@mcguirewoods.com

**ATTORNEYS FOR DEFENDANT**
**CONTRACT LAND STAFF, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has served on all counsel of record in accordance with the Federal Rules of Civil Procedure using the ECF system on this 27th day of December 2022 as follows:

Michael A. Josephson
PA Bar No. 308410
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
Taylor S. Montgomery
Texas Bar No. 24106326
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
tmontgomery@mybackwages.com

Richard J. (Rex) Burch
Texas Bar No. 24001807
BRUCKNER BURCH, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

Joshua P. Geist
PA Bar No. 85745
GOODRICH & GEIST, P.C.
3634 California Avenue
Pittsburgh, PA 15212
Tel: (412) 766-1455
Fax: (412) 766-0300

***Attorneys for Plaintiff***

*/s/ Meghaan C. Madriz*
Meghaan C. Madriz