**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| GAYL WEINMANN, Individually and for Others Similarly Situated,<br><br>v.<br><br>CONTRACT LAND STAFF, LLC | Case No. 2:22-CV-1140<br><br>Collective Action (29 U.S.C. § 216(b))<br><br>Class Action (Fed. R. Civ. P. 23) |

**WEINMANN'S RESPONSE TO CLS'S**
**PARTIAL MOTION TO DISMISS (DOC. 27)**

**1.   SUMMARY.**

CLS admits Weinmann pled the existence of an employment agreement. Doc. 28 at 5. Nevertheless, it says this Court should dismiss Weinmann's Illinois Wage Payment and Collection Act (IWPCA) claim because she did not allege CLS specifically "promised" to pay her overtime. *Id.* at 5-6. But a plaintiff does not have to show the existence of formal contractual terms to prevail under the IWPCA, merely facts from which an "agreement" can be inferred. And because Illinois law includes all existing statutory requirements as implied terms of an agreement, it is "reasonable that parties engaging in an agreement for employment would assume the agreement terms would not violate the law—such as providing for overtime pay where legally required." *Partlow v. Johnson*, No. 3:18-CV-01441-DGW, 2018 WL 5312335, at *3 (S.D. Ill. Oct. 26, 2018). Moreover, despite CLS's suggestion to the contrary, the Illinois Minimum Wage Law (IMWL) does not prevent Weinman from collecting overtime pay under the IWPCA. *See, e.g.,* 820 Ill. Comp. Stat. Ann. 105/13 (specifically preserving claims that are more favorable to employees than the IMWL). Thus, CLS's motion should be denied.

**2.   LEGAL STANDARD.**

"The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." *Hensley v. Collins,* No. CV 17-86, 2018 WL 4233021,

at *2 (W.D. Pa. Aug. 15, 2018), *adopted,* No. CV 17-0086, 2018 WL 4224067 (W.D. Pa. Sept. 5, 2018) (quoting *Tracinda Corp. v. DaimlerChrysler AG,* 197 F. Supp. 2d 42, 53 (D. Del. 2002)). In reviewing a 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts, and drawing reasonable inferences in the plaintiff's favor. *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008).

Furthermore, a motion to dismiss will be denied if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556–57). A plaintiff is not required to prove her case at the pleading stage, and the Court does not examine the merits of claims or weigh the evidence when considering a Rule 12(b)(6) motion. *Twombly*, 550 U.S. at 556. At this stage, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555 (citation and quotation marks omitted). "[O]nly if a reasonable person could not draw . . . an inference from the alleged facts would the defendant prevail on a motion to dismiss." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

3. **WEINMANN ALLEGED SUFFICIENT FACTS UNDER THE IWPCA.**

The IWPCA requires every employer, "at least semi-monthly, to pay every employee all wages earned during the semimonthly pay period." *See* 820 ILCS § 115/3. The IWPCA's primary objective is to ensure employees receive all earned benefits upon leaving the employer. *See Kim v. Citigroup, Inc.*, 368 Ill.App.3d 298, 306 (1st Dist. 2006). As such, the IWPCA provides employees with a cause of action for payment of earned wages. *See Soh v. Target Mktg. Sys., Inc.*, 353 Ill.App.3d 126, 129 (1st Dist.2004).

To prevail on an IWPCA claim, a plaintiff must have an employment agreement relating to the payment of the wage at issue. *Gallardo v. Scott Byron & Co.*, No. 12-CV-7202, 2014 WL 126085, at *14 (N.D. Ill. Jan. 14, 2014). But an "agreement" under the IWPCA is "broader than a contract," and "requires only a manifestation of mutual assent on the part of two or more persons." *Hess v. Kanoski & Assocs.*, 668 F.3d 446, 452 (7th Cir. 2012) (quoting *Zabinsky v. Gelber Grp., Inc.*, 347 Ill.App.3d 243, 283 2004)). The agreement need not be a "formally negotiated contract," nor must it contain the "formalities and accompanying legal protections of a contract." *Gallardo*, 2014 WL 126085, at *14 (quotations omitted).

Moreover, "it is also the law of Illinois that statutes in existence at the time a contract is executed are deemed, in the absence of contractual language to the contrary, part of the contract as though they were expressly incorporated therein." *Selcke v. New England Ins. Co.*, 995 F.2d 688, 689 (7th Cir. 1993) (collecting Illinois cases). "The existing laws, statutes, and ordinances become implied terms of the contract as a matter of law." *McMahon v. Chicago Mercantile Exch.*, 221 Ill. App. 3d 935, 945, 582 N.E.2d 1313, 1319 (1991). The IMWL—which has required overtime in Illinois for decades—is therefore deemed to be a part of any employment contract. *Selcke,* 995 F.2d at 689. As a result, the terms of IWPCA prohibiting employers from withholding any amount of the lawfully required wages are implied in Weinmann's employment agreement with CLS.

