IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAYL WEINMANN, *individually and for others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CONTRACT LAND STAFF, LLC,<br><br>Defendant. | 2:22-CV-01140-CCW |

**OPINION AND ORDER**

Before the Court is Plaintiff Gayl Weinmann's Motion for Conditional Certification and Court-Authorized Notice, seeking conditional certification of a collective pursuant to the Fair Labor Standards Act ("FLSA").[1]  *See* ECF No. 59.  For the reasons set forth below, Ms. Weinmann's Motion will be GRANTED IN PART, such that the Court will conditionally certify an FLSA collective action and authorize notice, and will be DENIED IN PART, such that this collective action will be limited to those putative members who worked in Pennsylvania.

**I.    Background**

CLS is a land management consulting company that provides clients with services related to right-of-way, title, acquisition, permitting, regulatory, and other land management issues.  ECF No. 26 ¶ 27; *see also* ECF No. 60 at 1.  CLS is organized under the laws of Delaware and has a principal place of business in Texas.  ECF No. 63 at 23; ECF No. 63-3 ¶ 3; ECF No. 63-5.  That said, CLS operates nationwide, including in Pennsylvania.  ECF No. 63-3 ¶ 4.

---

[1] This Court has jurisdiction over this matter as the FLSA claim raises a federal question pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

Plaintiff Gail Weinmann worked for CLS as a right-of-way supervisor in Pennsylvania from 2017 to 2019. *Id.* Eight other individuals have already opted-in to this lawsuit as opt-in Plaintiffs. ECF Nos. 5, 38, 47. Opt-in Plaintiff Jennifer Crager worked as a right-of-way supervisor in Florida from 2019 to 2021, Blair Ebersold worked as a senior land representative and right-of-way agent in North Carolina and Georgia during 2020, Christian Hollenkamp worked as a senior right-of-way agent and lead right-of-way agent in Texas and Oklahoma from 2019 to 2020, Bridget Minogue worked as a senior right-of-way agent in North Carolina and Georgia from 2019 to 2020, Brittany Minogue worked as a senior right-of-way agent and lead right-of-way agent in South Carolina during 2019, Laird Scheer worked as a senior right-of-way agent in Iowa, North Dakota, and Montana from 2020 to the present, and Douglas Sexton worked as a senior right-of-way agent in Ohio during 2020. ECF No. 63-3 ¶ 13; ECF No. 5 ¶ 6.[2]

CLS assists with various land-management projects, and its tasks can vary significantly depending on the client's demands. ECF No. 63-25 ¶¶ 12–16. For example, CLS may be tasked with a renewable energy project that generally only staffs one or two workers, whereas pipeline, transmission, or public sector projects may require upwards of 150 workers. *Id.* ¶ 12; *see also* ECF No. 63-26 ¶ 3. The projects generally advance in three stages—a survey phase, an acquisition phase, and a construction phase—and CLS may be retained for all phases or only one of the phases. ECF No. 63-26 ¶ 6.

To perform its right-of-way services, CLS employs workers—known as "right-of-way agents"—who contact landowners directly, analyze appraisals, and negotiate property purchases. ECF No. 63-19 ¶ 5. These right-of-way agents have supervisors, like Ms. Weinmann, who are

---

[2] On August, 22, 2022, Ms. Crager, Mr. Deen, Mr. Hollenkamp, Ms. Bridgett Minogue, Ms. Brittany Minogue, and Mr. Scheer joined the lawsuit as opt-in plaintiffs. *See* ECF No. 5. Mr. Sexton and Ms. Ebersold followed suit on January 30, 2023 and April 9, 2023, respectively. *See* ECF Nos. 38, 47.

known as "right-of-way supervisors" and are responsible for managing right-of-way agents. ECF No. 63-3 ¶¶ 4, 8; ECF No. 63-27 ¶ 7. They also recommend whether right-of-way agents should be hired, fired, promoted, or disciplined. ECF No. 63-3 ¶ 8.

By contrast, CLS has another sub-class of its workers—known as "title agents"—who research public records about mortgages, liens, judgments, easements, proof of title, and tax documents. ECF No. 63-19 ¶ 6. Unlike right-of-way agents, title agents are considered researchers and generally do not interact with landowners. *Id.*; *see also* ECF No. 63-25 ¶ 5. In addition, there are "title supervisors," who are responsible for managing and supervising title agents, including making recommendations for hiring, firing, promoting, and disciplining title agents. ECF No. 63-3 ¶ 8; ECF No. 63-13 at 2.

