UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| GAYL WEINMANN, Individually and for Others Similarly Situated, | § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| | | CASE NO. 2:22-cv-01140-CCW |
| v. | | |
| CONTRACT LAND STAFF, LLC, | | |
| *Defendant*. | | |

## JOINT STATUS REPORT ON COURT-ORDERED MEET AND CONFER

Plaintiff Gayl Weinmann ("Plaintiff") and Defendant Contract Land Staff, LLC ("CLS") jointly file this Joint Status Report on Court-Ordered Meet and Confer, in accordance with this Court's June 8, 2023 Text Order. (*See* Doc. 72.) Specifically, the Court ordered the parties to meet and confer regarding certain topics following this Court's Opinion and Order granting in part Plaintiff's Motion for Conditional Certification and Court-Authorized Notice ("Order"). (*Id.*; *see also* Docs. 71, 71-1.) The parties conferred regarding the specific topics and respectfully submit the following report:

1. **The parties' proposed dates for disseminating notice to putative members of the FLSA collective.**

CLS provided Plaintiff the list of potential plaintiffs to whom notice should be sent in accordance with the Court's Order on June 14, 2023. Accordingly, no later than June 28, 2023, Plaintiff's counsel will serve the Court-Approved Notice ("Notice") on each putative class member by first class mail, text message, and personal email, with a reminder notice for those putative class members who have not returned a signed Consent form no later than July 28, 2023. (*See* Doc. 71-1.) The parties agree that each of the Court-approved methods of service (i.e., first class mail, email, text, and telephone calls for undeliverable mail) shall be used once per putative class member, unless a reminder notice is permitted (in which case each of the Court-approved methods of service shall be

1

permitted twice). Further, the parties agree that the Notice shall not be sent to the putative class members' CLS email address. Finally, the parties agree that from the date that the Notice is sent by first class mail or email, the putative class members will have no more than sixty (60) days to file a Consent form and thereby join the lawsuit.

The Parties agree that those putative class members who joined the Fair Labor Standards Act ("FLSA") settlement in *Cosmo Clark v. Contract Land Staff, LLC*, C.A. No. 4:20-cv-02620, in the United States District Court for the Southern District of Texas ("*Clark*"), whose employment with CLS ended prior to such putative class member signing the release of wage and hour claims in *Clark* not be permitted to receive the Notice in this case, because their wage and hour claims have been completely released.

2. **Whether the parties prefer to engage in alternative dispute resolution during the notice period or alternatively, within two weeks of the expiration of the opt-in period.**

Plaintiffs believe that ADR is appropriate as soon as the notice period is closed. ADR should not be delayed for dispositive motions.

CLS maintains that, based on previous ADR conducted in a related, previously filed case, any ADR process during the notice period would be futile. CLS also believes that ADR closely following the expiration of the opt-in period would be premature. Alternatively, CLS asks that if the parties must be ordered to engage in the ADR process, that such participation be delayed until this Court enters a ruling on CLS' anticipated motion seeking decertification of the putative FLSA collective action.

3. **Any other topics for which the parties believe the Court needs to set deadlines at this time, including the parties' position on how the notice deadlines for the FLSA collective will or will not interact with the 8/11/2023 existing deadline for discovery relating to potential certification of a Rule 23 class.**

The parties dispute the appropriate discovery deadlines given the Court's recent rulings. The parties do agree to extend the Rule 23 class discovery deadline by one month. CLS may file a Motion to Amend the Scheduling Order, if the parties are not able to resolve these disputes regarding additional

deadlines, which includes the Rule 23 class discovery deadline.

Specifically, CLS maintains, in light of the overlapping discovery needs and points of proof for class certification under the respective standards, the current Rule 23 class discovery deadline, and corresponding expert disclosure deadlines, should be extended beyond one month to coincide with the timing of FLSA-related discovery, such that Rule 23 class certification and FLSA decertification discovery occur simultaneously. Based on this Court's prior Order Granting Partial Motion to Dismiss filed by CLS (Doc. 39), which dismissed Plaintiff's Illinois Wage Payment & Collection Law claim, and the Court's finding that it lacks personal jurisdiction over putative collective action members who did not work for CLS in Pennsylvania (Doc. 71), any purported class under the FLSA or Rule 23 will consist of the same Pennsylvania CLS employees. Thus, discovery and rulings related to anticipated motions for Rule 23 class certification and decertification under the FLSA will be dependent on the same propounded discovery.

Plaintiffs contend that CLS' request to modify the scheduling order should be denied. CLS has failed to satisfy the factors of Fed. R. Civ. P. 16. CLS' desire to delay Rule 23 certification discovery by seven (7) months is based solely on the argument that there will be overlapping discovery. That was true when this Court originally set the schedule that CLS seeks to modify. Indeed, Rule 23 certification must occur before there is a ruling on any dispositive motion, otherwise it could create a scenario that violates the doctrine of one-way intervention. Given that the size of the class is between 40 and 50 people as a result of the Court's rulings on dismissal and personal jurisdiction, discovery should be that much simpler to conduct. As a result, there is no basis to delay discovery or postpone Rule 23 certification. As a compromise, Plaintiffs have already agreed to a month extension of the discovery deadline in dispute.

Respectfully submitted,

| | |
|---|---|
| **JOSEPHSON DUNLAP LLP** | **MCGUIREWOODS LLP** |
| By: */s/ Andrew W. Dunlap* | By: */s/ Meghaan C. Madriz* |
| **Michael A. Josephson** | **Adam T. Simons** |
| mjosephson@mybackwages.com | asimons@mcguirewoods.com |
| PA ID No. 308410 | PA ID. No. 322256 |
| **Andrew W. Dunlap** | MCGUIREWOODS LLP |
| adunlap@mybackwages.com | 500 East Pratt Street, Suite 1000 |
| Texas Bar No. 24078444 | Baltimore, Maryland 21202 |
| **Richard M. Schreiber** | 410-659-4417 |
| rschreiber@mybackwages.com | |
| Texas Bar No. 24056278 | **Meghaan C. Madriz** |
| JOSEPHSON DUNLAP LLP | mmadriz@mcguirewoods.com |
| 11 Greenway Plaza, Suite 3050 | Texas Bar No. 24070241 |
| Houston, Texas 77046 | S.D. Tex. No. 1062431 |
| 713-352-1100 – Telephone | MCGUIREWOODS LLP |
| 713-352-3300 – Facsimile | 600 Travis Street, Suite 7500 |
| | Houston, Texas 77002 |
| **Richard J. (Rex) Burch** | (832) 255-6365 Telephone |
| rburch@brucknerburch.com | (832) 214-9935 Facsimile |
| Texas Bar No. 24001807 | |
| BRUCKNER BURCH PLLC | **Attorneys for Defendant Contract Land Staff, LLC** |
| 11 Greenway Plaza, Suite 3025 | |
| Houston, Texas 77046 | |
| 713-877-8788 – Telephone | |
| 713-877-8065 – Facsimile | |
| | |
| **Joshua P. Geist** | |
| josh@goodrichandgeist.com | |
| PA Bar No. 85745 | |
| GOODRICH & GEIST, P.C. | |
| 3634 California Avenue | |
| Pittsburgh, PA 15212 | |
| Tel: (412) 766-1455 | |
| Fax: (412) 766-0300 | |
| | |
| **Attorneys for Plaintiff Gayl Weinmann** | |