# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | |
|---|---|
| GAYL WEINMANN, Individually and for Others Similarly Situated,<br><br>v.<br><br>CONTRACT LAND STAFF, LLC | Case No. 2:22-CV-1140<br><br>Collective Action (29 U.S.C. § 216(b))<br><br>Class Action (Fed. R. Civ. P. 23) |

## MEMORANDUM OF LAW IN SUPPORT OF WEINMANN'S MOTION FOR CLASS CERTIFICATION

**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew Dunlap**
Texas Bar No. 24078444
**Richard M. Schreiber**
Texas Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**Joshua P. Geist**
PA Bar No. 85745
**GOODRICH & GEIST, P.C.**
3634 California Avenue
Pittsburgh, PA 15212
Tel: (412) 766-1455
Fax: (412) 766-0300
josh@goodrichandgeist.com

**ATTORNEYS FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**

## TABLE OF CONTENTS

Table of Contents ..................................................................................................................i

Table of Authorities ..............................................................................................................ii

Table of Exhibits ..................................................................................................................iv

A.  Introduction. ...............................................................................................................1

B.  Legal Standard. ..........................................................................................................1

C.  Weinmann Satisfies All Requirements for Rule 23 Class Certification. ...................2

    1.  The proposed class is ascertainable. ...................................................................2

    2.  All Rule 23(b)(a) factors are satisfied. ................................................................3

        a.  Numerosity. ...................................................................................................3

        b.  Typicality. .....................................................................................................4

        c.  Adequate Representation. .............................................................................4

    3.  Rule 23(b)(3) is satisfied. .....................................................................................5

        a.  Predominance. ...............................................................................................5

        b.  Superiority. ...................................................................................................8

D.  Plaintiff's Counsel Should be Appointed Class Counsel. .........................................8

E.  Proposed Class Notice. ..............................................................................................9

F.  Conclusion. ...............................................................................................................10

CERTIFICATE OF CONFERENCE ..................................................................................11

CERTIFICATE OF SERVICE ............................................................................................11

## TABLE OF AUTHORITIES

Cases

*Bland v. PNC Bank, NA.*,
  No. 2:15-CV-01042-AJS, 2016 WL 10520047 (W.D. Pa. Dec. 16, 2016)..........................................8
*Copley v. Evolution Well Servs. Operating, LLC*,
  2:20-CV-01442-CCW, 2023 WL 1878581, at *5 (W.D. Pa. Feb. 10, 2023)..............................3, 4, 5, 8
*Danvers Motor Co., Inc. v. Ford Motor Co.*,
  543 F.3d 141 (3d Cir. 2008) .....................................................................................................2
*Ferreras v. Am. Airlines, Inc.*,
  946 F.3d 178 (3d Cir. 2019) ................................................................................................. 2, 5
*Gonzalez v. Corning*,
  885 F.3d 186 (3d Cir. 2018) .....................................................................................................6
*Helix Energy Sols. Grp., Inc. v. Hewitt*,
  598 U.S. 39, 44 (2023) ..............................................................................................................7
*In re Chocolate Confectionary Antitrust Litig.*,
  289 F.R.D. 200 (M.D. Pa. 2012) ..............................................................................................5
*In re Modafinil Antitrust Litig.*,
  837 F.3d 238 (3d Cir. 2016) ............................................................................................. 1, 2, 3
*In re NFL Players Concussion Injury Litig.*,
  821 F.3d 410 (3d Cir. 2016) .....................................................................................................4
*In re Warfarin Sodium Antitrust Litig.*,
  391 F.3d 516 (3d Cir. 2004) .....................................................................................................8
*Koenig v. Granite City Food & Brewery, Ltd.*,
  No. 16-1396, 2017 WL 2061408 (W.D. Pa. May 11, 2017)..................................................8
*Krell v. Prudential Ins. Co. of Am.*,
  148 F.3d 283 (3d Cir. 1998) .....................................................................................................8
*Marcus v. BMW of N.A., LLC*,
  687 F.3d 583 (3d Cir. 2012) ................................................................................................. 2, 6
*Mullane v. Central Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950).................................................................................................................9
*New Directions Treatment Servs. v. City of Reading*,
  490 F.3d 293 (3d. Cir. 2007) ....................................................................................................5
*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  259 F.3d 154 (3d Cir. 2001) .....................................................................................................4
*Reinig v. RBS Citizens, N.A.*,
  912 F.3d 115 (3d Cir. 2018) ........................................................................................ 1, 2, 5, 6
*Ripley v. Sunoco, Inc.*,
  287 F.R.D. 300 (E.D. Pa. 2012) ..............................................................................................8
*Stewart v. Abraham*,
  275 F.3d 220 (3d Cir. 2001) .....................................................................................................3
*Tyson Foods, Inc. v. Bouaphakeo*,
  577 U.S. 442 (2016).............................................................................................................6, 7
*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011).................................................................................................................1
*Wintjen v. Denny's, Inc.*,
  2:19-CV-00069-CCW, 2021 WL 5370047, at *8 (W.D.Pa. Nov. 18, 2021)..................passim