In her Complaint, Weinmann alleges she worked for CLS in Illinois and other states from July 2010 through October 2019, receiving a flat rate for each day worked. Doc. 26 ¶¶ 11-12, 120. By CLS assigning Weinmann to her job duties and through Weinmann's performance of the duties, the parties mutually assented to Weinmann engaging in work that was not exempt from overtime under the IMWL. These allegations, which the Court must at this stage accept as true, reasonably suggest that Weinmann has pled facts establishing an agreement between the parties relating to Weinmann's performance of nonexempt work. *Id.*

CLS says Weinmann's claims are not cognizable under the IWPCA because she did not plead that the parties entered into an express agreement regarding an overtime rate. Doc. 28 at 5-6. CLS cites to several cases, but those cases do not support its contention. *Id.* at 6. In fact, courts in Illinois have specifically noted "[t]he reasoning of *Jaramillo* [*v. Garda, Inc.,* No. 12-cv-662, 2012 WL 1378667 (N.D.Ill. Apr. 20, 2012)] is … no longer valid." *Wharton v. Comcast Corp.,* 912 F. Supp. 2d 655, 661 (N.D. Ill. 2012). In *Jaramillo*, "the court dismissed an IWPCA claim in part because it concluded that the Illinois Department of Labor took the position that the IWPCA did not cover overtime violations." *Id.* (citing *Jaramillo,* 2012 WL 1378667 at *3). "The court's conclusion rested on the Department of Labor's form for filing a wage claim under the IWPCA, which included no spot to allege an overtime claim and instructed claimants with overtime claims to use the IMWL form instead." *Id.* But "after *Jaramillo* came down, … the Department of Labor began using a new form including a spot for IWPCA claimants to claim overtime violations." *Id.* (citing Ill. Dep't of Labor, Wage Claim Application 1). So "to the extent the opinion of the [Illinois] Department of Labor is authoritative, it supports the court's determination that [Weinmann's] IWPCA claim for overtime violations may proceed here." *Id.*

CLS also cites to *Palmer v. Great Dane Trailers*, No. 05 C 1410, 2005 WL 1528255, at *3 (N.D. Ill. June 28, 2005) and *DeMarco v. Nw. Mem'l Healthcare*, No. 10 C 397, 2011 WL 3510896, at *6 (N.D. Ill. Aug. 10, 2011). Doc. 28 at 6. Not only were both pre-*Wharton*, but their reasoning is unsound. Recall, the IWPCA only requires an "agreement," not a contract. *Gallardo*, 2014 WL 126085, at *14. Agreements, by their very nature, are less formal than written contracts for employment. *Landers-Scelfo v. Corp. Off. Sys., Inc.,* 827 N.E.2d 1051, 1059 (2005). So not only do *Palmer* and *DeMarco* fail to address Illinois's requirement that existing statutes be incorporated as an implied term, those decisions effectively require a plaintiff to affirmatively bargain for overtime pay regardless of their legal right to such compensation. The court in *Partlow*, 2018 WL 5312335, at *4, recognized this error. There, the

4

defendant made essentially the same argument CLS makes here, alleging that "because the parties did not enter into an agreement regarding an overtime rate, [the plaintiff's] claims are not cognizable under the IWPCA." *Id.* at *2. The court disagreed, saying "[i]t is reasonable that parties engaging in an agreement for employment would assume the agreement terms would not violate the law — such as providing for overtime pay where legally required." *Id.*

Under Illinois law (and the FLSA for that matter), nothing about payment on a day rate basis is inconsistent with an entitlement to overtime pay. Indeed, Illinois's Administrative Code explains how to calculate the overtime owed to employees paid based on "day rates." Ill. Admin. Code tit. 56, § 210.430. Similarly, the FLSA expressly explains how day rate employees are to be paid overtime. 29 C.F.R. § 778.112. Because being paid on a "day rate" is *consistent* with receiving overtime, nothing about Weinmann's agreement to be paid on a day rate basis is evidence she "negotiate[d] away her right to overtime[.]" *Partlow*, 2018 WL 5312335, at *2. Thus, Weinmann had every right to assume CLS would comply with the law when paying her. Perhaps more to the point, her admitted arrangement with CLS would presumptively include payment of overtime (consistent with existing law). Nothing further is required.

Since Weinmann alleged facts supporting an agreement for purposes of the IWPCA, she is not limited to only asserting her claim for overtime under the FLSA and IMWL. *See also,* 820 Ill. Comp. Stat. Ann. 105/13. Therefore, CLS's Motion to Dismiss Weinmann's IWPCA claims should be denied.

Alternatively, if the Court believes Weinmann has not alleged adequate facts of an agreement between the parties, Weinmann requests she be allowed leave to re-plead to cure any deficiency. *See Antonucci v. Bos. Sci. Corp.,* No. 1:20-CV-00115-CCW, 2021 WL 2646940, at *2 (W.D. Pa. June 28, 2021) (Wiegand, J).

4. **CONCLUSION.**

For these reasons, CLS's Motion to Dismiss should be denied.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
PA. I.D. No. 308410
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Richard M. Schreiber**
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**Joshua P. Geist**
PA. I.D. No. 85745
**GOODRICH & GEIST, P.C.**
3634 California Ave.
Pittsburgh, PA 15212
Tel: (412) 766-1455
Fax: (412)766-0300
josh@goodrichandgeist.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On January 16, 2023, I served a copy of this document on all registered parties and/or their counsel of record, via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

*/s/ Michael A. Josephson*
**Michael A. Josephson**

6