All title agents, right-of-way agents, and supervisors are paid according to the same policy, which Ms. Weinmann refers to as CLS's "day rate." *See* ECF No. 60-3, 60-4, 60-5, 63-14, 63-15, 63-16, 63-17, 63-18, 63-21, 63-22, 63-24, 63-28. This policy provides:

> You will be paid the applicable Day Rate for each full day of work, subject to normal withholdings. The Day Rate will be paid in ¼ day increments, therefore, for example, you will receive ¼ of the Day Rate for ¼ day's work. For each week you perform any work, you will be paid the greater of (a) time actually worked in ¼ day increment [*sic*] at your Day Rate or (b) a guaranteed minimum salary that will be approximately 75% of your usual earnings at the assigned Day Rate for your normal scheduled workweek. The only exception to the above will be at the beginning and end of projects.

*Id.* Ms. Weinmann alleges that these day-rate workers generally worked more than forty hours a week yet were paid a flat day-rate without any overtime premium in violation of the FLSA and state wage laws.

In her First Amended Complaint, Ms. Weinmann refers to members of the putative collective as "Right-of-Way Agents," regardless of whether they are title agents, right-of-way agents, or supervisors as described above. ECF No. 26 ¶¶ 28, 51–54. In her Motion for

Conditional Certification, she refers to them as "Day-Rate ROW Agents," ECF No. 59 at 1. Pursuant to 29 U.S.C. § 216(b), she seeks conditional certification of a nationwide putative collective defined as follows:

> All Right of Way Agents who worked for, or on behalf of, CLS who were paid a day rate with no overtime in the past three years. (Day-Rate ROW Agents).

ECF No. 59 at 1. Ms. Weinmann has filed a brief and exhibits in support of her Motion. *See generally* ECF No. 60. CLS has filed its opposition to the Motion, *see* ECF No. 63, and Ms. Weinmann filed a reply and supplemental reply, *see* ECF Nos. 66, 67. CLS filed a sur-reply. ECF No. 70. Accordingly, Ms. Weinmann's Motion has now been fully briefed and is ripe for disposition.

## II.    Standard of Review

Under the FLSA, an action may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Although conceptually similar to a class action brought pursuant to Federal Rule of Civil Procedure 23—in that it provides a mechanism for litigants to gather a number of individual claims into a single action—a collective action under Section 216(b) differs from a Rule 23 class action in a number of important ways. *See Halle v. West Penn Allegheny Health Sys.*, 842 F.3d 215, 223 (3d Cir. 2016) (noting that although courts have borrowed "procedures, concepts, and nomenclature from the Rule 23 class action context . . . there remain important differences between a Rule 23 class action and a collective action"). Thus, because no "procedural rules [have] been promulgated to guide courts and parties in processing collective actions," many courts (including our Court of Appeals) have adopted a two-step procedure for determining whether an FLSA lawsuit may proceed as a collective action. *Id.* at 223–24.

4

At step one—which is the current posture of this case—a named plaintiff moves for what is known as "conditional certification." *Id.* at 224. "The 'sole consequence' of conditional certification is the dissemination of court-approved notice to potential collective action members." *Id.* (quoting *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)). This is, therefore, "not a true certification, but rather an exercise of a district court's discretionary authority to oversee and facilitate the notice process." *Id.* (citing *Zavala v. Wal-Mart Stores Inc.,* 691 F.3d 527, 536 (3d Cir. 2012)). At this initial stage, "district courts have broad discretion in directing notice to potential opt-in plaintiffs." *Bellan v. Cap. BlueCross*, 496 F. Supp. 3d 854, 860 (M.D. Pa. 2020) (citing *Hoffman-La-Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

The bar for obtaining conditional certification is not a high one; rather, plaintiff must "make a 'modest factual showing'—something beyond mere speculation—to demonstrate a factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members." *Halle*, 842 F.3d at 224 (quoting *Zavala*, 691 F.3d at 536 n.4). At the conditional certification stage, the district court must determine "whether 'similarly situated' plaintiffs do in fact exist," *Zavala*, 691 F.3d at 536 n.4 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)), and then the ultimate determination as to whether such opt-in plaintiffs are, in fact, "similarly situated" is reserved for the final certification/decertification stage, *Halle*, 842 F.3d at 226.