Rules

FED. R. CIV. P. 23 .................................................................................................................. 1, 2, 9
FED. R. CIV. P. 23(a) ............................................................................................................... 1, 2, 3
FED. R. CIV. P. 23(a)(1) ................................................................................................................ 3
FED. R. CIV. P. 23(a)(2) ................................................................................................................ 2
FED. R. CIV. P. 23(a)(3) ................................................................................................................ 4
FED. R. CIV. P. 23(a)(4) ................................................................................................................ 4
FED. R. CIV. P. 23(b) ................................................................................................................. 1, 3
FED. R. CIV. P. 23(b)(3) ......................................................................................................... 2, 5, 8
FED. R. CIV. P. 23(c)(2) ................................................................................................................ 9
FED. R. CIV. P. 23(c)(2)(B) ....................................................................................................... 9, 10
FED. R. CIV. P. 23(c)(3) .............................................................................................................. 10
FED. R. CIV. P. 23(g)(1)(A) ........................................................................................................... 9
FED. R. CIV. P. 23(g) .................................................................................................................... 8
FED. R. CIV. P. 23(g)(1)(B) ....................................................................................................... 8, 9

Regulations

29 C.F.R. § 541.100(a)(1) ............................................................................................................. 6
29 C.F.R. § 541.200(a)(1) ............................................................................................................. 6
34 Pa.Code § 231.83(3) ................................................................................................................. 6
34 Pa.Code § 231.82(4) ................................................................................................................. 6

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| 1 | Proposed Notice Form |
| 2 | CLS Discovery Response Excerpts |
| 3 | Declaration of Richard Schreiber |
| 4 | Excerpts of Deposition of Lesley Buentello |
| 5 | Employee Placement Form (Gayl Weinmann) |
| 6 | Employee Placement Form (Edward Williams) |
| 7 | Excerpts from Deposition of Jerod Mickelson |
| Doc. 60-3 | Employee Placement Form (Jennifer Crager) |
| Doc. 60-4 | Employee Placement Form (Christian Hollenkamp) |
| Doc. 60-5 | Employee Placement Form (M. Larid Scheer) |
| Doc. 60-6 | Declaration of Gayl Weinmann |
| Doc. 60-7 | Declaration of Jennifer Crager |
| Doc. 60-8 | Declaration of Brittney Minogue |
| Doc. 60-9 | Declaration of M. Laird Scheer |

**A.    INTRODUCTION.**

Weinmann filed this suit "to recover the unpaid overtime wages and other damages owed to" her and other CLS Right of Wage (ROW) Agents. Doc. 26 ¶ 8. Weinmann says she "and the Class Members were non-exempt and should have received overtime compensation." *Id.* ¶ 35. "Instead of receiving overtime as required by the FLSA, PMWA, IMWL, and IWPCA, these workers received a flat amount for each day worked (a 'day rate') without overtime compensation." *Id.* ¶ 5.[1] On June 8, 2023, the Court conditionally certified a collective of CLS ROW Agents for their FLSA claims. Doc. 71. Weinmann now requests the Court certify the following class under the Pennsylvania Minimum Wage Act (PMWA): **All Right of Way Agents who worked for CLS who were paid a day rate with no overtime in the past three years in Pennsylvania (PA Class Members).** Weinmann further requests the Court approve her proposed notice form attached as Exhibit 1. Weinmann's evidence meets and surpasses the standard for class certification. Thus, the Court should grant Weinmann's motion for class certification.