Finally, as relevant here to defining the proposed collective, under the FLSA, "[t]he applicable statute of limitations is three years for a willful violation, two years otherwise." *Viscomi v. Clubhouse Diner*, No. 13-4720, 2016 WL 1255713, at *6 (E.D. Pa. Mar. 31, 2016) (citing 29 U.S.C. § 255(a)). However, the filing of the named plaintiff's complaint and consent-to-sue does not toll the statute of limitations for any opt-in plaintiffs; rather, the statute of limitations for an

opt-in plaintiff continues to run until his or her individual opt-in notice is filed.  *See* 29 U.S.C. § 256(b);  *Viscomi*, 2016 WL 1255713, at *6 ("The statute of limitations continues to run for potential members until they affirmatively opt in." (citing *Symczyk v. Genesis HealthCare Corp*, 656 F.3d 189, 200 (3d Cir. 2011), *rev'd on other grounds sub nom Symczyk*, 569 U.S. 66)).  A "violation of the FLSA [is] willful if, at minimum, the employer 'showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA.]'"  *Stone v. Troy Constr., LLC*, 935 F.3d 141, 148 (3d Cir. 2019) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132–33 (1988)).

### III. Discussion

Ms. Weinmann seeks conditional certification of a nationwide collective action, consisting of "[a]ll Right of Way Agents who worked for, or on behalf of, CLS who were paid a day rate with no overtime in the past three years," and asks the Court to authorize notice for this collective.  ECF No. 59 at 1.  As set forth below, the Court will conditionally certify a collective but limit it to those putative members worked in Pennsylvania.  In addition, the Court will authorize notice to these individuals with certain modifications, outlined below, to Ms. Weinmann's proposed Notice and Consent forms.

#### A. The Court Will Conditionally Certify a Collective Action Because Ms. Weinmann Has Made a Modest Factual Showing That The Putative Members Are Similarly Situated

In her Motion for Conditional Certification, Ms. Weinmann alleges that the putative collective is "similarly situated" under 29 U.S.C. § 216(b) because all title agents, right of way agents, and supervisors were subject to a flat day rate, regardless of the total hours worked that day.  ECF No. 60 at 5.  As support, Ms. Weinmann has included declarations from four opt-in plaintiffs, three employee placement forms that describe the terms of their compensation,

deposition testimony from various CLS employees, and responses to interrogatories that CLS provided in a similar action.  *See* ECF Nos. 60-3–60-9, 66-1.

In its opposition, CLS notes that similar parties were denied conditional certification by another federal district court in *Clark v. Contract Land Staff, LLC*, No. 4:20-cv-02620, 2021 WL 4071150 (S.D. Tex. Aug. 2, 2021).  Because of this, CLS argues that the Court should deny conditional certification given that Ms. Weinmann will ultimately rely "on the same doomed legal theories" for final certification.  ECF No. 63 at 9.  The Court has already rejected extending the holding in *Clark* to this case in a previous Order, *see* ECF No. 24, and will not revisit it.  CLS argues that "at the very least" the prior decision in *Clark* means that a more rigorous, "intermediate standard" should govern the review of Ms. Weinmann's Motion for Conditional Certification.  ECF No. 63 at 9–13.  According to CLS, when the parties have already exchanged some discovery, it is appropriate to hold the plaintiff to a more difficult standard because the plaintiff has a more robust factual record at her disposal.  However, the Third Circuit has not required anything more than a "modest factual showing" at this initial stage, *Halle*, 842 F.3d at 224 (quoting *Zavala*, 691 F.3d at 536 n.4), and, in this instance, the Court does not find it appropriate to apply a more rigorous standard.

Alternatively, CLS argues that, even if the lenient standard were applied, Ms. Weinmann has still failed to establish that the putative collective is similarly situated.  The Court disagrees.  At this initial stage, Ms. Weinmann need only show that the putative members were "the victims of a single decision, policy, or plan." *Fischer v. Fed. Express Corp.*, 509 F. Supp. 3d 275, 283 (E.D. Pa. 2020) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 388 (3d Cir. 2007)), *aff'd*, 42 F.4th 366 (3d Cir. 2022); *see also Zavala*, 691 F.3d at 538 ("Being similarly situated . . . . means that one is subjected to some common employer practice that, if proved, would help demonstrate a

violation of the FLSA."). A plaintiff can meet this low bar when she produces evidence that putative members "were paid in the same manner." *Fischer*, 509 F. Supp. 3d at 283. Ms. Weinmann has done so. She relies on the uniform pay policy that CLS uses for all title agents, right-of-way agents, and supervisors. *See, e.g.*, ECF No. 60-3, 60-4, 60-5. Although certain differences exist between title agents, research agents, and supervisors, the uniform pay policy is sufficient at this initial stage.