**B.    LEGAL STANDARD.**

"A lawsuit may only be certified as a class action if the requirements of Federal Rule of Civil Procedure 23 are satisfied." *Wintjen v. Denny's, Inc.,* 2:19-CV-00069-CCW, 2021 WL 5370047, at *8 (W.D. Pa. Nov. 18, 2021), *petition denied,* 21-8051, 2022 WL 1746841 (3d Cir. Jan. 12, 2022) (citing *Reinig v. RBS Citizens, N.A.,* 912 F.3d 115, 124–25 (3d Cir. 2018) & *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 348 (2011)). "Courts determine whether class certification is appropriate by conducting a two-step analysis." *Id.* "First, the court must assess whether plaintiff has satisfied the prerequisites of Rule 23(a), and then it must determine whether plaintiff has met the requirements of either Rule 23(b)(1), (2), or (3)." *Id.* (citing *In re Modafinil Antitrust Litig.*, 837 F.3d 238, 248 (3d Cir. 2016)).

---

[1] CLS's day-rate pay practice is more fully described in Weinmann's brief in support of her motion for conditional certification. Doc. 60 at 1-2.

1

To satisfy Rule 23(a), plaintiff must show: (1) numerosity; (2) commonality; (3) typicality; and (4) adequate representation *Id.* (citing FED. R. CIV. P. 23(a)(1)–(4)). "Here, Ms. [Weinmann] seeks certification under Rule 23(b)(3) …, which requires a finding 'that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Id.* (quoting FED. R. CIV. P. 23(b)(3)). "Because the commonality and predominance requirements are closely linked, where an action is to proceed under Rule 23(b)(3), the commonality requirement in Rule 23(a)(2) is subsumed by the predominance requirement." *Id.* (cleaned up); *see also Ferreras v. Am. Airlines, Inc.*, 946 F.3d 178, 185 (3d Cir. 2019) & *Danvers Motor Co., Inc. v. Ford Motor Co.*, 543 F.3d 141, 148 (3d Cir. 2008)). In addition, "ascertainability functions as a necessary prerequisite (or implicit requirement) because it allows a trial court effectively to evaluate the explicit requirements of Rule 23; accordingly, a plaintiff seeking class certification under Rule 23(b)(3) must also establish that the proposed class is 'ascertainable,' meaning that (1) the class is defined with reference to objective criteria; and (2) there is a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Id.* (cleaned up).

"[I]f [the Court] is satisfied, 'after a rigorous analysis,' that the plaintiffs 'established each element of Rule 23 by a preponderance of the evidence[,]'" it should certify the class. *Reinig*, 912 F.3d at 125 (quoting *Marcus v. BMW of N.A., LLC*, 687 F.3d 583, 591 (3d Cir. 2012)).

**C.    WEINMANN SATISFIES ALL REQUIREMENTS FOR RULE 23 CLASS CERTIFICATION.**

    **1.    The proposed class is ascertainable.**

Again, "to establish that the proposed class is ascertainable, a plaintiff must show that (1) the class is defined with reference to objective criteria; and (2) there is a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Wintjen,* 2021 WL 5370047, at *9 (cleaned up). Both are satisfied here. First, "the proposed class is