Despite this uniform pay policy, CLS contends that Ms. Weinmann has not met the required modest factual showing because she has failed to establish that the pay-rate violates the FLSA. In addition, she argues that each category of worker (right of way versus title agent versus supervisor) requires individualized inquiries into their exemption status. As noted elsewhere, these arguments "address the *merits* of [Ms. Weinmann's] claims, not the *commonality* of the alleged policies" and, thus, are "more properly considered at the second stage of the certification inquiry or on a motion for summary judgment." *Viscomi*, 2016 WL 1255713, at *4.

Finally, the parties dispute whether there is personal jurisdiction over CLS for a nationwide collective action. Ms. Weinmann argues that the Court has general personal jurisdiction over CLS pursuant to 42 P.S. § 5301 because CLS has registered to do business in Pennsylvania. However, "registrations in Pennsylvania as foreign corporations are not sufficient to establish general personal jurisdiction." *Kovalev v. Lab'y Corp. of Am. Holdings*, No. 22-0552, 2023 WL 2163860, at *5 (E.D. Pa. Feb. 22, 2023); *see also Young v. Wells Fargo Auto*, No. 22-4509, 2023 WL 1071649, at *3 (E.D. Pa. Jan. 27, 2023) ("[S]imply transacting business in the state does not make a corporation 'at home' there."). Indeed, the Supreme Court has stressed that "[t]he paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014) (citing *Goodyear Dunlop*

*Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)); *see also Hannah v. Johnson & Johnson Inc.*, No. 18-10319, 2020 WL 3497010, at *16 (D.N.J. June 29, 2020) ("[F]or the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of incorporation."). Here, CLS is organized under the laws of Delaware and has a principal place of business in Texas. Thus, Delaware and Texas are the only two fora where Ms. Weinmann can assert general personal jurisdiction over CLS.

As for specific personal jurisdiction, in the FLSA context, "opt-in plaintiffs are required to demonstrate the court has personal jurisdiction with respect to each of their claims." *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 376 (3d Cir. 2022). Thus, each opt-in plaintiff's claim must "arise out of or relate to [CLS's] minimum contacts" with the forum state. *Id.* at 382. Such a showing must be made at the conditional certification stage. *See id.* at 371, 388 (affirming a district court's decision that evaluated specific personal jurisdiction at the conditional certification stage). Absent a showing that an out-of-state plaintiff's claim arises from or relates to an employer's minimum contacts with the forum state, which Ms. Weinmann has not provided, courts have found "in-state employment [to be] a good proxy for specific jurisdiction." *Fogg v. Clean Harbors Env't Servs., Inc.*, No. 21-7626, 2023 WL 1794836, *5 (D.N.J. Feb. 7, 2023); *see also Fischer*, 509 F. Supp. 3d at 291 (conditionally certifying only those putative members who were employed in the forum state), *aff'd*, 42 F.4th 366 (3d Cir. 2022). Therefore, the Court will conditionally certify the following collective action:

> All Right of Way Agents, including title agents, right-of-way agents, and supervisors, who worked in Pennsylvania for, or on behalf of, CLS who were paid a day rate with no overtime in the past three years from _____, 2020[3] to the present (the Day-Rate ROW Agents).

---

[3] At this initial stage, Ms. Weinmann may include three years back from the date that the Notice and Consent forms are sent. However, the Court notes that the statute of limitations for an opt-in plaintiff in an FLSA collective action is two years from the date of opting in. *See Tyger v. Precision Drilling Corp.*, 832 F. App'x 108, 115 n.12 (3d Cir. 2020). If there is a finding of willfulness, then it is three years from the date of opting in. *See id.* at 115.