2

defined using objective criteria, namely whether a putative class member worked in Pennsylvania for [CLS] [as a Right of Way Agent] during the class period." *Id.* Second, CLS "maintains records of its … employees, [which] provide[] 'a reliable and administratively feasible mechanism' for determining class membership." *Id.* For example, CLS was ordered to produce (and did produce) a list of its "Right of Way Agents, including title agents, right-of-way agents, and supervisors, who worked in Pennsylvania [and] were paid a day rate with no overtime in the past three years from [June 30], 2020 to the present." Doc. 71 at 14 (3 years back from the date notice went out). By producing that list, CLS demonstrated the putative class members are ascertainable. Moreover, when CLS was asked to identify all putative class members, it didn't say it could not ascertain which employees fall into the putative class. Ex. 2, Interrogatory No. 6. Thus, "[t]he Court [should] find[] that the proposed class is ascertainable." *Wintjen,* 2021 WL 5370047, at *9.

    **2.**    **All Rule 23(b)(a) factors are satisfied.**

        **a.**    **Numerosity.**

"A plaintiff satisfies Rule 23(a)'s numerosity requirement if 'the class is so numerous that joinder of all members is impracticable.'" *Id.* (quoting FED. R. CIV. P. 23(a)(1)). "[T]he Third Circuit has held that a proposed class of over forty members generally sufficiently establishes numerosity." *Copley v. Evolution Well Servs. Operating, LLC,* 2:20-CV-01442-CCW, 2023 WL 1878581, at *5 (W.D. Pa. Feb. 10, 2023) (citing *Stewart v. Abraham,* 275 F.3d 220, 226–27 (3d Cir. 2001)); *see also Wintjen,* 2021 WL 5370047, at *9; *In re Modafinil Antitrust Litig.,* 837 F.3d at 249–250. Here, the PA Class will be composed of at least 47 class members. Both the PA Class and the FLSA class (as approved by the Court, *see* Doc. 71 at 14) include all CLS ROW Agents who worked for CLS in Pennsylvania. And the FLSA Class list produced by CLS contained 47 ROW Agents. At any given time, CLS could have 18 to 40 ROW agents in Pennsylvania. Ex. 7, Deposition of Jerod Mickelson, at 36:24 to 37:10. The Court should find that Weinmann has satisfied the numerosity requirement.

### b. Typicality.

"Under Rule 23(a)(3), the named plaintiff's claims must be 'typical of the claims ... of the class.'" *Id.* (quoting FED. R. CIV. P. 23(a)(3)). "[C]laims are typical when 'there is a strong similarity of legal theories' or 'where the claim arises from the same practice or course of conduct.'" *Copley,* 2023 WL 1878581, at *5 (quoting *In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 428 (3d Cir. 2016)). The typicality "requirement ensures the interests of the class and the class representatives are aligned so that the latter will work to benefit the entire class through the pursuit of their own goals." *Wintjen,* 2021 WL 5370047, at *9 (cleaned up); *see also In re NFL Players Concussion Injury Litig.*, 821 F.3d at 427–28; *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 182–83 (3d Cir. 2001)). "The Third Circuit has set a low threshold for typicality, such that even relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories or where the claim arises from the same practice or course of conduct." *Id.* (cleaned up).

"Here, both of those conditions are met: the claims of Ms. [Weinmann] and the putative class members are based on the same legal theory (*i.e.* [CLS] failed to pay them overtime despite regularly working more than 40 hours a week, Doc. 26 ¶¶ 3-4]) and arise from the same practice or course of conduct (*i.e.* [CLS's] allegedly deficient company-wide [day-rate policy]). *Id.* at *10; *see also Copley,* 2023 WL 1878581, at *5. What's more, Ms. Weinmann and the putative class members "seek the same relief for [CLS's] violations" [*id.*]—"the unpaid overtime wages and other damages owed to these workers," Doc. 26 ¶ 8. "As such, the Court [should] find[] that Ms. [Weinmann] has satisfied the typicality requirement." *Wintjen,* 2021 WL 5370047, at *10.