To that end, the Court will also dismiss without prejudice the plaintiffs who have already opted into this litigation whose claims have no connection to the forum state. This includes Jennifer Crager, Vaughn Deen, Blair Ebersold, Christian Hollenkamp, Bridgett Minogue, Brittany Minogue, Laird Scheer, and Douglas Sexton. *See* ECF No. 63-3 ¶ 13. Ms. Weinmann argues that CLS waived its personal jurisdiction argument by failing to include it in either a Rule 12 motion or a responsive pleading. However, the Court finds that CLS did not waive the defense of personal jurisdiction, which must be "timely asserted by motion or answer." *Zelson v. Thomforde*, 412 F.2d 56, 58 (3d Cir. 1969); *see also* Fed. R. Civ. P. 12(b) (requiring disputes over personal jurisdiction to be included in a motion or responsive pleading). After each of these individuals joined this action, CLS included the following in its Answer and Amended Answer: "[T]his Court lacks personal jurisdiction with respect to putative collective action members who are not based in Pennsylvania and/or whose FLSA claims do not arise out of or relate to CLS' minimum contacts with Pennsylvania." ECF No. 29 ¶ 150; *see also* ECF No. 52 ¶ 149. Accordingly, because CLS did not waive this defense, all current opt-ins are dismissed for lack of personal jurisdiction. These workers may file suit in the appropriate forum, notwithstanding any procedural or substantive issues that may exist with their claims.

That said, in all other respects, Ms. Weinmann has made the requisite modest showing that the putative collective action, albeit with the above geographical restriction, is similarly situated, and the Court will authorize notice to these workers.

> **B.    Exercising its Discretion, the Court Will Overrule in Part and Sustain in Part CLS's Objections to Ms. Weinmann's Proposed Notice and Consent Forms**

Ms. Weinmann has attached her proposed Notice and Consent forms to send to putative members. In its briefing, CLS has raised seven objections to these proposed forms. As a backdrop,

10

it is well-established that specifics regarding the manner and implementation of notice are within the discretion of the district court. *Sperling v. Hoffman-La-Roche Inc.*, 862 F.2d 439, 447 (3d Cir. 1988), *aff'd and remanded sub nom Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). Exercising this discretion, the Court has attached the Notice and Consent forms to be sent to putative members consistent with the Court's reasoning below. The attached Notice and Consent forms also resolve certain objections by CLS that it attached as a redlined document but did not address in its briefing. ECF No. 63-29. For the seven objections that CLS has briefed, the Court will OVERRULE IN PART and SUSTAIN IN PART its objections for the following reasons.

First, CLS objects to including the phrase "time is of the essence" because it could pressure individuals to join the collective. However, courts have recognized that "time is of the essence for the purposes of FLSA notice because the statute of limitations is not tolled until a potential plaintiff opts into the proposed collective action." *Taylor v. Pittsburgh Mercy Health Sys., Inc.*, No. 09-377, 2009 WL 1324045, at *1 (W.D. Pa. May 11, 2009) (Bissoon, then-M.J.) (cleaned up). Indeed, plaintiffs are routinely barred from pursuing claims under the FLSA because they failed to opt-in in a timely manner. *See, e.g.*, *Perella v. Colonial Transit, Inc.*, 148 F.R.D. 147, 149 (W.D. Pa. 1991) (Standish, J.); *Carts v. Wings Over Happy Valley MDF, LLC*, No. 4:17-cv-00915, 2023 WL 373175, at *4 n.5 (M.D. Pa. Jan. 24, 2023). Accordingly, CLS's first objection is OVERRULED.

Second, CLS objects to statements that (i) the Court has "allowed or certified" a collective action lawsuit; (ii) "authorized" notice; and (iii) "determined" putative members are "entitled to make an informed choice" because these statements "give 'the erroneous impression that maintenance of the action has a judicial imprimatur of approval.'" ECF No. 63 at 25 (quoting *Sperling*, 862 F.2d at 447). The Court agrees that any assertion that it has already allowed or certified a collective action is inaccurate. Therefore, Ms. Weinmann shall state that the Court has

11

"conditionally 'certified' a collective action." That said, it is accurate to state that notice has been authorized, so Ms. Weinmann need not alter any statement that notice has been authorized. Finally, CLS objects to the paragraph in section one that the Court has "determined" that putative members "are entitled to make an informed choice" about whether they participate in the litigation. The Court does not find there to be anything erroneous about this paragraph. Accordingly, CLS's second objection is OVERRULED IN PART and SUSTAINED IN PART.