### c. Adequate Representation.

"Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." *Id.* "According to the Third Circuit, Rule 23(a)(4) adequacy is satisfied by showing that (1) Class Counsel is competent and qualified to conduct the litigation; and (2) class

4

representatives have no conflicts of interests." *In re Chocolate Confectionary Antitrust Litig.*, 289 F.R.D. 200, 218 (M.D. Pa. 2012) (citing *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 313 (3d. Cir. 2007)). Both are satisfied here. "[C]lass counsel is competent and qualified[.]" *Copley,* 2023 WL 1878581, at *5; *see* Ex. 3. Class counsel has "significant experience" and "have successfully resolving [numerous] wage-and-hour claims." *Id.*; *see* Ex. 3. "In addition, there do not appear to be any conflicts of interests." *Copley,* 2023 WL 1878581, at *5. In fact, Weinmann and the class members all seek monetary relief based on the same causes of action and legal theories. Weinmann will have to prove the same wrongful conduct as the class to establish her own claims. Moreover, Weinmann has demonstrated that she will pursue the legal claims of the class with vigor. Weinmann has pursued this case for over a year, now seeking class certification to help her fellow coworkers. Additionally, Weinmann has dutifully responded to written discovery, presented for deposition, and been in regular communication with her counsel throughout the discovery process. Weinmann has shown commitment to the class action process and is an adequate representative. As such, "the Court [should] find[] that Ms. [Weinmann] is an adequate class representative." *Wintjen,* 2021 WL 5370047, at *11.

    **3.**    **Rule 23(b)(3) is satisfied.**

        **a.**    **Predominance.**

"As noted above, 'where an action is to proceed under Rule 23(b)(3), the commonality requirement is subsumed by the predominance requirement.'" *Id.* (quoting *Ferreras,* 946 F.3d at 185). "This is because, although similar, the predominance requirement imposes a more rigorous obligation upon a reviewing court to ensure that issues common to the class predominate over those affecting only individual class members." *Id.* (cleaned up). "Accordingly, … the Court [should] 'analyze the two elements together.'" *Id.* (quoting *Reinig,* 912 F.3d at 127).

"The Rule 23(b)(3) predominance requirement 'asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-

defeating, individual issues.'" *Id.* (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016)). "An individual question is one where members of a proposed class will need to present evidence that varies member to member, while a common question is one where the same evidence will suffice for each member." *Bouaphakeo*, 577 U.S. at 453 (internal quotations and citations omitted). "At the class certification stage, the predominance requirement is met only if the district court is convinced that 'the essential elements of the claims brought by a putative class are capable of proof at trial through evidence that is common to the class rather than individual to its members.'" *Reinig*, 912 F.3d at 127–28 (quoting *Gonzalez v. Corning*, 885 F.3d 186, 195 (3d Cir. 2018)). In other words, the Court must look at the evidence upon which the case will turn. *See id.* at 128 (quoting *Marcus*, 687 F.3d at 600).

CLS will argue this case should not be certified because ROW Agents' duties varied. *See, generally,* Doc. 63. But "the common, aggregation-enabling, issues" are by far "more prevalent [and] important than" any "individual issues." *Bouaphakeo*, 577 U.S. at 453. That's because this case will be won or lost on whether CLS paid Weinmann and the putative class on a "salary basis." The PMWA requires employers to pay employees one and one-half times their regular rate of pay when they work over 40 hours in a workweek. 43 P.S. § 333.104(c). CLS admits it didn't. Doc. 29 ¶¶ 4, 41, 58, 93; Ex. 7, Michelson Depo. at 13:4-9 ("I mean, that's how we hire people, with the understanding they're going to be working on a – day basis."). It claims it didn't have to because Weinmann and the Class Members were exempt from the PMWA's overtime requirement. *Id.* ¶¶ 4, 41, 58, 93, 137. But to be exempt, the PMWA, like the FLSA, requires employees be paid on a "salary basis" to be exempt. *See* 34 Pa.Code §§ 231.82(4) (executive), 83(3) (administrative); *see also* 29 C.F.R. §§ 541.100(a)(1) (executive); 200(a)(1) (administrative). So if Weinmann and the Class Members were paid on a day-rate basis (as Mickelson says) and not a "salary basis," they will win this case.