Third, CLS objects that the Notice does not inform putative members that they may be required to participate in discovery nor does it include the contact information for CLS' counsel. After conditional certification, "the parties conduct certification-related discovery" to determine "whether the opt-ins are 'similarly situated' to the named plaintiffs." *Halle*, 842 F.3d at 225–26. Thus, putative members should be informed that they may be subjected to some discovery. In addition, the Court will require the notice to include CLS's counsel's contact information. *See, e.g.*, *Thomas v. Walmart, Inc.*, No. 18-4717, 2019 WL 7041809, at *4 (E.D. Pa. Dec. 19, 2019) (doing same). Accordingly, CLS's third objection is SUSTAINED.

Fourth, CLS objects to statements that Ms. Weinmann's counsel should be contacted if any opt-in plaintiff "suspect[s] retaliation" because, according to CLS, these references are inflammatory, are irrelevant, and constitute an impermissible solicitation. ECF No. 66 at 25. Courts regularly include an anti-retaliation provision in the notice for FLSA collective actions. *See, e.g.*, *Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F. Supp. 3d 567, 573 (D.N.J. 2014); *McDonnell v. KRG Kings*, No. 20-CV-1060-CCW, ECF No. 26-1 at 4 (W.D. Pa. Feb. 12, 2021). The FLSA has an anti-retaliation provision "to encourage employees to assert their rights without fear of economic relation which might often operate to induce aggrieved employees to quietly accept substandard conditions." *Uronis v. Cabot Oil & Gas Corp.*, 49 F.4th 263, 269 (3d Cir.

2022) (cleaned up). Thus, informing putative members of this principle is neither inflammatory nor irrelevant. Therefore, the section advising plaintiffs of the prohibition against retaliation is permissible. However, the Court will eliminate statements about contacting Ms. Weinmann's counsel if any retaliation is suspected. Accordingly, CLS's fourth objection is SUSTAINED IN PART and OVERRULED IN PART.

Fifth and sixth, CLS objects to multiple methods of notice and any follow-up via telephone or text. Elsewhere, this Court has held that "it is appropriate in the modern digital age to distribute notice by mail, email, and text, because although people frequently move and change addresses, they typically retain the same email addresses and phone numbers." *Wintjen v. Denny's, Inc.*, No. 2:19-CV-00069-CCW, 2021 WL 5370047, at *19 (W.D. Pa. Nov. 18, 2021) (quoting *Belt v. P.F. Chang's China Bistro, Inc.*, No. 18-3831, 2020 WL 3829026, at *9 (E.D. Pa. July 8, 2020)), *petition denied*, No. 21-8051, 2022 WL 1746841 (3d Cir. Jan. 12, 2022)). In addition, courts have found that reminder notice "is a neutral communication that does recommend [collective] participation and is reasonable to distribute." *Belt*, 2020 WL 3829026, at *9. Accordingly, CLS's fifth and sixth objections are OVERRULED.

Seventh, CLS objects to the paragraph in the consent form, which provides: "I authorize the Plaintiff's lawyers to use this consent to re-file my claim in a separate lawsuit or arbitration." ECF No. 63 at 25 (citing ECF No. 65-29 at 8). CLS argues that opt-in plaintiffs should provide additional authorizations before including them in separate lawsuits. The Court agrees with CLS. This Court is only authorizing notice for participation in this action. Accordingly, CLS's seventh objection is SUSTAINED.

IV. **Conclusion**

For the foregoing reasons, Ms. Weinmann's Motion for Conditional Certification and Court Authorized Notice, ECF No. 59, is hereby GRANTED IN PART, such that the Court has

conditionally certified a collective action and authorize notice, and DENIED IN PART, such that the collective action is limited to those putative members who worked in Pennsylvania.

IT IS HEREBY ORDERED that the following proposed collective shall be conditionally certified pursuant to 29 U.S.C. § 216(b):

> All Right of Way Agents, including title agents, right-of-way agents, and supervisors, who worked in Pennsylvania for, or on behalf of, CLS who were paid a day rate with no overtime in the past three years from _____, 2020 to the present (the Day-Rate ROW Agents).

IT IS FURTHER ORDERED that Ms. Weinmann is authorized to send the Notice and Consent forms pursuant to the Court's attachment.

DATED this 8th day of June, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record