Said differently, if Weinmann and the Class Members weren't paid on a "salary basis," they win even if there are differences in their job duties. And they weren't paid on a salary basis. As the

6

Supreme Court said earlier this year, "[t]he basic idea" is that an employee can only be exempt "if he receives a 'predetermined and fixed salary'—one that does not vary with the precise amount of time he works." *Helix Energy Sols. Grp., Inc. v. Hewitt,* 598 U.S. 39, 44 (2023). But CLS didn't pay its ROW Agents a "predetermined and fixed salary." Instead, it says it pays them a "salary that will be *approximately* 75% of [their] usual earnings." Ex. 5; Ex. 6; Ex. 7; Doc. 60-3; Doc. 60-4; Doc. 60-5 (employee placement forms, emphasis added). But even a CLS Vice President, Jerod Michelson, admits *approximately* 75% of a *usual* amount is not a "set amount" as required to constitute a salary.

```
16        Q.    Okay.  So it's not a set amount at
17   75 percent if it's approximately 75 percent;
18   correct?
19        A.    Yes.
```

Ex. 7 at 31:16-19; *see also* Ex. 7 at 31:1 to 32:19. Therefore it's not a guaranteed salary and the ROW Agents were not paid on a "salary basis."

And that "common, aggregation-enabling, issue[]" is the most "prevalent [and] important" issue in this case. *Bouaphakeo*, 577 U.S. at 453. It is ideal for class treatment. Even CLS's senior VP of human resources admits CLS paid all ROW Agents the same way. Ex. 4, Buentello Depo., at 5:22-24, 11:9-14, 12:1-4. She also confirmed that CLS relies on the same exemption—the administrative exemption—for all ROW Agents and title agents. *Id.* at 22:16-23:2. Similarly the VP of Utilities and Renewables confirmed they were all paid the same way. Ex. 7 at 68:2 to 68:16; 12:21 to 13:9; 36:4 to 36:8. ROW Agents also confirm they were all paid the same way. Doc. 60-6 ¶¶ 3-9, 15; Doc. 60-7 ¶¶ 3-9, 14-15; Doc. 60-8 ¶¶ 3-9, 14-15; Doc. 9 ¶¶ 3-9, 14-15. CLS's employee placement forms do to. Ex. 5; Ex. 6; Ex. 7; Doc. 60-3; Doc. 60-4; Doc. 60-5 The predominant issue—salary basis—should be decided on a class-basis.

### b.     Superiority.

"[T]he superiority component of Rule 23(b)(3) … requires 'a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Copley,* 2023 WL 1878581, at *6 (quoting FED. R. CIV. P. 23(b)(3)). "Courts 'balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication.'" *Id.* (quoting *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 533–34 (3d Cir. 2004) & *Krell v. Prudential Ins. Co. of Am.*, 148 F.3d 283, 316 (3d Cir. 1998)). A class action is superior in this case because, "[a]s courts presiding over other wage and hour cases of this type have observed, there is little incentive for Plaintiffs to bring their claims individually because the amount of recovery, if any, would be very small. Class actions are particularly appropriate in such cases." *Wintjen,* 2021 WL 5370047, at *15; *see, e.g., Koenig v. Granite City Food & Brewery, Ltd.*, No. 16-1396, 2017 WL 2061408 (W.D. Pa. May 11, 2017); *Ripley v. Sunoco, Inc.*, 287 F.R.D. 300, 310 (E.D. Pa. 2012). That's especially true given "that 'class members' interest in controlling their own claims is minimal in comparison to the cost of prosecuting those claims in separate lawsuits.'" *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d at 533–34 (quoting *Bland v. PNC Bank, NA.*, No. 2:15-CV-01042-AJS, 2016 WL 10520047 at *22 (W.D. Pa. Dec. 16, 2016)). "Requiring [forty-four] separately filed lawsuits would be inefficient, and there would be no guaranteed recovery for alleged unpaid wages." *Copley,* 2023 WL 1878581, at *6. "Therefore, the Court [should] find[] that a class action is superior to other available methods of adjudicating this matter." *Id.*

### D.     PLAINTIFF'S COUNSEL SHOULD BE APPOINTED CLASS COUNSEL.

Under Rule 23(g), a court certifying a class action must appoint class counsel. In appointing counsel, the Court must find counsel will "fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B). The Court "must consider (1) the work counsel has done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, (3) counsel's knowledge of the

8

applicable law, and (4) the resources counsel will commit to representing the class." FED. R. CIV. P. 23(g)(1)(A). The Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B).

Plaintiff's counsel is qualified in handling class action and collective wage claims and, considering the work her counsel has performed in investigating her claims and pursuing this litigation, counsels' experience and knowledge of the applicable law, and the financial resources that counsel has already committed and will continue to commit to this litigation, counsel is qualified to represent the class, and will fairly and adequately represent the interests of the class. *See* Ex. 3. The declaration of Richard Schreiber (Ex. 3) details Plaintiff's Counsels' extensive qualifications. Plaintiff's counsel have previously served and/or are serving as class counsel in scores of collective/class actions and/or putative collective and class actions throughout the country. *See id.* ¶¶ 5-8. Additionally, Josephson Dunlap, LLP and Bruckner Burch, PLLC are both well-known nationwide for their work on large, complex wage and hour cases. *Id.* Finally, through extensive investigation into the class allegations as well as the filing of this Motion, Plaintiff's counsel demonstrated their substantial work investigating Plaintiff's claims. Thus, the Court should appoint Mr. Josephson, Mr. Dunlap, Mr. Schreiber, and Mr. Burch as class counsel.

### E.     PROPOSED CLASS NOTICE.

In Federal Rule 23 cases, the form of notice to the class must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Rule 23(c)(2) sets specific requirements for the form of class notice.[2] Attached as Exhibit

---

[2] Pursuant to Rule 23(c)(2)(B): "[T]he court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail,

9

1, Plaintiff's proposed class notice sets forth, clearly and concisely, the information required by Rule 23(c)(2)(B). For these reasons, the notice is fair, reasonable, and adequate and consistent with due process. The Court should thus approve the notice as proposed and authorize notice be provided to the Class Members by mail, email, and text message as it ordered when granting conditional certification. *See* Doc. 71 at 13.

**F.    CONCLUSION.**

For these reasons, this Court should certify the proposed class and order notice in the form and by the methods requested.

>Respectfully submitted,
>
>By: */s/ Richard M. Schreiber*
>    **Michael A. Josephson**
>    Texas Bar No. 24014780
>    **Andrew Dunlap**
>    Texas Bar No. 24078444
>    **Richard M. Schreiber**
>    Texas Bar No. 24056278
>    **JOSEPHSON DUNLAP, LLP**
>    11 Greenway Plaza, Suite 3050
>    Houston, Texas 77046
>    Tel: (713) 352-1100
>    Fax: (713) 352-3300
>    mjosephson@mybackwages.com
>    adunlap@mybackwages.com
>    rschreiber@mybackwages.com
>
>    **Joshua P. Geist**
>    PA. I.D. No. 85745
>    **GOODRICH & GEIST, P.C.**
>    3634 California Ave.
>    Pittsburgh, PA 15212
>    Tel: (412) 766-1455
>    Fax: (412)766-0300

---

electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

10

josh@goodrichandgeist.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: 713-877-8788
Fax: 713-877-8065
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

This motion is necessary because Plaintiffs and Defendant cannot agree to the conditional certification of this matter.

*/s/ Richard M. Schreiber*
**Richard M. Schreiber**

## CERTIFICATE OF SERVICE

On October 13, 2023, I served a copy of this document on all registered parties and/or their counsel of record, via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

*/s/ Richard M. Schreiber*
**Richard M. Schreiber**